IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLIE SORRELL,<br><br>              Plaintiff,<br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>              Defendant. | Case No. 07-00854 (RWR) |

**DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO THE COMPLAINT**

Defendant District of Columbia ("the District"), by and through undersigned counsel, hereby answers the Complaint in the above-captioned matter. The District asserts that anything not specifically admitted herein is denied, and answers the Complaint as follows:

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

The District states the following in response to the individually numbered paragraphs in the Complaint:

### A. JURISDICTION AND VENUE

1) The allegations asserted in paragraph 1 of the Complaint are legal conclusions to which no response is required. The District acknowledges the statutes cited in paragraph 1 of the Complaint, but does not admit that jurisdiction is necessarily conferred therefrom.

2) The allegations asserted in paragraph 2 of the Complaint are legal conclusions to which no response is required. The District does not admit that venue is proper in this matter.

## B. THE PARTIES

3) The District admits that plaintiff is an employee of the D.C. Department of Corrections ("DOC"). The District is without sufficient information to admit or deny the remaining allegations contained in paragraph 3.

4) The District admits the allegations contained in paragraph 4.

## C. THE FACTS SUPPORTING PLAINTIFF'S CLAIMS

5) The District has insufficient information to admit or deny the allegations contained in paragraph 5 of the Complaint.

6) The District admits the allegations contained in paragraph 6.

7) The District admits the allegations contained in paragraph 7.

8) The District admits that plaintiff has been an "Acting Lieutenant" at times during her career. The District is without sufficient information to admit or deny the remaining allegations contained in paragraph 8.

9) The District has insufficient information to admit or deny the allegations contained in paragraph 9 of the Complaint.

10) The District admits the allegations contained in paragraph 10.

11) The District denies that Lorton was closed in 1999. The District admits that plaintiff was reassigned to D.C. Jail sometime in July 1999.

12) The District has insufficient information to admit or deny the allegations contained in paragraph 12 of the Complaint.

13) The District admits the allegations contained in paragraph 13.

14) The District has insufficient information to admit or deny the allegations contained in paragraph 14 of the Complaint.

15) The District states that Sergeants are non-supervisory and non-managerial positions at D.C. Jail. Without an explanation of the term "various posts," the District is without sufficient information to answer the remaining allegations of paragraph 15.

16) The District denies the allegations contained in paragraph 16.

17) The District admits the allegations contained in paragraph 17.

18) The District admits the allegations contained in paragraph 18.

19) The District denies the allegations contained in paragraph 19.

20) The District denies the allegations contained in paragraph 20.

21) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

22) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

23) The District admits that Ms. Haines is employed with DOC, and she is a female.

24) The District admits the allegations contained in paragraph 24.

25) The District admits that Sgt. Haines has supervisory authority over plaintiff when in the Acting Lieutenant position, and that plaintiff has supervisory authority over Sgt. Haines when she is in the Acting Lieutenant position. The District denies the remaining allegations contained in paragraph 25 of the Complaint.

26) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

27) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

28) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded..

29) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

30) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

31) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

32) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

33) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

34) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

35) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

36) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

37) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

38) The allegations asserted in paragraph 38 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 38 contains factual allegations; the District denies all factual allegations and demands strict proof thereof at trial.

39) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

40) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

41) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

42) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

43) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

44) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

45) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

46) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

47) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

48) The allegations asserted in paragraph 48 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 48 contains factual allegations; the District denies all factual allegations and demands strict proof thereof at trial.

49) The allegations asserted in paragraph 49 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 49 contains factual allegations; the District denies all factual allegations and demands strict proof thereof at trial.

50) The District has insufficient information to admit or deny the allegations contained in paragraph 50 of the Complaint.

51) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

52) The District denies the allegations contained in paragraph 52, and demands strict proof thereof at trial.

53) The District denies the allegations contained in paragraph 53, and demands strict proof thereof at trial.

54) The District denies the allegations contained in paragraph 54, and demands strict proof thereof at trial.

55) The allegations asserted in paragraph 55 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 55 contains factual allegations; the District denies all factual allegations and demands strict proof thereof at trial.

56) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

57) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57o the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

58) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

59) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

60) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

61) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

62) The allegations asserted in paragraph 62 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 62 contains factual allegations; the District denies all factual allegations and demands strict proof thereof at trial.

63) The allegations asserted in paragraph 63 of the Complaint are legal conclusions to which no response is required.

64) The allegations asserted in paragraph 64 of the Complaint are legal conclusions to which no response is required.

65) The allegations asserted in paragraph 65 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 65 contains factual allegations; the District denies all factual allegations and demands strict proof thereof at trial.

66) The allegations asserted in paragraph 66 of the Complaint are legal conclusions to which no response is required.

67) The District is without sufficient information to admit or deny the factual allegations contained in paragraph 67 of the Complaint.

68) The District admits that plaintiff filed a Charge of Discrimination on June 17, 2005. The District denies the remaining factual allegations contained in paragraph 68 and demands strict proof thereof at trial.

69) The District denies the allegations contained in paragraph 69.

70) The District is without sufficient information to admit or deny the factual allegations contained in paragraph 70 of the Complaint.

71) The District admits the allegations contained in paragraph 71.

72) The allegations asserted in paragraph 72 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 72 contains factual allegations; the District denies all factual allegations and demands strict proof thereof at trial.

73) The allegations asserted in paragraph 73 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 73 contains factual allegations; the District denies all factual allegations and demands strict proof thereof at trial.

74) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

75) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

76) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

77) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

78) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

79) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

80) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

81) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

82) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

83) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

84) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

85) The allegations asserted in paragraph 85 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 85 contains factual allegations; the District denies all factual allegations and demands strict proof thereof at trial.

86) Paragraph 86 of plaintiff's Complaint contains legal allegations of plaintiff's claims to which no response is required.

87) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

88) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

89) Paragraph 89 of plaintiff's Complaint contains legal allegations of plaintiff's claims to which no response is required.

90) Paragraph 90 of plaintiff's Complaint contains legal allegations of plaintiff's claims to which no response is required.

91) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

92) The District has insufficient information to admit or deny the allegations contained in paragraph 92 of the Complaint.

93) The District has insufficient information to admit or deny the allegations contained in paragraph 93 of the Complaint.

94) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

95) The allegations asserted in paragraph 95 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 95 contains factual allegations; the District denies all factual allegations and demands strict proof thereof at trial.

96) The District is without sufficient information to admit or deny the factual allegations contained in paragraph 96 of the Complaint.

97) The allegations asserted in paragraph 97 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 97 contains factual allegations; the District denies all factual allegations and demands strict proof thereof at trial.

98) The District is without sufficient information to admit or deny the factual allegations contained in paragraph 98 of the Complaint.

99) The District admits the allegations contained in paragraph 99.

100) The District is without sufficient information to admit or deny the factual allegations contained in paragraph 100 of the Complaint.

### D. STATEMENT OF PLAINTIFF'S CLAIMS
### COUNT I: GENDER DISCRIMINATION (TITLE VII)

101) In response to paragraph 101, the District incorporates its answers to paragraphs 1 through 100, as stated above.

102) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

103) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

104) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

105) The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

106) The allegations asserted in paragraph 106 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 106 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

107) The allegations asserted in paragraph 107 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 107 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

108) The allegations asserted in paragraph 108 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 108 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

109) The allegations asserted in paragraph 109 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 109 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

110) The allegations asserted in paragraph 110 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 110 contains factual allegations, the District denies said allegations and demands strict proof thereof at trial.

### COUNT II: GENDER/SEXUAL ORIENTATION DISCRIMINATION (DCHRA)

111) In response to paragraphs 111 through 117, the District has moved to dismiss plaintiffs' DCHRA claims.

### E. REMEDIES

112) Paragraph 118, and its subparts, consists of a prayer for relief to which no response is required.

### F. EXHAUSTION OF ADMINISTRATIVE REMEDIES

113) The allegations asserted in paragraph 119 of the Complaint are legal conclusions to which no response is required.

114) The allegations asserted in paragraph 120 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 120 contains factual allegations; the District denies all factual allegations and demands strict proof thereof at trial.

115) The allegations asserted in paragraph 121 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 121 contains factual allegations; the District denies all factual allegations and demands strict proof thereof at trial.

116) The allegations asserted in paragraph 122 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 122 contains factual allegations; the District denies all factual allegations and demands strict proof thereof at trial.

117) The allegations asserted in paragraph 123 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 123 contains factual allegations; the District denies all factual allegations and demands strict proof thereof at trial.

118) The allegations asserted in paragraph 124 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 124 contains factual allegations; the District denies all factual allegations and demands strict proof thereof at trial.

119) The allegations asserted in paragraph 125 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 125 contains factual allegations; the District denies all factual allegations and demands strict proof thereof at trial.

120) The allegations asserted in paragraph 126 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 126 contains factual allegations; the District denies all factual allegations and demands strict proof thereof at trial.

## **THIRD DEFENSE**

Further answering the Complaint, the defendant denies all allegations not specifically

admitted or otherwise answered, including allegations of gender/sex discrimination and hostile work environment.

## FOURTH DEFENSE

The defendant denies all allegations of wrongdoing, including but not limited to violations of statutory law.

## FIFTH DEFENSE

If plaintiff was injured or damaged as alleged, such injuries were the result of her own intentional or otherwise wrongful conduct.

## SIXTH DEFENSE

Plaintiff may have failed to fully comply with the mandatory notice requirements of D.C. Code § 12-309 (2001).

## SEVENTH DEFENSE

Plaintiff may have failed to exhaust her administrative remedies, and/or timely file her grievance and/or lawsuit.

## EIGHTH DEFENSE

Plaintiff may have failed to mitigate her damages.

## NINTH DEFENSE

The defendant's employment decisions were legitimate and non-discriminatory.

## TENTH DEFENSE

The defendant asserts immunity and absence of bad faith.

## ELEVENTH DEFENSE

The action may be barred by the statute of limitations.

### TWELFTH DEFENSE

Plaintiff has failed to state a claim under the D.C. Human Rights Act.

### THIRTEENTH DEFENSE

The action may be barred by issue or claim preclusion, or not yet have accrued.

### FOURTHEENTH DEFENSE

If plaintiff was injured and/or damaged as alleged in the Complaint, recovery for said injuries and/or damages is barred, because the plaintiff assumed the risk of such injuries by her own willful conduct.

### FIFTEENTH DEFENSE

All actions taken by the defendant relating to plaintiff was necessary, reasonable, pursuant to lawful authority, and based on legitimate, non-retaliatory reasons.

### SIXTEENTH DEFENSE

Defendant District of Columbia exercised reasonable care to prevent and correct promptly any harassing behavior based upon sex.

### SEVENTEENTH DEFENSE

Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the District, or to avoid harm otherwise.

### EIGHTEENTH DEFENSE

The District asserts the defenses of laches, waiver, and estoppel.

### **NINTEENTH DEFENSE**

Plaintiff would have been subjected to the alleged employment actions (even absent any discriminatory motive *or* even if plaintiff did not engage in protected activities).

**THE DEFENDANT** reserves the right to Amend its Answer.

### **SET-OFF**

The defendant asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of plaintiff.

### **JURY DEMAND**

The defendant hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

LINDA SINGER
Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/Nicole L. Lynch _____
NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

/s/Toni Michelle Jackson_____
TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
E-mail: toni.jackson@dc.gov