IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLIE SORRELL, | |
|           Plaintiff, | |
| v. | Case No. 07-00854 (RWR) |
| DISTRICT OF COLUMBIA, | |
|           Defendant. | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT,
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant District of Columbia ("District"), by and through undersigned counsel, hereby moves that this Honorable Court dismiss the plaintiff's Complaint. Such relief is requested pursuant to Fed. R. Civ. P. 12(b)(6) and 56. As grounds for this Motion, defendant states that plaintiff Sorrell has failed to comply with the mandatory notice requirement of D.C. Code § 12-309.

A Memorandum of Points and Authorities and two proposed Orders are attached hereto. Because this is a dispositive motion, the District is not required to seek consent pursuant to LCvR 7.1(m).

Dated: June 11, 2007.                    Respectfully Submitted,

                                         LINDA SINGER
                                         Attorney General for the
                                         District of Columbia

                                         GEORGE C. VALENTINE
                                         Deputy Attorney General
                                         Civil Litigation Division

                                         ____/s/Nicole Lynch_____
                                         NICOLE L. LYNCH [471953]
                                         Section Chief
                                         General Litigation § II

/s/Toni Michelle Jackson
TONI M. JACKSON (453765)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6602
Fax: (202) 727-3625
E-Mail: toni.jackson@dc.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of June, 2006, I electronically filed the foregoing DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, the Memorandum of Points and Authorities in Support of the Motion, the Statement of Undisputed Facts with attached Exhibits, and the proposed Orders with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Alan Banov, Esquire
ALAN BANOV & ASSOCIATES
1819 L Street, N.W., Suite 700
Washington, D.C. 20036

/s/ Toni Michelle Jackson
Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLIE SORRELL,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>　　　　　　Defendant. | Case No. 07-00854 (RWR) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant District of Columbia ("District"), by and through undersigned counsel, hereby moves that this Honorable Court dismiss the plaintiff's Complaint. Such relief is requested pursuant to Fed. R. Civ. P. 12(b)(6) and 56. This Court should dismiss the plaintiff's Complaint against the defendant because plaintiff Sorrell has failed to comply with the mandatory notice requirement of D.C. Code § 12-309.

**I. BACKGROUND**

Plaintiff filed suit on May 8, 2007, alleging that she was sexually harassed and subjected to a hostile work environment at the D.C. Jail.  (*See* Complaint, *et. seq.*). Specifically, the plaintiff alleges that a DOC employee sexually harassed her and created, among other things, a hostile work environment. (*Id.*).  In this action, plaintiff alleges claims against the District under both the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401 *et seq.*; and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* (*See* Complaint, at ¶ 1.).

3

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 17, 2005. (*See* Charge of Discrimination, attached hereto as Exh. A). To date, the Mayor of the District of Columbia has not received notification from plaintiff indicating her intent to sue the District. (*See* Affidavit of Nadine Chandler Wilburn, attached hereto as Exh. B.). Moreover, plaintiff does not allege in her Complaint that she has complied with § 12-309. As such, the District moves to dismiss plaintiff's claim under the D.C. Human Rights Act.

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957); *Friendship Edison Pub. Charter Sch. Chamberlain Campus v. Smith*, 429 F. Supp. 2d 195, 196 (D.D.C. 2006). A motion to dismiss for failure to state a claim upon which relief can be granted is intended solely to test the legal sufficiency of the complaint, and in so doing, the motion admits all facts well pleaded but contests Plaintiff's right to recover under those facts. *See Johnson v. District of Columbia*, 368 F. Supp. 2d 30, 36 (D.D.C. 2005) ("[A] motion to dismiss pursuant to Rule 12(b)(6) will not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal citations omitted).

Accordingly, "in deciding a motion to dismiss under Rule 12(b)(6), the court is bound to consider all well-pleaded facts as true, and to draw all reasonable inferences in favor of the non-movant." *Friendship Edison Pub. Charter Sch. Chamberlain Campus*, 429 F. Supp. 2d at 196.

Alternatively, summary judgment may be granted for a moving party when it shows that there are no material facts in dispute and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex v. Catrett*, 477 U.S. 317 (1988); *Hussain v. Prinicipi*, 344 F. Supp. 2d 86, 94 (D.D.C. 2004). "In considering a motion for summary judgment, the 'evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Hussain*, 344 F. Supp. 2d at 94 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, (1986)).

A party may rely on evidence outside of the pleadings to support his motion for summary judgment. Fed. R. Civ. P. 56(a) (allowing claimant to rely on supporting affidavits). Should the Court consider the evidence outside of the pleadings, this Motion to Dismiss will convert to a motion for summary judgment. Fed. R. Civ. P. 12(b); *Herron v. Veneman*, 305 F. Supp. 2d 64, 70 (D.D.C. 2004) ("Often the introduction of factual materials by the parties—including depositions, answers to interrogatories, admissions on file and affidavits—will convert a Rule 12(b)(6) motion to dismiss to a Rule 56(b) motion for summary judgment.").

### III.  ARGUMENT

### PLAINTIFF FAILED TO COMPLY WITH  D.C. CODE § 12-309

The District is entitled to either a dismissal of plaintiff's DCHRA claim, Count II, or an Order granting it summary judgment on those claims because plaintiff has failed to satisfy the mandatory notice requirement of D.C. Code § 12-309.  Section 12-309 states in pertinent part:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause and circumstances of the injury or damage.

D.C. Code § 12-309 (2001) (emphasis added).

It is well-settled that compliance with the notice requirement of § 12-309 is "a mandatory prerequisite to filing a lawsuit against the District." *McRae v. Olive*, 368 F. Supp. 2d 91, 95 (D.D.C. 2005); *see also District of Columbia v. Dunmore,* 662 A.2d 1356, 1359 (D.C. 1995).  "The rationale underlying the §12-309 notice requirement is to (1) protect the District of Columbia against unreasonable claims and (2) to give reasonable notice to the District of Columbia so that the facts may be ascertained and, if possible, deserving claims adjusted and meritless claims resisted." *Pitts v. District of Columbia*, 391 A.2d 803, 807 (D.C. 1978).

To protect this purpose, courts have construed strictly the plain language of § 12-309.  *See, e.g., District of Columbia v. Dunmore*, 662 A.2d 1356, 1359 (D.C. 1995). Courts interpreting the statute have held that the District must receive notice within six months of the events that allegedly have caused a claimant's injury.

6

*DeKine v. District of Columbia*, 422 A.2d 981, 984 (1980). Notice received even one day past due is considered untimely and completely bars recovery against the District. *Id.* at 986; *see also Williams v. District of Columbia*, 676 F. Supp. 329, 333 (D.D.C. 1987) (relying on *DeKine*, 422 A.2d 985, and explaining that the date of receipt is crucial in determining compliance with § 12-309).

At least two Superior Court Judges, interpreting D.C. law, have held that § 12-309 does in fact apply to claims brought under the DCHRA. *See McFarlane v. New Leaders For New Sch.*, No. 04-CA-8506, at 14 (D.C. Super. Ct. Nov. 10, 2005); *Descutner v. District of Columbia*, No. 04-CA-7214, at 5 (D.C. Super. Ct. Mar. 1, 2005) (attached hereto as Exhibits C and D, respectively).

Because this Court is exercising supplemental jurisdiction over plaintiff's DCHRA claim, the Court is bound by the D.C. Court of Appeal's interpretation of District law in determining whether the notice requirement of D.C. Code § 12-309 is applicable to claims brought pursuant to the DCHRA. *See Diamond Triumph Auto Glass, Inc. v. Safelite Glass Corp.*, 441 F. Supp. 2d 695, 704 (D. Pa. 2006) (noting that state law applies to claims considered pursuant to supplemental jurisdiction).

While the D.C. Court of Appeals has not ruled on this specific question, it is logical to conclude from the court's analysis of D.C. Code § 12-309, and its applicability to other similar provisions, that the notice requirement of § 12-309 applies to claims brought under the DCHRA.

Moreover, the plain language of the DCHRA supports a finding that it is subject to the notice requirement of § 12-309. Section 12-309 requires timely

7

notice to the District before a claimant can file suit for "unliquidated *damages* to person or property." D.C. CODE § 12-309 (2001) (emphasis added). The DCHRA provides in pertinent part: "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of competent jurisdiction for *damages* and such other remedies as may be appropriate . . . ." D.C. CODE § 2-1403.16 (2001) (emphasis added).

A person aggrieved by unlawful discrimination suffers damages to her person caused by another person. Such damages are analogous to damages from intentional torts, such as libel, where a claimant is harmed by the words of another. The D.C. Court of Appeals has unequivocally held that claims of intentional torts brought against the District for monetary damages are subject to the notice requirement of § 12-309. *See, e.g.*, *Breen*, 400 A.2d at 1061. Based on the same logic, § 12-309 must extend to claims under the DCHRA.

In this case, plaintiff has failed to satisfy the statutory requirements because she failed to notify the Mayor of her intent to file a claim against the District within six months of the alleged incident. (*See* Exh. B.). In fact, to this day, the District has not received notice from plaintiff. (*Id.*).

Any notice plaintiff may have given to the D.C. Department of Corrections is insufficient to satisfy the requirements of § 12-309. *See McRae*, 368 F. Supp. 2d at 95 ("Notice to officials subordinate to the Mayor is not sufficient."); *McFarlane*, No. 04-CA-8506, at 14 (holding that giving notice to agency's general counsel was insufficient to meet the requirements of § 12-309).

8

Because satisfaction of the notice requirement of §12-309 is a prerequisite to filing suit against the District, and because plaintiff cannot now cure this defect, the District is entitled to either a dismissal of plaintiff's state law claims under the DCHRA—Count II, or an Order granting it summary judgment on those claims.

## CONCLUSION

Plaintiff's failure to notify the Mayor, as required under D.C. Code § 12-309, bars her claim under the DCHRA—Count II. For the reasons stated above, the Court should grant the District's Motion to Dismiss Plaintiff's Complaint, or in the alternative, grant the District's Motion for Summary Judgment.

Dated: June 11, 2007.               Respectfully submitted,

LINDA SINGER
Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

         /s/Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

         /s/Toni Michelle Jackson
TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
E-mail:  toni.jackson@dc.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

BILLIE SORRELL,

        Plaintiff,

v.                                   Case No. 07-00854 (RWR)

DISTRICT OF COLUMBIA,

        Defendant.

## STATEMENT OF UNDISPUTED FACTS

1. Plaintiff filed suit on May 8, 2007, alleging that she was sexually harassed and subjected to a hostile work environment at the D.C. Jail. (*See* Complaint, *et. seq.*). Specifically, the plaintiff alleges that a DOC employee, sexually harassed her and created, among other things, a hostile work environment. (*Id.*).

2. Plaintiff alleges claims against the District under both the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401 *et seq.*; and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. (*See* Complaint, at ¶ 1.).

3. To date, the Mayor of the District of Columbia has not received notification from plaintiff indicating her intent to sue the District. (*See* Affidavit of Nadine Chandler Wilburn, attached hereto as Exh. B.).

4. Plaintiff does not allege in her Complaint that she has complied with D.C. Code § 12-309.

Dated: June 11, 2007.                     Respectfully Submitted,

LINDA SINGER
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/Nicole Lynch_____
NICOLE L. LYNCH [471953]
Section Chief
General Litigation § II

____/s/Toni Michelle Jackson___
TONI M. JACKSON (453765)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6602
Fax:  (202) 727-3625
E-Mail:  toni.jackson@dc.gov

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLIE SORRELL,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>　　　　　　Defendant. | Case No. 07-00854 (RWR) |

### PROPOSED ORDER

Upon consideration of DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, the Memorandum of Points and Authorities in support thereof, any opposition thereto, and the record herein, it is, by this Court this ____ day of _____, 2007;

**ORDERED** that the Defendant's Motion to Dismiss, shall be and the same is hereby **GRANTED**; and it is

**FURTHER ORDERED** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

　

_____
JUDGE RICHARD W. ROBERTS
United States District Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BILLIE SORRELL,<br><br>    Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>    Defendant. | Case No. 07-00854 (RWR) |

**PROPOSED ORDER**

Upon consideration of DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, the Memorandum of Points and Authorities in support thereof, any opposition thereto, and the record herein, it is, by this Court this ____ day of _____, 2007;

**ORDERED** that the Defendant's Motion for Summary Judgment, shall be and the same is hereby **GRANTED**.

                _____
                JUDGE RICHARD W. ROBERTS
                United States District Court