UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLIE SORRELL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-00854 (RWR) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT, OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Plaintiff Billie Sorrell, by her undersigned attorney, hereby opposes Defendant District of Columbia's Motion to Dismiss Plaintiff's Complaint, or in the Alternative, for Summary Judgment,[1] and in support of her opposition states:

1. The motion is a misnomer because it does not seek to dismiss the entire complaint; it seeks dismissal of only Count II on the ground that plaintiff did not submit a notice to the Mayor under District of Columbia Code §12-309 (2001).

2. As explained in the accompanying memorandum, plaintiff put defendant on notice of her claims by filing a complaint with the Equal Employment Opportunity Commission (EEOC) and by cross-filing her complaint with the D.C. Office of Human Rights.

3. In 2002 the DCHRA was amended to permit private causes of action against the District for alleged DCHRA violations, without the necessity of first filing administrative complaints with the D.C. Office of Human Rights. See District of Columbia Code § 2-1403.03.

---

[1] While defendant filed its motion on June 11, 2007, it did not file its exhibits simultaneously; it was not until June 13 that defendant filed its exhibits, through an "Errata." Plaintiff has measured her time to respond to the motion from the date the Errata was filed.

2

4. No published controlling decision has held that notice is required under §12-309 for private causes of action against the District under the 2002 amendments. Indeed, defendant admits that the D.C. Court of Appeals has not ruled on this specific question.

WHEREFORE, plaintiff respectfully requests that the Court deny defendant's motion to dismiss plaintiff's DCHRA claim and require it to file an Amended Answer to the Amended Complaint within 15 days of the Court's order.

Respectfully submitted,

_/s/ Alan Banov_____
ALAN BANOV #95059
Alan Banov & Associates
1819 L Street, N.W., Suite 700
Washington, D.C.  20036-3830
(202) 822-9699
Fax: (202) 842-9331
Ab@banovlaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLIE SORRELL, | ) |
|        Plaintiff, | ) |
| v. | ) Civil Action No. 07-00854 (RWR) |
| DISTRICT OF COLUMBIA, | ) |
|        Defendant. | ) |

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT, OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

I. INTRODUCTION

The Complaint filed by Plaintiff Billie Sorrell contains two allegations of discrimination –one under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f) [Count I], the other under the District of Columbia Human Rights Act (DCHRA), District of Columbia Code §§2-1403.03(b), 2-1403.16 (2001) [Count II].  Although the standards of proof of the two statutes differ,[1] both claims proceed on identical facts.

Defendant has filed an Answer to the Complaint and a Motion to Dismiss Plaintiff's Complaint, or in the Alternative, for Summary Judgment.  The motion is a misnomer because it does not seek to dismiss the entire complaint; it seeks dismissal of only Count II on the ground that plaintiff did not submit a notice to the Mayor under District of Columbia Code §12-309

---

[1] Under Title VII, a plaintiff must prove that discrimination was a motivating factor in the disputed employment decision.  More liberally, the DCHRA, D.C. Code §2-1402.11(a)(1) (2001), makes it "an unlawful discriminatory practice" for an employer to discriminate in employment "wholly or partially" for one of the proscribed discriminatory reasons.  *See Chang v. Institute for Public-Private Partnerships, Inc.*, 846 A.2d 318, 324, 2004 D.C. App. LEXIS 161, **14 (D.C. 2004) ("The DCHRA makes it an 'unlawful discriminatory practice' for an employer to discharge an employee 'wholly or partially for a discriminatory reason based upon [a] . . . disability . . . .'"); *Millstein v. Henske*, 722 A.2d 850, 853 n. 6 (D.C. 1999) ("One right thus protected is the right not to be discriminated against in employment based 'wholly or partially' on 'race, color, religion, . . . [or] sex . . . .'").

(2001).[2]  While defendant filed its motion on June 11, 2007, it did not file its exhibits simultaneously; it was not until June 13 that defendant filed its exhibits, through an "Errata." Plaintiff has measured her time to respond to the motion from the date the Errata was filed.

## II.  ARGUMENT

Defendant's motion is indeed a motion for summary judgment because it relies on documents not referenced in the complaint or the existing record.  See Deft. Mem. at 4; Exh. B to Deft. Motion.  However, for purposes of this motion, plaintiff will concede that, other than cross-filing her EEOC complaint with the D.C. Office of Human Rights,[3] she did not submit a specific notice to the Mayor of her intent to file this complaint.  Nonetheless, for the reasons stated below, the Court should deny defendant's motion.

The DCHRA specifically permits private causes of action against the District for alleged DCHRA violations and does not require compliance with §12-309.  In general, someone (an employee, an applicant for employment, an ex-employee, or another aggrieved person) complaining of a violation of the DCHRA has a choice between filing an administrative complaint with the D.C. Office of Human Rights or a private cause of action in court.  D.C. Code §2-1403.16 (2001) [formerly §1-2556].  In 2002 the DCHRA was amended to permit private causes of action against the District for alleged DCHRA violations, without the necessity of first filing administrative complaints with the D.C. Office of Human Rights.  Thus, Section 2-1403.03 of the DCHRA provides:

> (b) A person claiming to be aggrieved by an unlawful discriminatory practice on the part of District government agencies, officials, or employees may elect to file an

---

[2]  There should be no question that plaintiff properly exhausted her administrative remedies under Title VII.  Exhibit 2 to defendant's motion is a copy of the complaint plaintiff filed with the Equal Employment Opportunity Commission (EEOC)

[3]  See Exh. A to Deft. Motion.  The D.C. Office of Human Rights is under the Mayor of the District of Columbia.

>administrative complaint under the rules of procedure established by the Mayor under this section or a civil action in a court of competent jurisdiction under §2-1403.16.

Accordingly, the City Council expressly provided an election for persons complaining of illegal discrimination by a District agency: <u>either</u> to file the administrative complaint under D.C. Code §2-1403.01 *et seq*. <u>or</u> to file a private civil action under §2-1403.16. The statute makes no reference to D.C. Code §12-309.

By contrast, in other statutes – *e.g*., D.C. Code §§2-413, 2-424 (2005), the City Council explicitly referred to §12-309. The clear inference is that the City Council saw no need for an individual to follow the procedures under §12-309 when complaining of discrimination against a District agency.

Further, no published controlling decision has held that notice is required under §12-309 for private causes of action against the District under the 2002 amendments. Indeed, defendant admits that the D.C. Court of Appeals has not ruled on this specific question. Deft. Mem. at 7.

Defendant relies on an interim decision of the Superior Court in *McFarlane v. New Leaders for New Schools*, C.A. No. 04-0008506 (D.C. Super. Ct., Nov. 10, 2005). See Deft. Mem. at 7. However, aside from the fact that Superior Court decisions are not binding on this Court, the ruling cited by defendant was issued *sua sponte* by the court without any prior briefing by the parties; the case is still in litigation, so that the November 2005 decision cannot be appealed; and the plaintiff there, unlike the plaintiff here, did not put the District on notice of his discrimination allegations with an EEOC complaint.

Defendant also relies on *Descutner v. District of Columbia*, No. 04-CA-7214, at 5 (D.C. Super. Ct. Mar. 1, 2005) (Exh. D to Deft. Motion). See Deft. Mem. at 7. It is true that there the Superior Court held that the notice requirement of Section 12-309 does apply to DCHRA claims. However, besides the fact that the decision is not binding on this Court, it does not appear that

the plaintiff there cited the change in the DCHRA which now permits private causes of action under the DCHRA against the District Government. Also, it does not appear that the plaintiff there put the District Government on notice through a cross-filed EEOC complaint.

Finally, the notice requirement in §12-309 is not jurisdictional. *See Dellums v. Powell*, 566 F.2d 216, 229 (D.C. Cir. 1977); *Sanders v. District of Columbia*, 2002 WL 648965, *2 (D.D.C. 2002).

### III.  CONCLUSION

WHEREFORE, plaintiff respectfully requests that the Court deny defendant's motion to dismiss plaintiff's DCHRA claim and require it to file an Amended Answer to the Amended Complaint within 15 days of the Court's order.

Respectfully submitted,

_/s/ Alan Banov_____
ALAN BANOV #95059
Alan Banov & Associates
1819 L Street, N.W., Suite 700
Washington, D.C.  20036-3830
(202) 822-9699
Fax: (202) 842-9331
Ab@banovlaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLIE SORRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-00854 (RWR) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

ORDER

Upon consideration of Defendant of Columbia's Motion to Dismiss Plaintiff's Complaint, or in the Alternative, for Summary Judgment, Plaintiff Billie Sorrell's Opposition thereto, and the record herein, it is this _____ day of _____, 2007, hereby

ORDERED that said motion be DENIED and it is further

ORDERED that Defendant District of Columbia shall file an amended answer to plaintiff's complaint within 15 days hereof.

_____
RICHARD W. ROBERTS
JUDGE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Copies to:
Alan Banov, Esq.
Alan Banov & Associates
1819 L Street, N.W. Suite 700
Washington, D.C. 20036

Toni M. Jackson, Esq.
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001