IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLIE SORRELL,<br><br>               Plaintiff,<br>v.<br><br>DISTRICT OF COLUMBIA ,<br><br>               Defendant. | Case No. 07-00854 (RWR) |

**DEFENDANT DISTRICT OF COLUMBIA'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS COUNT II OF PLAINTIFF'S
COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

For the reasons detailed in its Motion to Dismiss and elaborated in the following Reply Brief, Defendant District of Columbia ("District"), by and through undersigned counsel, respectfully moves the Court to dismiss Count II of plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, the District respectfully requests that this Court enter an Order granting it summary judgment pursuant to Fed. R. Civ. P. 56.

**I.  BACKGROUND**

For purposes of the District's Motion to Dismiss, or in the Alternative for Summary Judgment, the following facts are undisputed:

1. Plaintiff filed suit on May 8, 2007, alleging that she was sexually harassed and subjected to a hostile work environment at the D.C. Jail. (*See* Complaint, *et. seq.*). Specifically, the plaintiff alleges that a DOC employee, sexually harassed her and created, among other things, a hostile work environment. (*Id.*).

2. Plaintiff alleges claims against the District under both the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401 *et seq.*; and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* (*See* Complaint, at ¶ 1.).

3. To date, the Mayor of the District of Columbia has not received notification from plaintiff indicating her intent to sue the District. (*See* Affidavit of Nadine Chandler Wilburn, attached hereto as Exh. B.).

4. Plaintiff does not allege in her Complaint that she has complied with D.C. Code § 12-309.

II. **ARGUMENT**

Plaintiff's argument to the contrary, plaintiff's claims under the D.C. Human Rights Act are time-barred because she failed to meet the mandatory requirements under the statute. Accordingly, Count II of plaintiff's Complaint should be dismissed in its entirety.

The mandatory notice requirement of D.C. Code § 12-309 applies to claims made pursuant to the DCHRA, and plaintiff failed to comply with that requirement. The District is entitled to either a dismissal of plaintiff's state law claims under the DCHRA, or an Order granting it summary judgment on those claims because Plaintiff has failed to satisfy the mandatory notice requirement of D.C. Code § 12-309.

Unsupported by any controlling authority, plaintiff mistakenly claims that § 12-309 is inapplicable to claims under the DCHRA. Section 12-309 "imposes a notice

requirement on *everyone* with a tort claim against the District of Columbia." *Dunmore*, 662 A.2d at 1358 (emphasis added). An action under the DCHRA is an action in tort, even though it is brought under a statutory provision rather than the common law. *See Descutner*, No. 04-CA-7214, at 5 ("Plaintiff's argument fails because a claim under the Human Rights Act, like any other tort claim against the District of Columbia, must comply with the requirements of § 12-309.").

Moreover, the plain language of the DCHRA supports a finding that it is subject to the notice requirement of § 12-309. Section 12-309 requires timely notice to the District before a claimant can file suit for "unliquidated damages to person or property." D.C. CODE § 12-309 (2001).

Most recently, Judge Beck, interpreting D.C. law, is the third Superior Court Judge that has held that § 12-309 does in fact apply to claims brought under the DCHRA. *See Cage v. District of Columbia*, No. 05-CA-0991, at 5 (D.C. Super. Ct. June 19, 2007)(attached hereto as Exh. 1.). Judge Beck held that "[p]laintiff has failed to cite persuasive authority that notice under § 12-309 is not required for a claim for unliquidated damages under the DCHRA. Based on the plain language of § 12-309 and the decisions interpreting it, the court concludes that notice in compliance with § 12-309 is a prerequisite to a claim for unliquidated damages under the DCHRA." (*Id.*, at p. 5.).

Nonetheless, plaintiff urges the Court to ignore the D.C. court's interpretation of its own law in *McFarlane*, No. 04-CA-8506, at 14 and in *Descutner*, No. 04-CA-7214, at 5, arguing that *McFarlane* (and presumably *Descutner*) "conflicts directly

3

with established case law" from the D.C. Court of Appeals in *Campbell*, 580 A.2d at 1301-02. As detailed above, neither *McFarlane* nor *Descutner* conflicts with the D.C. Court of Appeals' holding in *Campbell*.

In fact, they are consistent with the court's holding that actions sounding in tort are subject to the notice requirements of § 12-309. *See McFarlane*, No. 04-CA-8506, at 13-14 (relying on *Campbell* to reject the plaintiff's substantial compliance argument and ultimately holding that claims under the DCHRA are claims for damages that are subject to the notice requirement of § 12-309); *Descutner*, No. 04-CA-7214, at 5 (noting that claims under the DCHRA are "like any other tort claim against the District" and must comply with the notice requirements of § 12-309).

Further, "[i]t is well-established that a plaintiff with unliquidated statutory claims against the District must satisfy § 12-309, even if the particular statute under which the claim is brought does not specifically require it." *McFarlane*, No. 04-CA-8506, at 14; *Doe*, 697 A.2d at 25 (holding that § 12-309 applies to claims under the D.C. Prevention of Child Abuse and Neglect Action, which does not have an express provision regarding the applicability of § 12-309).

Plaintiff offers no authority, whether in the form of statutory language or legislative history, to even suggest that the legislature, through enactment of the DCHRA, somehow intended to repeal the general application of § 12-309 to "everyone with a tort claim against the District of Columbia." *Dunmore*, 662 A.2d at 1358.

Finally, plaintiff appears to argue that the cross-filing of plaintiff's EEOC complaint with the D.C. Office of Human Rights serves the purposes of §12-309 notice, and therefore excuses any notice requirement. *See* Pl. Opp., at pp. 1, 2, and 4. This interpretation is also inaccurate. It is well settled that compliance with the notice requirement of § 12-309 is "a mandatory prerequisite to filing a lawsuit against the District." *McRae v. Olive*, 368 F. Supp. 2d 91, 95 (D.D.C. 2005); *see also Dunmore*, 662 A.2d at 1359.

To protect the purpose of § 12-309, the D.C. Court of Appeals has construed the statute narrowly against claimants. *See, e.g., Chidel v. Hubbard*, 840 A.2d 689, 695 (D.C. 2004); *Gross v. District of Columbia*, 734 A.2d 1077, 1081 (D.C. 1999); *Dunmore,* 662 A.2d at 1359. Accordingly, the D.C. Court of Appeals has rejected "substantial compliance" arguments, even where, unlike the present action, the District had actual notice of the claims being brought against it. *See Chidel*, 840 A.2d at 695.

Because plaintiff's DCHRA claims are subject to the mandatory notice requirement of § 12-309, and because it is undisputed that plaintiff did not comply with the requirements of § 12-309, the District is entitled to either a dismissal of plaintiff's state law claims under the DCHRA or an Order granting it summary judgment on those claims.

### III. CONCLUSION

For the reasons stated above and in the District's Memorandum of Points and Authorities, this Court should dismiss Count II of plaintiff's Complaint in its

entirety. Plaintiff's claims under the DCHRA should be dismissed, or the Court should grant the District's alternative Motion for Summary Judgment, because plaintiff Sorrell failed to satisfy the mandatory notice requirement of D.C. Code, § 12-309.

Wherefore, the defendant respectfully requests that this Court grant the District's Motion to Dismiss, or in the alternative, Motion for Summary Judgment.

Dated: July 2, 2007.                     Respectfully Submitted,

LINDA SINGER
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/Nicole Lynch_____
NICOLE L. LYNCH [471953]
Section Chief
General Litigation § II

____/s/Toni Michelle Jackson___
TONI M. JACKSON (453765)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6602
Fax: (202) 727-3625
E-Mail: toni.jackson@dc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of July, 2006, I electronically filed the foregoing DEFENDANT DISTRICT OF COLUMBIA'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, the Memorandum of Points and Authorities in Support of the Motion, the Statement of Undisputed Facts with

attached Exhibits, and the proposed Orders with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Alan Banov, Esquire
ALAN BANOV & ASSOCIATES
1819 L Street, N.W., Suite 700
Washington, D.C. 20036

/s/ Toni Michelle Jackson
Assistant Attorney General

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| JASON CAGE, | ) | CASE NO.  2005 CA 000991 B |
| | ) | |
| Plaintiff(s), | ) | CALENDAR 8 |
| | ) | |
| vs | ) | JUDGE RONNA LEE BECK |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant(s). | ) | |

## ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR A STAY

Before the court are two motions, 1) defendant's motion for judgment on the pleadings and/or alternatively, motion for summary judgment ("motion for summary judgment") and; 2) defendant's motion for a stay of the proceedings.

In its motion for summary judgment, defendant argues that the statute of limitations is a bar to plaintiff's action and that plaintiff failed to satisfy the mandatory notice requirement of D.C. Code § 12-309.  Plaintiff filed an opposition disputing both points. In an order dated April 4, 2007, the court ordered defendant to file a comprehensive reply to each of the arguments made in plaintiff's opposition.  Defendant filed a reply addressing only plaintiff's §12-309 contention.  Thus, the court concludes that defendant has abandoned its contention that the statute of limitations is a bar to plaintiff's action and will address only the § 12-309 issue.

Defendant's motion for a stay of the proceedings was filed on April 12, 2007.  The court will deny this motion.

I.   Background

Plaintiff, Jason Cage, filed his complaint on February 5, 2005, asserting that he was unlawfully discriminated against based on his disability. Plaintiff was employed by the District of Columbia Fire and Emergency Medical Services Department (DCFEMS) from July 1999 to May 2003. At the time he was hired by DCFEMS in 1999, Mr. Cage claims he had fully disclosed that he had been previously diagnosed with cystic fibrosis, and as a result, had a non-reversible obstructive airway disease.

Mr. Cage left employment with DCFEMS for a position as a Firefighter-EMT with the Loudon County, Virginia, Fire and Rescue Department. Then, in September 2003, Mr. Cage sought reinstatement with DCFEMS. Mr. Cage was examined by the D.C. Police and Fire Clinic on November 25, 2003, as a prerequisite to his return to DCFEMS. On December 16, 2003, Mr. Cage was told that he was medically disqualified from returning to DCFEMS because of his prior history of cystic fibrosis.

Mr. Cage asserts that his medical history has never interfered with his ability to perform the essential functions of the EMT-Paramedic position. In addition, he asserts that he has never had any problems caused by cystic fibrosis during his tenure at DCFEMS or with the Loudon County, Virginia, Fire and Rescue Department. He contends he was unlawfully discriminated against on the basis of his disability when he was denied reinstatement with DCFEMS on December 16, 2003. He seeks injunctive relief, reinstatement, and damages pursuant to the D.C. Human Rights Act (DCHRA).

II. The Standard for Summary Judgment

Defendant has submitted an affidavit in support of its §12-309 position. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not

excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. Super. Ct. Civ. R. 12(c).

To prevail on a motion for summary judgment, the moving party must demonstrate, based on the pleadings, discovery, and any affidavits submitted, that there is no genuine issue as to any material fact and that it is thus entitled to judgment as a matter of law. *Grant v. May Department Stores Co.,* 786 A.2d 580, 583 (D.C. 2001); Super. Ct. Civ. Rule 56(c). A trial court considering a motion for summary judgment must view the pleadings, discovery materials, and affidavits in the light most favorable to the non-moving party and may grant the motion only if a reasonable jury, having drawn all reasonable inferences in favor of the non-moving party, could not find for the non-moving party based on the evidence in the record. *Id.* at 583 (citing *Nader v. De Tolendano*, 408 A.2d 31, 42 (D.C. 1979)); *Bailey v. District of Columbia*, 668 A.2d 817, 819 (D.C. 1995).

The moving party has the initial burden of proving that there is no genuine issue of material fact in dispute. If the moving party carries its initial burden, then the non-moving party assumes the burden of establishing that there is a genuine issue of material fact in dispute. Grant, 786 A.2d at 593 (citing *O'Donnell v. Associated Gen. Contractors of America, Inc.*, 645 A.2d 1084, 1086 (D.C. 1994)).

The non-moving party may not simply rest on conclusory allegations to establish that a genuine issue of material fact is in dispute. *Boulton v. Inst. of Int'l Educ.*, 808 A.2d 499, 502 (D.C. 2002). Instead, the non-moving party must set forth specific facts showing there is a genuine issue for trial. Super. Ct. Civ. R. 56(e).

### III. Analysis - Compliance with D.C. Code § 12-309

This case is based on plaintiff's claims of unlawful discrimination by DCFEMS which allegedly occurred on or about December 16, 2003, when the plaintiff was denied reinstatement with DCFEMS. In its motion, the defendant asserts that plaintiff's claims should be dismissed for failure to comply with D.C. Code § 12-309. Defendant has submitted an affidavit from the District of Columbia Office of Risk Management stating that there is no record of any notice letter that was sent to the Mayor of a potential claim against the District. Def.'s Exhibit 1.

Section 12-309 of the District of Columbia Code sets out mandatory notification requirements that must be followed in order to maintain an action against the District of Columbia for unliquidated damages. D.C. Code § 12-309 (2001). Under § 12-309, a plaintiff must give notice in writing to the Mayor of the time, place, cause and circumstances of the damages within six months of date of injury. *Id.* This requirement can also be fulfilled by a written police report of the incident. *Id.* "Strict compliance with the terms of § 12-309 is 'mandatory as a prerequisite to filing suit against the District.'" *Chidel v. Hubbard*, 840 A.2d 689, 695 (D.C. 2004) (citations omitted). Section 12-309 is strictly construed because it "is in derogation of the common law principle of sovereign immunity." *District of Columbia v. Dunmore*, 662 A.2d 1356, 1359 (D.C. 1995). The purpose of § 12-309 is "(1) to protect the District of Columbia against unreasonable claims and (2) to give reasonable notice to the District of Columbia so that the facts may be ascertained and, if possible, deserving claims adjusted and meritless claims resisted." *Id.*

Plaintiff asserts that the DCHRA does not require compliance with § 12-309 because § 12-309 applies only to common law claims, not statutory claims, and because the DCHRA does not state that notice under § 12-309 is required. Section 12-309 does not, however,

4

distinguish between statutory claims and common law claims – it applies to all claims for unliquidated damages and has been held to apply to all claims that sound in tort, as opposed to contract. *District of Columbia v. Campbell*, 580 A.2d 1295, 1302 (D.C. 1990). Moreover, the Court of Appeals has held that notice must be given for a statutory claim, even when the statute under which the claim is brought does not specifically require it. *See Doe by Fein v. District of Columbia*, 697 A.2d 23, 25 (D.C. 1997) (holding that plaintiff failed to satisfy the notice requirements of § 12-309 where plaintiff's claim was based on statutory law, the District of Columbia Prevention of Child Abuse and Neglect Act, D.C. Code §§ 6-2101 *et seq.* (1995), which did not mention § 12-309).

Plaintiff has failed to cite persuasive authority that notice under § 12-309 is not required for a claim for unliquidated damages under the DCHRA. Based on the plain language of § 12-309 and the decisions interpreting it, the court concludes that notice in compliance with § 12-309 is a prerequisite to a claim for unliquidated damages under the DCHRA.[1]

Section 12-309 states that notice is required in cases where plaintiff is seeking unliquidated damages from the District. It imposes no such requirement on a plaintiff seeking other forms of relief, such as injunctive or declaratory relief or reinstatement. While the District of Columbia Court of Appeals apparently has not decided this question,[2] a judge on the United States District Court for the District of Columbia has indicated *in dicta* that notice under § 12-309 is not required for claims other than damages. *See Pinkney v. District of Columbia*, 439 F.Supp. 519, 534, n. 5 (D.D.C. 1977). The court stated:

---

[1] At least two other Superior Court judges have so ruled. *See McFarlane v. New Leaders for New Sch..,* No. 04-8506 (D.C. Super. Ct. Nov. 10, 2005); *Descutner v. District of Columbia*, No. 04-7214 (D.C. Super. Ct. March 4, 2005);

[2] In *District of Columbia v. North Washington Neighbors*, 367 A.2d 148 (D.C. 1976) the Court stated the plaintiffs, who were seeking injunctive relief and reimbursement under a theory of tort liability, were required to comply with

> Plaintiff seeks an array of remedies including various injunctive orders and, as is necessary to trigger §309, an award of damages. There is thus no doubt that §309 is implicated in regard to some but not all of plaintiff's claims.

439 F.Supp. at 534, n. 5.

In this case, Mr. Cage is seeking injunctive relief, declaratory relief, and reinstatement in addition to monetary damages. He may not maintain claims against the District of Columbia for unliquidated damages without complying with § 12-309's notice requirements. Mr. Cage has not provided any evidence of such notice, and summary judgment will be granted for the defendant as to Mr. Cage's unliquidated damages claims. The court concludes, however, that notice under § 12-309 is **not** a prerequisite for Mr. Cage's claims for injunctive relief, declaratory relief, and reinstatement[3]. Thus, defendant's motion for summary judgment as to these claims will be denied.

Accordingly, it is this 19th day of June, 2007

**ORDERED** that the defendant's motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**;

**FURTHER ORDERED** that the defendant's motion for summary judgment is **GRANTED** to defendant with respect to plaintiff's claims for unliquidated damages;

---

§ 12-309, but the Court did not specify whether notice was required for all of the claims or just the claims for damages. *Id.* at 149.

[3] Defendant asserts in its reply that injunctive relief is not available to the plaintiff in a court proceeding as contrasted with an administrative proceeding. However, this court has jurisdiction to grant injunctive relief pursuant to D.C. Code § 2-1403.16. D.C. Code § 2-1403.16 creates a private right of action and grants the court authority to order " any relief it deems appropriate, including, the relief provided in §§ 2-1403.07 and 2-1403.13(a)." Sections 2-1403.07 and 2-1403.13(a) provide injunctive and other equitable relief as appropriate remedies for victims of unlawful discriminatory practices.

**FURTHER ORDERED** that the defendant's motion for summary judgment is **DENIED** with respect to plaintiff's remaining claims, i.e., his claims for injunctive relief, declaratory relief, and reinstatement.

**FURTHER ORDERED** that defendant's motion for a stay of the proceedings is **DENIED**;

**FURTHER ORDERED** that the mediation scheduled on July 10, 2007, at 9:30 a.m. with Gerald Lorentz remains.

*Ronna Lee Beck*
_____
Judge Ronna Lee Beck
(Signed in Chambers)

**Copies served electronically on counsel through eFiling for Courts**

Diana A. Seltzer, Esq.
*Counsel for Plaintiff*

Rachel Hranitzky, Esq.
Office of the Attorney General
*Counsel for Defendant*