UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BILLIE SORRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-00854 (RWR) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## JOINT REPORT OF LOCAL RULE 16.3 CONFERENCE

Pursuant to Fed.R.Civ. P. 26(f), LCvR 16.3, and the Court's Order of July 6, 2007, the parties hereby report to the court that counsel for the parties (Alan Banov and Toni Michelle Jackson) conferred on August 15, 2007. The parties submit the following report of that conference:

1.    Case Scheduling:  Defendant has filed a motion to dismiss Plaintiff's Complaint, or in the Alternative, for Summary Judgment, to dismiss Count II of the Complaint, which presents plaintiff's claims under the District of Columbia Human Rights Act (DCHRA), District of Columbia Code §§2-1403.03(b), 2-1403.16 (2001).  That motion, which has been fully briefed, is pending before the Court.  Plaintiff believes that her sexual harassment claims may not be resolved through a dispositive motion.  Defendant disagrees.  The parties do not believe that discovery should be stayed at this time for dispositive motions.

2.    Joinder/Amendment/Narrowing:  The parties do not anticipate the need to join third parties or to amend the pleadings.  Plaintiff believes that the legal and factual issues are

2

simply whether defendant violated Title VII (and if the Court denies defendant's motion, the

DCHRA) by permitting sexual harassment and a hostile work environment based her gender.

Defendant does not believe that the legal or factual issues can be narrowed at this time.

        3.     <u>Assignment To Magistrate Judge</u>:  Defendant does not consent to assignment of

this case to a magistrate judge for all purposes, but would consent to such assignment for

settlement purposes.  Plaintiff would consent to assignment to a magistrate judge for any

purpose.

        4.     <u>Settlement Possibility</u>:  Plaintiff is willing to explore the possibility of settlement

at this time.  Defendant believes that such discussions, if any, would be more appropriate after

the completion of discovery in this case.

        5.     <u>Alternative Dispute Procedures</u>:  Plaintiff requests referral to early ADR after

exchange of initial disclosures and before discovery.  Defendant does not believe that the case

could benefit from the Court's ADR process at this time.  The parties will inform the Court if it

appears that mediation might be useful at a future date.

        6.     <u>Dispositive Motions</u>:  Besides filing its current motion, see above, defendant

expects to file a dispositive motion upon the close of discovery in this case.  The parties suggest

that any post-discovery dispositive motion should be filed within 60 days after the close of

discovery, that any opposition to that motion should be filed within 45 days of the filing of the

dispositive motion, and that any reply to the opposition should be filed within 30 days of the

filing of the opposition.

3

      7.    <u>Initial Disclosures</u>: The parties propose that initial disclosures authorized under Fed. R.Civ.P. 26(a)(1) be served within 30 days of the initial scheduling order.[1]

      8.    <u>Discovery</u>:  The parties propose that the Court set a discovery schedule for this case, in accordance with the attached proposed Scheduling Order.  The parties believe that 180 days are necessary to complete discovery.  Plaintiff requests that she be permitted to serve 30 interrogatories; defendant requests that interrogatories be limited to 25 in number.  The parties agree to limit depositions to 10 per side, with each deposition limited to seven hours.  To protect sensitive personal and/or medical information exchanged during the course of discovery in this case, the parties will submit an appropriate protective order for the Court's approval.

      9.    <u>Experts</u>:  The parties propose that plaintiff's expert disclosures be served within 60 days after the entry of the scheduling order, and that defendant's expert disclosures should be served within 45 days after service of plaintiff's expert disclosures.

      10.    <u>Class Action Procedures</u>:  Not applicable.

      11.    <u>Bifurcation of Discovery or Trial</u>:  The parties do not see any need for bifurcation.

---

[1]  The attached proposed order contains specific dates with the expectation that the Court would issue the order on August 29, 2007, at or following the initial scheduling conference.  If, however, the Court issues it at a later date, the parties request that the Court modify the scheduling order to provide the following deadlines:  Initial disclosures, 30 days from the date of the scheduling order; Plaintiff's expert report due, 60 days from the date of the scheduling order; Defendant's expert report, 105 days from the date of the scheduling order; Discovery closes, 180 days from the date of the scheduling order; deadline for filing dispositive motions, 60 days after close of discovery; oppositions thereto, 105 days after close of discovery; replies, 135 days after close of discovery.

4

12.    <u>Proposed Date For The Pretrial Conference</u>:  Plaintiff asks the Court to set a date

certain in the initial scheduling order.  Defendant proposes that the setting of a pre-trial date

await the outcome of dispositive motions.

13.    <u>Trial Date</u>:  Plaintiff proposes that the trial date be set in the initial scheduling

order for some time in the winter of 2008.  Should a trial be necessary in this case, defendant

proposes that the date should be set at the pretrial conference.

14.    <u>Other Matters:</u>  None.

Respectfully submitted,


_____/s/ Alan Banov_____
Alan Banov, D.C. Bar #95059                    LINDA SINGER
Alan Banov & Associates                        Attorney General
1819 L Street, N.W., Suite 700
Washington, D.C.  20036[2]
(202) 842-9699
(202) 842-9331 (fax)                           GEORGE C. VALENTINE
ab@banovlaw.com                                Deputy Attorney General, Civil Litigation Division
Attorney for Plaintiff
                                               NICOLE L. LYNCH,  D.C. Bar #471953
                                               Chief, General Litigation Section II

                                                 _/s/ Toni Michelle Jackson_____
                                               TONI MICHELLE JACKSON,  D.C. Bar #453765
                                               Assistant Attorney General
                                               District of Columbia
                                               441 Fourth Street, N.W., Suite 6S052
                                               Washington, D.C.  20001
                                               (202) 724-6602
                                               Toni.Jackson@dc.gov
                                               Attorneys for Defendant

---

[2]  On September 1, 2007, Alan Banov and Associates will move to 8401 Colesville Road, Suite
325, Silver Spring, MD 20910 (phone: 301-588-9699; fax: 301-588-9698).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLIE SORRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-00854 (RWR) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## INITIAL SCHEDULING ORDER

UPON CONSIDERATION of the parties' Joint Report of Local Rule 16.3 Conference
and the entire record herein, it is this _____ day of August, 2007, hereby ORDERED that the
parties shall abide by the following dates, deadlines, and limitations:

Number of interrogatories per party: _____

| | |
|---|---|
| September 21, 2007 | Initial disclosures exchanged |
| October 22, 2007 | Plaintiff's expert report due |
| November 22, 2007 | Defendant's expert report due |
| February 22, 2008 | Completion date for all discovery |
| April 22, 2008 | Deadline for filing dispositive motions |
| June 9, 2008 | Deadline for filing oppositions |
| July 9, 2008 | Deadline for filing replies |
| | Pretrial conference (Tentative) |

Date: _____        _____
                                    RICHARD W. ROBERTS
                                    JUDGE
                                    UNITED STATES DISTRICT COURT
                                    FOR THE DISTRICT OF COLUMBIA

1

Copies to:
Alan Banov, Esq.
Alan Banov & Associates
8401 Colesville Road
Suite 325
Silver Spring, MD 20910

Toni M. Jackson, Esq.
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C.  20001