UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                         )
BILLIE SORRELL,                          )
                                         )
            Plaintiff,                   )
                                         )
            v.                           )  Civil Action No. 07-00854 (RWR)
                                         )
DISTRICT OF COLUMBIA,                    )
                                         )
            Defendant.                   )
_____)

PLAINTIFF BILLIE SORRELL'S MOTION FOR A PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Billie Sorrell, by

her undersigned counsel, hereby moves this Court to enter the attached Protective Order, to

protect the confidentiality of the medical, financial, and employment information which she has

provided, and will provide, to Defendant District of Columbia, and which defendant may

disclose in response to her discovery requests, and in support of this motion states:

1.      Plaintiff has brought this action against the District of Columbia, alleging gender

discrimination by the District of Columbia Department of Corrections ("the Agency").

Specifically, Plaintiff alleges that she was sexually harassed by another Agency employee and

subjected to a hostile work environment by the Agency, while Agency supervisors failed to

address her complaints.  Particularly in light of the sexual issues raised in this case, a protective

order is appropriate to protect the privacy of all confidential documents and information

disclosed by either party in discovery.

2.      In their August 22, 2007, Joint Report of Local Rule 16.3 Conference, the parties

stated, *inter ali*a, "To protect sensitive personal and/or medical information exchanged during the

course of discovery in this case, the parties will submit an appropriate protective order for the Court's approval."

3.      In discovery the parties have been seeking documents and information which may constitute or reveal personal information, medical information, confidential financial information or other sensitive information.[1]

4.      During the course of discovery, defendant has requested various medical, financial, and employment information and documents from plaintiff.  Pursuant to defendant's discovery requests, and in reliance on defendant's representatives in the Joint Meet and Confer Statement that it would negotiate a mutually agreeable protective agreement and order, plaintiff disclosed confidential personnel and medical records to defendant in good faith.  Plaintiff has obtained another confidential report from plaintiff's psychiatrist and will provide it as part of her Rule 26(a)(2) medical report after the Court enters a protective order.

5.      Likewise, in discovery plaintiff is seeking relevant information relating not only to herself, but also to her alleged harrasor (Sgt. Eugenia Haines) and other present and past Agency employees.  Such records may contain confidential information, such as social security numbers, and sexual conduct of Agency employees; documented allegations and investigations of other charges of sexual harassment involving her alleged harassor; and confidential medical records and psychiatric reports.

6.      Therefore, it is clear that in discovery both parties are seeking documents and information which may constitute or reveal information that is protected by the D.C. Mental Health Information Act, D.C. Code §§ 7-1201.01-1208.07 (2001); the D.C. Merit

---

[1]   Defendant served its discovery requests on October 5, 2007.  Plaintiff responded on October 5, 2007.  Plaintiff served her requests on October 17, 2007.  Defendant will respond to them by November 30, 2007.

Comprehensive Personnel Act (CMPA), D.C. Code § 1-631-01 et seq. (2001); and other statutes and which, if publicly disclosed, would unnecessarily intrude on the privacy interests of third parties not before this Court or are of a confidential or sensitive nature.

7.     As explained below, plaintiff's counsel has been trying for weeks, to obtain defendant's agreement to a mutually agreed-upon protective agreement and order, but defendant has unreasonably placed obstacles to such an agreement.

8.     For these reasons, there is good cause to issue this Protective Order.

WHEREFORE, the plaintiff respectfully requests that the Court enter the proposed Protective Order.

Respectfully submitted,

_/s/ Alan Banov_____
ALAN BANOV #95059
Alan Banov & Associates
8401 Colesville Road, Suite 325
Silver Spring, MD 20910
301-588-9699; fax:  301-588-9698
abanov@banovlaw.com
Attorney for Plaintiff

## CERTIFICATION OF EFFORTS TO CONFER

1.      Plaintiff, by her undersigned counsel, hereby certifies that in good faith she has conferred with defendant in an effort to enter a mutually agreeable protective agreement and order.

2.      On October 17, 2007, because plaintiff's medical, financial, and employment information and documents contain sensitive and potentially embarrassing information which persons other than the Court, the parties, and their counsel should not see, plaintiff asked defendant to enter into a Protective Agreement and Order.  See Exhibits 1 and 2 hereto. Although plaintiff had not yet served defendant with her discovery requests, plaintiff anticipated that she would also be asking for confidential information in discovery.

3.      Between October 17 and November 8, plaintiff's counsel repeatedly asked defendant's counsel to find mutually agreeable language for a protective agreement and order. See Exhibit 2, pp. 1-14, hereto.

4.      On October 23, defendant's counsel e-mailed a response to plaintiff's request, indicating that she did not agree with the language in the order.  See Exhibit 2, p. 13.  On October 31, defendant's counsel requested the inclusion of introductory language, a provision governing a party's inadvertent failure to designate discovery materials as confidential, and a term limiting the order to personnel files of plaintiff and the alleged harassor.  See Exhibit 2, pp. 9-11.  By that time plaintiff had served discovery requests which sought, inter alia, personnel and discipline records of other Agency employees, and allegations and reports of sexual harassment by other Agency employees relevant to this action.

4.      On October 31, plaintiff's counsel informed defendant, via e-mail, that it would incorporate introductory language and a provision relating to a party's failure to designate

confidential materials.  However, plaintiff's counsel informed defendant that the protective order should not be limited only to records and information pertaining to plaintiff and Sgt. Haines, since plaintiff's discovery requests (which it served on October 17) legitimately request discoverable confidential information and documents about other Agency employees.  See Exhibit 2, pp. 6-9.

5.      On November 6, Plaintiff's counsel e-mailed to defendant a revised draft of the protective agreement and order, stating, "[W]e incorporated your changes, with the exception of Page 2, Paragraph 2, since in discovery we are seeking relevant and legitimate information which may be confidential."  Exhibit 2, p. 6.

6.      On November 6, defendant's counsel responded that defendant "will not agree to produce all personnel files, so [defendant] "cannot join this motion."  Exhibit 2, p. 5.

7.      Also on November 6, plaintiff's counsel promptly responded via e-mail, indicating they always entered into such agreements, stating that the revision "fairly met the only objections" which defendant raised and asking that the Agency reconsider its position.  Exhibit 2, pp. 4-5.

8.      Later on November 6, plaintiff's counsel mailed and faxed a letter to defendant, explaining that the purpose of the protective agreement is merely "to protect the privacy of any confidential documents and information disclosed by either party," and that "no language" in the order would "give [plaintiff] blanket access" to defendant's personnel records.  See Exhibit 3 hereto.  The letter further explained that such agreements were commonly entered into in employment cases, and sent a sample agreement which plaintiff's counsel had entered into with another D.C. Assistant Attorney General in another employment case.

9.      On November 7, defendant's counsel replied that it "will join the motion, as long as [plaintiff] acknowledge[d] that the District has not agreed that the language in the motion waives any objections to the production of personnel files of nonparties," with an exception for the alleged harasser's file.  See Exhibit 2, p. 3 hereto.

10.     That same day, plaintiff's counsel incorporated a non-waiver clause into the protective agreement, which equivocally preserved this right, using language virtually identical to the language in defendant's counsel's November 7 e-mail, and e-mailed the revised draft to defendant.  See Exhibit 2, p. 3; Exhibit 3.

11.     On November 8, defendant's counsel responded via e-mail, stating that she objected to the language and insisting that the order be limited only to the personnel files of plaintiff and the alleged harasser.  See Exhibit 2, p. 1.  Defendant's counsel reiterated its objection to plaintiff's counsel on the telephone, expressing her concern for waiving its client's right to object to producing personnel files.

12.     Also on November 8, plaintiff's counsel wrote to defendant's counsel, again reminding her that the protective order would not obligate either party to produce documents, and that this issue was "separate and distinct" from its client's ability to challenge its discovery requests on other grounds, since it was free to lodge its objections in its discovery responses. See Exhibit 2, p. 1.

                            Respectfully submitted,

                            _/s/ Alan Banov_____
                            ALAN BANOV #95059
                            Alan Banov & Associates
                            8401 Colesville Road, Suite 325
                            Silver Spring, MD 20910
                            301-588-9699; fax:  301-588-9698
                            abanov@banovlaw.com
                            Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| BILLIE SORRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-00854 (RWR) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |

_____)

## PROTECTIVE ORDER

WHEREAS, in its discovery requests, Defendant District of Columbia seeks information and documents which are confidential and whose disclosure would intrude on the privacy interests of Plaintiff Billie Sorrell and third parties not before the Court;

WHEREAS, plaintiff is reluctant to disclose further information and documents on the grounds of confidentiality, but has agreed to make qualified disclosures of such information pursuant to this Protective Order;

WHEREAS, in discovery plaintiff seeks information and documents which are confidential and whose disclosure would intrude on the privacy interests of the alleged harassor and other past or present employees of the District of Columbia Department of Corrections (the Agency);

WHEREFORE, pursuant to Fed. R. Civ. P. 26(c)(7), the Court orders:

1.      To the extent that defendant seeks or has sought information and/or documents from plaintiff that are confidential, such as pertaining to her medical, employment, or financial history, or otherwise potentially intrusive on her privacy interests, should such information and/or documents be produced by plaintiff or other parties, the disclosures will be identified or labeled, "Confidential," or in a similar manner to designate them as protected by

this order.  Where information is produced in a form not appropriate or available for such labeling, it shall be designated as "Confidential" to the receiving party by written memorandum and so marked, if possible.  When confidential information or documents of the nature covered by this Protective Order have been produced before the entry of this Order, they shall be governed pursuant to the provisions of Paragraph 8 herein.

2.    To the extent that plaintiff seeks or has sought information and/or documents from defendant that are confidential, such as government records and information pertaining to past or present Agency employees which are potentially relevant to this action and are not objectionable other than on privacy grounds, should such documents and/or information be produced by defendant or other parties, the disclosures will be identified or labeled, "Confidential," or in a similar manner to designate them as protected by this order.  Where information is produced in a form not appropriate or available for such labeling, it shall be designated as "Confidential" to the receiving party by written memorandum and so marked, if possible.  When confidential information or documents of the nature covered by this Protective Order have been produced before the entry of this Order, they shall be governed pursuant to the provisions of Paragraph 8 herein.

3.    Pursuant to the provisions of this order, the parties are authorized to release to one another potentially relevant records and information that are subject to the D.C. Mental Health Information Act, D.C. Code §§ 7-1201.01-1208.07 (2001); the D.C. Merit Comprehensive Personnel Act (CMPA), D.C. Code § 1-631-01 et seq. (2001); and other applicable statutes, as well as potentially relevant information which, if released more generally, would intrude on the privacy interests of individuals not before the United States District Court for the District of Columbia, and other records and information of a confidential or sensitive

nature and non-public information, without obtaining the prior written consent of the individuals to whom such records or information pertain.

4.    For purposes of this order, the term "record" shall have the same meaning as set forth in the Privacy Act, 5 U.S.C. § 552a(a)(4) (2000); the D.C. Mental Health Information Act, D.C. Code §§ 7-1201.01-1208.07 (2001); and CMPA, D.C. Code § 1-631-01 et seq. (2001).

5.    If either party believes that any materials which the other has requested contain any confidential, non-public, or personal information, such party may, in good faith, designate the material as "Confidential" or "Subject to Protective Order."

6.    Protected Materials shall be marked, "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER," or contain a similar marking such as "CONFIDENTIAL."  For any records, such as computer data, whose medium makes such stamping impracticable, the diskette case and/or accompanying cover letter shall be marked, "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER," or contain a similar marking.  Answers to interrogatories, if any, that contain Protected Materials also shall be marked, "PRODUCED SUBJECT TO PROTECTIVE ORDER" or SUBJECT TO PROTECTIVE ORDER," or contain a similar marking.

7.    All "protected,"  "confidential," or "non-public" documents subject to this Protective Order and the information contained therein, including but not limited to plaintiff's medical records, tax records and returns, financial information, and any Social security numbers, shall be treated as confidential and shall be used only to the extent necessary for the prosecution or defense of this case, including inquiry, by the parties' counsel or persons acting under their direction.  Documents protected by this Protective Order may be inspected only by (a) the parties, attorneys representing the parties in this case and their law clerks, paralegals, and clerical staffs; (b) plaintiff and the defendant's officials who have a need to see such documents (to be

identified in advance by the Agency, as applicable), (c) any reporter recording the deposition testimony in this action, and any other person(s) authorized by plaintiff and defense counsel to examine such materials; (d) any experts consulted by either party for purposes of prosecuting or defending this case and their clerical staffs; and (e) the United States District Court for the District of Columbia and its personnel who have a need to see such documents.  Any such "protected" documents or information subject to this Protective Order shall not be delivered, exhibited, or otherwise disclosed to any person except the persons specified in this paragraph. Any person having access to information subject to this Order shall be informed that it is confidential and subject to a non-disclosure Order of the United States District Court for the District of Columbia and that it is to be used only for purposes of proceeding in this action. During any deposition noticed in connection with this case, a witness or any counsel may indicate, that a question calls for protected, non-public, or confidential information, or that an answer has disclosed protected, non-public, or confidential information.  Such information may be so designated either:

(a)    during the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Protected Information" or "Confidential Information"; when a designation is made during a deposition, upon request of counsel, all persons, except persons entitled to receive protected, non-public, or confidential information pursuant to this Order shall leave the room where the deposition is proceeding until completion of the answer or answers containing protected, non-public, or confidential information; or

(b)    by written notice to the reporter and to all counsel of record, given within ten (10) calendar days after the date of the reporter's written notice to the deponent or its counsel that the transcript is available for review, in which case the reporter and all counsel receiving notice of

the designation shall be responsible for marking the copies of the transcript in their possession or under their control as directed by the designating party.

8.    The inadvertent failure of a party to designate discovery materials as "CONFIDENTIAL" or the pre-Order production of such materials shall not constitute, or have the effect of, a waiver of any claim that such material or any similar material should be treated as Confidential, and an individual who in good faith treats such materials as non-protected discovery materials, rather than as Confidential Information due to the failure of a party to so designate the materials, shall not be subject to any sanction or liability.  Such inadvertent failure to so designate Confidential Information shall not be deemed a waiver of a party's claim of confidentiality, either as to a specific document or thing, or the information contained therein, and the parties, upon proper, actual notice, shall treat such documents and things that reasonably appear to be Confidential as Confidential Information according to the correct designation and classification.   A receiving party shall make a good faith effort to locate and mark appropriately any Confidential Information upon receipt of such notice.

9.    Except as provided herein, no person having access to material designated as subject to this Order shall make any public disclosure of those materials without further Order of the United States District Court for the District of Columbia or stipulation of the parties.

10.    All documents, and copies made of those documents, designated as subject to this Order, shall be destroyed or returned to opposing counsel within sixty (60) days of the conclusion of the proceedings before the United States District Court for the District of Columbia, including any appeals.  If the documents are destroyed, counsel shall notify opposing counsel.  However, the Agency counsel may retain one copy of any confidential documents whose retention counsel determines, reasonably and in good faith, is necessary or appropriate for compliance with the Federal Records Act, 44 U.S.C. § 3101, and its implementing regulations,

36 C.F.R. § 1222.38.  If Agency counsel does retain any such documents, upon request of

plaintiff's counsel, within sixty (60) days of the conclusion of the proceedings before the United

States District Court for the District of Columbia, including any appeals, government counsel

shall identify all documents so retained.  Any such retained materials shall be placed in an

envelope(s) marked "Confidential or Protected Information Subject to Protective Order," with a

copy of this Order attached.

      11.     Nothing contained in this Order shall be construed as precluding plaintiff or

defendant from introducing materials which are subject to this Order, or the contents thereof, at a

deposition in this case or into evidence at the hearing of this case, as long as they comply with

the other terms of this Protective Order.  Nothing in this Protective Order affects the right of

counsel to discuss with their client any relevant information contained in Protected Materials.

      12.     Nothing contained in this Order shall constitute a waiver by any party of any

claim of privilege or other protection from discovery.

      13.     Except as required under Fed. R.Civ.P. 26, 37, and 56, the parties shall not file

discovery materials, including interrogatories, answers thereto, document requests, responses

thereto, requests for admission, responses thereto, or deposition transcripts, containing

information subject to this order with the United States District Court for the District of

Columbia.

      14.     If any party intends to file any motion, opposition, reply or any other filing prior

to hearing and attach thereto or set forth information that has been designated as subject to this

Stipulated Order, including portions of deposition testimony or exhibits that contain, reference,

or discuss information subject to this Stipulated Order, such filing, to the extent that it includes

limited reference to protected information, may be filed in sealed envelopes bearing the name

and civil action number of the case and the words "under seal."  Finally, no party shall disclose

protected, non-public, or confidential documents or information in an open session of the United

States District Court for the District of Columbia without prior approval by this Court.

15.    In the event that the parties are unable to resolve the disagreement without the

intervention of the United States District Court for the District of Columbia, this Protective

Order shall be issued without prejudice to the right of either party to bring before the United

States District Court for the District of Columbia at any time the question of whether or not any

such "protected" documents are in fact confidential, discoverable, or admissible.

16.    Any specific part or parts of the restrictions imposed by this Protective Order may

be terminated at any time by written agreement of the parties, subject to the approval of the

United States District Court for the District of Columbia.


APPROVED:


_____

Date


_____

UNITED STATES DISTRICT JUDGE


Copies to:

Alan Banov, Esq.
Alan Banov & Associates
8401 Colesville Road, Suite 325
Silver Spring, MD 20910

Toni M. Jackson, Esq.
Assistant Attorney General, D.C.
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C.  20001

EXHIBIT 1

# ALAN BANOV AND ASSOCIATES

**ALAN BANOV**
Admitted in Maryland and the District of Columbia

October 17, 2007

<u>By Facsimile Transmission (to 202-727-3625), E-mail, and by Mail</u>
Toni M. Jackson, Esq.
Assistant Attorney General
District of Columbia
441 Fourth Street, N.W., 6th Floor South
Washington, D.C.  20001

      Re:   <u>Billie Sorrell v. District of Columbia</u>
            C.A. No. 07-854 (RWR) (D.D.C.)

Dear Ms. Jackson:

      Since both parties are or will be asking for confidential information in discovery, we have prepared a Protective Agreement and Order to protect the privacy of such documents and information.  The draft is enclosed.  I am also sending it by e-mail, so you can propose any necessary edits.

      Please review the proposed Protective Agreement and Order and let us know within the week if you need any changes in it.  Otherwise, we will file it with the Court as is.

      Thank you very much for your cooperation.

                    Sincerely,

                    Alan Banov

AB/sf
Enclosure
cc (w/ enclosure):    Ms. Billie Sorrell

WWW.BANOVLAW.COM

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BILLIE SORRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-00854 (RWR) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PROTECTIVE AGREEMENT AND ORDER

Plaintiff Billie Sorrell has brought this action against the District of Columbia, alleging gender discrimination by the District of Columbia Department of Corrections ("the Agency"). In discovery the parties are seeking information which is confidential.

Subject to the Court's approval, plaintiff and defendant, by their undersigned counsel, hereby stipulate and agree that documents and information designated by counsel as "protected" shall be given protected material status, shall be disclosed only to counsel for the parties and to those persons designated in paragraph 5 below, shall be used solely for purposes of the above-captioned litigation, and shall be further protected as set out herein.

Information which plaintiff is asking the Agency to disclose in discovery includes personnel information and records which the Agency believes contain information which is protected by the Federal Privacy Act, 5 U.S.C. §552a; the D.C. Privacy Act; the D.C. Merit Comprehensive Personnel Act (CMPA), D.C. Code §1-631-01 et seq. (2001), and which, if publicly disclosed, would unnecessarily intrude on the privacy interests of third parties not before this Court or are of a confidential or sensitive nature.

For these reasons, there is good cause to issue this Stipulated Privacy Act and Confidentiality Order ("Stipulated Order").

Therefore, it is hereby ORDERED:

1.    Defendant is hereby authorized to release to Plaintiff Billie Sorrell requested Government records and information pertaining to past or present Agency employees which are potentially relevant to this action and are not objectionable other than on privacy grounds, other records and information of a confidential or sensitive nature, and non-public information. Pursuant to the provisions of this Protective Agreement and Order, defendant may release to plaintiff potentially relevant records that are subject to the Privacy Act, 5 U.S.C. §552a, the D.C. Privacy Act, or the CMPA, as well as potentially relevant information which, if released more generally, would intrude on the privacy interests of individuals not before the United States District Court for the District of Columbia, and other records of a confidential or sensitive nature, without obtaining the prior written consent of the individuals to whom such records or information pertain.

2.    If either party believes that any materials which the other has requested contain any confidential, non-public, or personal information, such party may, in good faith, designate the material as "Confidential" or "Subject to Protective Order."

3.    For purposes of this Protective Agreement and Order, the term "record," as it relates to Privacy Act protected materials, shall have the same meaning as set forth in the Privacy Act, 5 U.S.C. §552a(a)(4); the D.C. Privacy Act; and the CMPA.

4.    Protected Materials shall be marked, "PRODUCED SUBJECT TO PROTECTIVE AGREEMENT AND ORDER" or "SUBJECT TO PROTECTIVE ORDER," or contain a similar marking such as "CONFIDENTIAL." For any records, such as computer data, whose medium makes such stamping impracticable, the diskette case and/or accompanying cover letter shall be marked, "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER," or contain a similar marking. Answers to interrogatories, if any,

that contain Protected Materials also shall be marked, "PRODUCED SUBJECT TO PROTECTIVE ORDER" or SUBJECT TO PROTECTIVE ORDER," or contain a similar marking.

5.    All "protected," "confidential," or "non-public" documents subject to this Protective Agreement and Order and the information contained therein, including but not limited to plaintiff's medical records, tax records and returns, financial information, and any Social security numbers, shall be treated as confidential and shall be used only to the extent necessary for the prosecution or defense of this case, including inquiry, by the parties' counsel or persons acting under their direction.  Documents protected by this Protective Agreement and Order may be inspected only by (a) the parties, attorneys representing the parties in this case and their law clerks, paralegals, and clerical staffs; (b) plaintiff and the defendant's officials who have a need to see such documents (to be identified in advance by the Agency, as applicable), (c) any reporter recording the deposition testimony in this action, and any other person(s) authorized by plaintiff and defense counsel to examine such materials; (d) any experts consulted by either party for purposes of prosecuting or defending this case and their clerical staffs; and (e) the United States District Court for the District of Columbia and its personnel who have a need to see such documents.  Any such "protected" documents or information subject to this Protective Agreement and Order shall not be delivered, exhibited, or otherwise disclosed to any person except the persons specified in this paragraph.  Any person having access to information subject to this Order shall be informed that it is confidential and subject to a non-disclosure Order of the United States District Court for the District of Columbia and that it is to be used only for purposes of proceeding in this action.  During any deposition noticed in connection with this case, a witness or any counsel may indicate, that a question calls for protected, non-public, or confidential information, or that an answer has disclosed protected, non-public, or confidential

4

information. Such information may be so designated either:

(a)    during the deposition, in which case the transcript of the designated testimony

shall be bound in a separate volume and marked "Protected Information" or "Confidential

Information"; when a designation is made during a deposition, upon request of counsel, all

persons, except persons entitled to receive protected, non-public, or confidential information

pursuant to this Order shall leave the room where the deposition is proceeding until completion

of the answer or answers containing protected, non-public, or confidential information; or

(b)    by written notice to the reporter and to all counsel of record, given within ten (10)

calendar days after the date of the reporter's written notice to the deponent or its counsel that the

transcript is available for review, in which case the reporter and all counsel receiving notice of

the designation shall be responsible for marking the copies of the transcript in their possession or

under their control as directed by the designating party.

6.    Except as provided herein, no person having access to material designated as

subject to this Order shall make any public disclosure of those materials without further Order of

the United States District Court for the District of Columbia or stipulation of the parties.

7.    All documents, and copies made of those documents, designated as subject to this

Order, shall be destroyed or returned to opposing counsel within sixty (60) days of the

conclusion of the proceedings before the United States District Court for the District of

Columbia, including any appeals. If the documents are destroyed, counsel shall notify opposing

counsel. However, Government counsel may retain one copy of any confidential documents

whose retention counsel determines, reasonably and in good faith, is necessary or appropriate for

compliance with the Federal Records Act, 44 U.S.C. §3101, and its implementing regulations, 36

C.F.R. § 1222.38. If Government counsel does retain any such documents, upon request of

Plaintiff's counsel, within sixty (60) days of the conclusion of the proceedings before the United

States District Court for the District of Columbia, including any appeals, government counsel shall identify all documents so retained. Any such retained materials shall be placed in an envelope(s) marked "Confidential or Protected Information Subject to Protective Order," with a copy of this Order attached.

8.    Nothing contained in this Order shall be construed as precluding Plaintiff or the Agency from introducing materials which are subject to this Order, or the contents thereof, at a deposition in this case or into evidence at the hearing of this case, as long as they comply with the other terms of this Protective Order. Nothing in this Protective Order affects the right of counsel to discuss with their client any relevant information contained in Protected Materials.

9.    The parties shall not file discovery materials, including interrogatories, answers thereto, document requests, responses thereto, requests for admission, responses thereto, or deposition transcripts, containing information subject to this order with the United States District Court for the District of Columbia.

10.    If any party intends to file any motion, opposition, reply or any other filing prior to hearing and attach thereto or set forth information that has been designated as subject to this Stipulated Order, including portions of deposition testimony or exhibits that contain, reference, or discuss information subject to this Stipulated Order, such filing, to the extent that it includes limited reference to protected information, may be filed in sealed envelopes bearing the name and civil action number of the case and the words "under seal." Finally, no party shall disclose protected, non-public, or confidential documents or information in an open session of the United States District Court for the District of Columbia without prior approval by this Court.

11.    In the event that the parties are unable to resolve the disagreement without the intervention of the United States District Court for the District of Columbia, this Protective Agreement and Order shall be issued without prejudice to the right of either party to bring before

6

the United States District Court for the District of Columbia at any time the question of whether

or not any such "protected" documents are in fact confidential, discoverable, or admissible.

12.    Any specific part or parts of the restrictions imposed by this Protective Agreement

and Order may be terminated at any time by written agreement of the parties, subject to the

approval of the United States District Court for the District of Columbia.



Agreed to:

Respectfully submitted,

_____
Date

_____
ALAN BANOV #95059
Alan Banov & Associates
8401 Colesville Road, Suite 325
Silver Spring, MD 20910
Phone: (301) 588-9699
Fax: (301) 588-9698
abanov@banovlaw.com
Attorney for Plaintiff


_____
Date

_____
TONI M. JACKSON #453765
Assistant Attorney General, D.C.
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C.  20001
(202) 724-6602
Fax: (202) 727-3625
Toni.Jackson@dc.gov
Attorney for Defendant

7

APPROVED:

_____
Date

_____
UNITED STATES DISTRICT JUDGE
RICHARD W. ROBERTS

Copies to:

Alan Banov, Esq.
Alan Banov & Associates
8401 Colesville Road, Suite 325
Silver Spring, MD 20910

Toni M. Jackson #453765
Assistant Attorney General, D.C.
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C.  20001

EXHIBIT 2

## Rachelle Ware

**From:** Rachelle Ware [rware@banovlaw.com]
**Sent:** Thursday, November 08, 2007 5:04 PM
**To:** 'Jackson, Toni (OAG)'
**Cc:** 'Alan Banov'; 'Billie Sorrell'
**Subject:** RE: proposed protective order

Ms. Jackson,

I am following up on our brief discussion regarding your latest objection to the language of the draft protective order. After I asked you to explain your position to me, had you given me the opportunity to respond, I would have again explained to you that the language you insist upon is unnecessary, prejudicial and inefficient.

You have repeatedly expressed concerns of waiving your client's right to object to the production of personnel files (other than plaintiff and Sgt. Haines). In your November 7 e-mail, you indicated that you would "join the motion, as long as [we] acknowledge[d] that the District has not agreed that the language in the motion waives any objections to the production of personnel files of nonparties," with an exception for Eugenia Haines. Pursuant to your request, we incorporated language that unequivocally preserves such rights. In fact, the language we added to the protective order, to which you now object, is virtually identical to the language in your November 7 e-mail.

As we have explained to you several times now, the purpose of a protective order is to protect ALL confidential documents that are disclosed by the parties. It will NOT obligate either party to produce documents, including personnel files, to which it objects on other grounds. As we explained to you in our November 6 letter, this issue is separate and distinct from whether your client wishes to challenge our discovery requests on other grounds, and such agreements are commonly used in employment cases to protect any confidential disclosures by either side.

There is no prejudice to the District by entering into a broad agreement to govern all confidential disclosures. As you know, in discovery we are seeking information and documents relating to plaintiff, Sgt. Haines and other DCDC employees. If for some reason, your client objects to these requests, it may lodge its objections in its discovery responses. In that case, we will file a motion to compel, and if it is granted, all confidential disclosures will be subject to the protective order.

We will not consent to language which limits the order to the personnel files of plaintiff and Sgt. Haines. If you are willing to discuss alternative language, please let us know as soon as possible.

If you do not enter into any protective agreement and order, we ask that you promptly return all confidential documents relating to Ms. Sorrell, including her personnel and medical records, which we provided in good faith.

Rachelle Ware

-----Original Message-----
From: Jackson, Toni (OAG) [mailto:Toni.Jackson@dc.gov]
Sent: Thursday, November 08, 2007 4:43 PM
To: 'Rachelle Ware'
Cc: 'Alan Banov'
Subject: RE: proposed protective order

Ms. Ware--

I left you a message. I stand by my requests. I will not consent to any language that indicates a blanket consent to produce employee files. Unless counsel agrees to this provision, the District will not join the motion. Thanks.

Toni Jackson

Toni Michelle Jackson


Assistant Attorney General

Office of the Attorney General

 for the District of Columbia

441 4th Street, N.W., Suite 6S052

Washington, DC 20001

Phone: (202) 724-6602

Fax: (202) 727-3625

E-mail: toni.jackson@dc.gov


This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.


-----Original Message-----
From: Jackson, Toni (OAG)
Sent: Thursday, November 08, 2007 1:57 PM
To: 'Rachelle Ware'
Cc: 'Alan Banov'
Subject: RE: proposed protective order


I do not consent to the blanket production of personnel files of nonparty employees.  I will not consent to the protective order without the following language.

Page 2, ¶1:  Defendant is hereby authorized to release to Plaintiff Billie Sorrell requested Government records and information pertaining to Plaintiff and Sgt. Eugenia Haines only, which are potentially relevant to this action.

Please change the language in ¶10 as follows:  Defendant only agrees to produce the personnel files of the alleged harasser in this matter, and does not waive the its right to assert that all other employee files are confidential, private and barred from production.

Toni Michelle Jackson


Assistant Attorney General

Office of the Attorney General

 for the District of Columbia

441 4th Street, N.W., Suite 6S052

Washington, DC 20001

Phone: (202) 724-6602

Fax: (202) 727-3625

E-mail: toni.jackson@dc.gov


This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.


-----Original Message-----
From: Rachelle Ware [mailto:rware@banovlaw.com]
Sent: Wednesday, November 07, 2007 6:13 PM
To: 'Jackson, Toni (OAG)'
Cc: 'Alan Banov'; 'Billie Sorrell'
Subject: RE: proposed protective order

Ms. Jackson,

I am sending you a revised draft of the agreement, as well as the joint motion, for your review.  Please note that we inserted language preserving your client's right to object as the new paragraph 10.

Thanks,
Rachelle Ware

-----Original Message-----
From: Jackson, Toni (OAG) [mailto:Toni.Jackson@dc.gov]
Sent: Wednesday, November 07, 2007 10:13 AM
To: 'Alan Banov'
Cc: 'Rachelle Ware'; 'Billie Sorrell'
Subject: RE: proposed protective order

I received your facsimile.  I will join the motion, as long as you acknowledge that the District has not agreed that the language in the motion waives any objections to the production of personnel files of nonparties. The only exception I have made, is to agree to produce the alleged harasser's file.  If there is agreement on this issue, then we can go forward.

Toni Michelle Jackson


Assistant Attorney General

Office of the Attorney General

 for the District of Columbia

441 4th Street, N.W., Suite 6S052

Washington, DC 20001

Phone: (202) 724-6602

Fax: (202) 727-3625

E-mail: toni.jackson@dc.gov


This message is being sent by or on behalf of a lawyer. It is intended exclusively for the

individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.


-----Original Message-----
From: Jackson, Toni (OAG)
Sent: Tuesday, November 06, 2007 3:21 PM
To: 'Alan Banov'
Cc: 'Rachelle Ware'; 'Billie Sorrell'
Subject: RE: proposed protective order

My discovery responses are not due yet.

We will not produce personnel files of nonparties, unless they are the alleged harasser or wrongdoer.  Any other files will have to be by court order.

Toni Michelle Jackson


Assistant Attorney General

Office of the Attorney General

 for the District of Columbia

441 4th Street, N.W., Suite 6S052

Washington, DC 20001

Phone: (202) 724-6602

Fax: (202) 727-3625

E-mail: toni.jackson@dc.gov


This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

-----Original Message-----
From: Alan Banov [mailto:abanov@banovlaw.com]
Sent: Tuesday, November 06, 2007 3:22 PM
To: 'Jackson, Toni (OAG)'
Cc: 'Rachelle Ware'; 'Billie Sorrell'
Subject: RE: proposed protective order
Importance: High

If you are refusing to produce ANY personnel files pursuant to our discovery requests (we sent you the requests on October 17, but I have not heard any objection to them), you are buying yourself a motion to compel.

(I have never encountered any federal or DC agency which refused to enter into such an agreement in a court case.)

I think we fairly met the only objections which you have previously raised to our original

protective agreement and order. Don't you wish to reconsider your position on the
protective agreement and order, before we file a motion with the Court to request entry of
a protective order? Alan Banov

Alan Banov, Esq.
Alan Banov and Associates

8401 Colesville Road, Suite 325

Silver Spring, MD 20910

New phone: 301-588-9699

New fax: 301-588-9698

abanov@banovlaw.com

www.banovlaw.com
Disclaimer:  The information contained in this e-mail may be attorney privileged and
confidential information intended only for the use of the individual or entity to whom
this message is originally addressed.  If the reader of this message is not the intended
recipient, or the employee or agent responsible for delivering it to the intended
recipient, you are hereby notified that any dissemination, distribution, or copying of
this communication is strictly prohibited.  If you have received this communication in
error, please immediately notify the sender and destroy this message after so notifying
the sender.


IRS rules restrict written federal tax advice from lawyers under Circular 230, including
in e-mails. The sender of this message does not practice in the area of federal or state
tax law. Nothing in this message is intended to be used as tax advice. Nor may it be used
to avoid any penalty under federal tax laws. This message was not intended to support the
promotion or marketing of any transaction.


-----Original Message-----
From: Jackson, Toni (OAG) [mailto:Toni.Jackson@dc.gov]
Sent: Tuesday, November 06, 2007 3:13 PM
To: 'Rachelle Ware'
Cc: 'Alan Banov'
Subject: RE: proposed protective order

We will not agree to produce all personnel files.  So I cannot join this motion.

Toni Michelle Jackson


Assistant Attorney General

Office of the Attorney General

 for the District of Columbia

441 4th Street, N.W., Suite 6S052

Washington, DC 20001

Phone: (202) 724-6602

Fax: (202) 727-3625

E-mail: toni.jackson@dc.gov

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.


-----Original Message-----
From: Rachelle Ware [mailto:rware@banovlaw.com]
Sent: Tuesday, November 06, 2007 2:58 PM
To: 'Jackson, Toni (OAG)'
Cc: 'Alan Banov'
Subject: RE: proposed protective order

Ms. Jackson:


I am sending you a draft motion and the revised order for your review. You will see that we incorporated your changes, with the exception of Page 2, Paragraph 1, since in discovery we are seeking relevant and legitimate information which may be confidential. Also note that we inserted the clause relating to failure to designate information as confidential as a new paragraph (Paragraph 6).


Thanks,

Rachelle


-----Original Message-----
From: Alan Banov [mailto:abanov@banovlaw.com]
Sent: Wednesday, October 31, 2007 4:12 PM
To: 'Jackson, Toni (OAG)'
Cc: 'Rachelle Ware'; 'Billie Sorrell'
Subject: RE: proposed protective order


Toni,


This is in response to your e-mail.


I was planning language like this for a motion to go with the Protective Agreement and Order:


The parties, through their undersigned counsel, hereby respectfully move the Court to enter an agreed upon Protective Order governing use of any confidential records that will be disclosed in this litigation, as well as any other confidential information disclosed in this litigation pursuant to Fed. R. Civ. P. 26(c)(7).


The parties anticipate the disclosure of confidential mental health and personal information in this case that is protected from disclosure under the D.C. Mental Health Information Act, D.C. Code §§ 7-1201.01-1208.07 and other applicable law, including laws and regulations protecting health information and personnel/employment matters. The

6

release and/or exchange of the requested information without a protective order in place would compromise the privacy of the plaintiffs and the privacy of District employees whose personal information may be contained in these records. For privacy reasons and in the interest of complying with both federal and local law, the parties agree that any information identified as CONFIDENTIAL or CONFIDENTIAL-FOR ATTORNEYS EYES ONLY with respect to the records will remain privileged and confidential, and will only be used in connection with this litigation. A copy of the parties' Stipulated Protective Order is attached hereto as Exhibit A.

Page 2, ¶1:  Defendant is hereby authorized to release to Plaintiff Billie

Sorrell requested Government records and information pertaining to Plaintiff

and Sgt. Eugenia Haines only, which are potentially relevant to this action.

We do NOT accept that.  While Sgt. Haines may be the most important DOC employee whose records we need, we will not limit the protective agreement to her.  There are plenty of discovery requests which legitimately request arguably confidential information and documents about other DOC employees.

The inadvertent failure of a party to designate discovery

materials as CONFIDENTIAL shall not constitute, or have the effect of, a

waiver of any claim that such material or any similar material should be

treated as Confidential, and an individual who, in good faith, treats such

materials as non-protected discovery materials rather than as Confidential

Information due to the failure of a party to so designate the materials

shall not be subject to any sanction or liability.  Such inadvertent failure

to so designate Confidential Information shall not be deemed a waiver of a

party's claim of confidentiality, either as to a specific document or thing,

or the information contained therein, and the parties, upon proper notice,

shall treat such documents and things that reasonably appear to be

Confidential as Confidential Information according to the correct

designation and classification.   A receiving party shall make a good faith

effort to locate and mark appropriately any Confidential Information upon

receipt of such notice.

I can take that clause, with the edits below, as new paragraph 6 on page 4:

The inadvertent failure of a party to designate discovery materials as CONFIDENTIAL shall not constitute, or have the effect of, a waiver of any claim that such material or any similar material should be treated as Confidential, and an individual who in good faith treats such materials as non-protected discovery materials, rather than as Confidential Information due to the failure of a party to so designate the materials, shall not be subject to any sanction or liability.  Such inadvertent failure to so designate Confidential Information shall not be deemed a waiver of a party's claim of confidentiality, either as to a specific document or thing, or the information contained therein, and the parties, upon proper [prompt? actual?] notice, shall treat such documents and things that reasonably appear to be Confidential as Confidential Information according to the
correct designation and classification.   A receiving party shall make a
good faith effort to locate and mark appropriately any Confidential Information upon receipt of such notice.


Please let me know if you are agreeable to the foregoing.  Meanwhile, Rachelle will draft the companion motion.

Thanks

Alan




Alan Banov, Esq.

Alan Banov and Associates


8401 Colesville Road, Suite 325


Silver Spring, MD 20910


New phone: 301-588-9699


New fax: 301-588-9698


abanov@banovlaw.com


www.banovlaw.com

Disclaimer:  The information contained in this e-mail may be attorney privileged and confidential information intended only for the use of the individual or entity to whom this message is originally addressed.  If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended

recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify the sender and destroy this message after so notifying the sender.

IRS rules restrict written federal tax advice from lawyers under Circular 230, including in e-mails. The sender of this message does not practice in the area of federal or state tax law. Nothing in this message is intended to be used as tax advice. Nor may it be used to avoid any penalty under federal tax laws. This message was not intended to support the promotion or marketing of any transaction.

-----Original Message-----
From: Jackson, Toni (OAG) [mailto:Toni.Jackson@dc.gov]
Sent: Wednesday, October 31, 2007 2:12 PM
To: 'Alan Banov'
Subject: RE: proposed protective order


Alan--


My changes are as follows:


Add to first page, introduction:


The parties, through their undersigned counsel, hereby respectfully move the

Court to enter an agreed upon Protective Order governing use of any

confidential records that will be disclosed in this litigation, as well as

any other confidential information disclosed in this litigation pursuant to

Fed. R. Civ. P. 26(c)(7).


The parties anticipate the disclosure of confidential mental health and

personal information in this case that is protected from disclosure under

the D.C. Mental Health Information Act, D.C. Code §§ 7-1201.01-1208.07 and

other applicable law, including laws and regulations protecting health

information and personnel/employment matters.  The release and/or exchange

of the requested information without a protective order in place would

compromise the privacy of the plaintiffs and the privacy of District

employees whose personal information may be contained in these records. For privacy reasons and in the interest of complying with both federal and local law, the parties agree that any information identified as CONFIDENTIAL or CONFIDENTIAL-FOR ATTORNEYS EYES ONLY with respect to the records will remain privileged and confidential, and will only be used in connection with this litigation. A copy of the parties' Stipulated Protective Order is attached hereto as Exhibit A.

Page 2, ¶1:  Defendant is hereby authorized to release to Plaintiff Billie Sorrell requested Government records and information pertaining to Plaintiff and Sgt. Eugenia Haines only, which are potentially relevant to this action.

Page 3, ¶5 (New): The inadvertent failure of a party to designate discovery materials as CONFIDENTIAL shall not constitute, or have the effect of, a waiver of any claim that such material or any similar material should be treated as Confidential, and an individual who, in good faith, treats such materials as non-protected discovery materials rather than as Confidential Information due to the failure of a party to so designate the materials shall not be subject to any sanction or liability.  Such inadvertent failure to so designate Confidential Information shall not be deemed a waiver of a party's claim of confidentiality, either as to a specific document or thing, or the information contained therein, and the parties, upon proper notice, shall treat such documents and things that reasonably appear to be Confidential as Confidential Information according to the correct designation and classification.   A receiving party shall make a good faith effort to locate and mark appropriately any Confidential Information upon receipt of such notice.

Toni Michelle Jackson

Assistant Attorney General

Office of the Attorney General

 for the District of Columbia

441 4th Street, N.W., Suite 6S052

Washington, DC 20001

Phone: (202) 724-6602

Fax: (202) 727-3625

E-mail: toni.jackson@dc.gov

This message is being sent by or on behalf of a lawyer. It is intended
exclusively for the individual or entity to which it is addressed. This
communication may contain information that is proprietary, privileged or
confidential or otherwise legally exempt from disclosure. If you are not the
named addressee, you are not authorized to read, print, retain, copy or
disseminate this message or any part of it. If you have received this
message in error, please notify the sender immediately by e-mail and delete
all copies of the message.

-----Original Message-----
From: Alan Banov [mailto:abanov@banovlaw.com]
Sent: Tuesday, October 23, 2007 11:29 AM
To: 'Jackson, Toni (OAG)'
Cc: 'Rachelle Ware'; 'Billie Sorrell'
Subject: RE: proposed protective order

I would rather see your proposed revisions than hear you just say something negative about it.

And I hope your client is also thinking about our settlement offer of last week.

Thanks

Alan


Alan Banov, Esq.

Alan Banov and Associates


8401 Colesville Road, Suite 325


Silver Spring, MD 20910


New phone: 301-588-9699


New fax: 301-588-9698


abanov@banovlaw.com


www.banovlaw.com

Disclaimer:  The information contained in this e-mail may be attorney privileged and confidential information intended only for the use of the individual or entity to whom this message is originally addressed.  If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify the sender and destroy this message after so notifying the sender.

IRS rules restrict written federal tax advice from lawyers under Circular
230, including in e-mails. The sender of this message does not practice in
the area of federal or state tax law. Nothing in this message is intended to
be used as tax advice. Nor may it be used to avoid any penalty under federal
tax laws. This message was not intended to support the promotion or
marketing of any transaction.


-----Original Message-----

From: Jackson, Toni (OAG) [mailto:Toni.Jackson@dc.gov]

Sent: Tuesday, October 23, 2007 11:20 AM

To: 'Alan Banov'

Cc: 'Rachelle Ware'

Subject: RE: proposed protective order


I do not agree with the language in the protective order.  I will need a few
extra days to propose edits.


Toni Michelle Jackson



Assistant Attorney General


Office of the Attorney General


 for the District of Columbia


441 4th Street, N.W., Suite 6S052


Washington, DC 20001


Phone: (202) 724-6602

Fax: (202) 727-3625


E-mail: toni.jackson@dc.gov



This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.



-----Original Message-----
From: Alan Banov [mailto:abanov@banovlaw.com]
Sent: Wednesday, October 17, 2007 7:19 PM
To: 'Jackson, Toni (OAG)'
Cc: 'Rachelle Ware'; 'Billie Sorrell'
Subject: proposed protective order


Toni,


Here are a letter we sent you today and a proposed protective agreement and order, for your review.


Alan

Alan Banov, Esq.

Alan Banov and Associates

8401 Colesville Road, Suite 325

Silver Spring, MD 20910

New phone: 301-588-9699

New fax: 301-588-9698

abanov@banovlaw.com <mailto:abanov@banovlaw.com>

www.banovlaw.com <http://www.banovlaw.com>

Disclaimer:  The information contained in this e-mail may be attorney
privileged and confidential information intended only for the use of the
individual or entity to whom this message is originally addressed.  If the
reader of this message is not the intended recipient, or the employee or
agent responsible for delivering it to the intended recipient, you are
hereby notified that any dissemination, distribution, or copying of this
communication is strictly prohibited.  If you have received this
communication in error, please immediately notify the sender and destroy
this message after so notifying the sender.

IRS rules restrict written federal tax advice from lawyers under Circular
230, including in e-mails. The sender of this message does not practice in
the area of federal or state tax law. Nothing in this message is intended to
be used as tax advice. Nor may it be used to avoid any penalty under federal
tax laws. This message was not intended to support the promotion or
marketing of any transaction.

EXHIBIT 3

## ALAN BANOV AND ASSOCIATES

ALAN BANOV
Admitted in Maryland and the District of Columbia

November 6, 2007

By Facsimile Transmission (to 202-727-3625) and by Mail
Toni M. Jackson, Esq.
Assistant Attorney General
District of Columbia
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001

Re:    Billie Sorrell v. District of Columbia
       C.A. No. 07-854 (RWR) (D.D.C.)

Dear Ms. Jackson:

This letter follows up on our e-mail communications earlier today regarding the proposed protective agreement and order.

We were surprised by your refusal to join in the joint motion for a stipulated protective order, particularly after we communicated back and forth in this regard, starting on October 17, and incorporated the majority of changes that you proposed into the agreement. In an e-mail today, you wrote that you "would not agree to produce all personnel files." However, no language in the protective agreement requires that you do so.

As you should know, the purpose of this order is to protect the privacy of any confidential documents and information disclosed by either party in discovery. As you know, in discovery we are seeking information and documents relating not only to plaintiff, but also to Sgt. Eugenia Haines and other DCDC employees. In good faith, plaintiff has already disclosed confidential information relating to her employment and medical records. We did not expect this protective order to give us blanket access to all DCDC personnel information; instead, we merely would like to have such an order in place to protect confidential disclosures by both parties. This issue is separate and distinct from whether your client wishes to challenge our discovery requests on other grounds.

As further support, we submit a copy of a joint protective agreement we entered into with one of your colleagues in another employment case, *McFarlane v. New Leaders for New Schools, et. al,* 04-0008506 (Super. Ct.). In virtually every case we litigate in court or before an administrative agency we use such agreements to protect any confidential information and documents which either side discloses in discovery.

Letter to Toni M. Jackson, Esq.
Re:    <u>Billie Sorrell v. District of Columbia</u>
November 6, 2007
Page 2

     If you still object to the specific language used in the draft agreement, we are willing to work with you to find mutually acceptable language so that the protective order would cover all confidential disclosures, including those related to DCDC employees, without waiving your client's right to object on other grounds. If not, we will unilaterally move the Court to enter the enclosed Protective Agreement and Order.

     We hope that you will reconsider your position and look forward to working with you on this. Copies of the same motion and draft Stipulated Protective Order, which we e-mailed to you earlier today, are attached. We look forward to hearing from you.

     Finally, if you do not enter into any protective agreement and order, we will ask you to return all confidential documents relating to Ms. Sorrell. We provided them in good faith in the reasonable belief that we would be able to enter a mutually agreeable protective agreement and order. For the same reason, we are withholding Dr. Boulware's recent report on our client until we are assured that you will treat it with appropriate respect.

     Thank you very much for your cooperation.

                         Sincerely,

                         Alan Banov

AB/RW/sf
Enclosure
cc (w/ enclosure):    Ms. Billie Sorrell

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  | ) |  |
|---|---|---|
| BILLIE SORRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-00854 (RWR) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT MOTION FOR A STIPULATED PROTECTIVE ORDER

The parties, through their undersigned counsel, hereby respectfully move the

Court to enter an agreed upon Protective Order governing use of any confidential records

that will be disclosed in this litigation, as well as any other confidential information

disclosed in this litigation pursuant to Fed. R. Civ. P. 26(c)(7).

The parties anticipate the disclosure of confidential mental health and personal

information in this case that is protected from disclosure under the D.C. Mental Health

Information Act, D.C. Code §§ 7-1201.01-1208.07, and other applicable laws, including

laws and regulations protecting health information and personnel/employment matters.

The release and/or exchange of the requested information without a protective order in

place would compromise the privacy of plaintiff and of other District employees whose

personal information may be contained in these records.  For privacy reasons and in the

interest of complying with both federal and local law, the parties agree that any

information identified as "CONFIDENTIAL" or "CONFIDENTIAL-FOR ATTORNEYS

EYES ONLY" with respect to the records will remain privileged and confidential and

will only be used in connection with this litigation.  A copy of the parties' Stipulated Privacy Act and Protective Order is attached hereto.

For these reasons, the parties respectfully move this Court to issue this Stipulated Protective Order.

Respectfully submitted,

Agreed to:

_____
Date

_____

ALAN BANOV #95059
Alan Banov & Associates
8401 Colesville Road, Suite 325
Silver Spring, MD 20910
Phone: (301) 588-9699
Fax: (301) 588-9698
abanov@banovlaw.com
Attorney for Plaintiff

_____
Date

_____

TONI M. JACKSON #453765
Assistant Attorney General, D.C.
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C.  20001
(202) 724-6602
Fax: (202) 727-3625
Toni.Jackson@dc.gov
Attorney for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLIE SORRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-00854 (RWR) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |

## STIPULATED PRIVACY ACT AND PROTECTIVE ORDER

Plaintiff Billie Sorrell has brought this action against the District of Columbia, alleging

gender discrimination by the District of Columbia Department of Corrections ("the Agency"). In

discovery the parties are seeking information which is confidential.

Subject to the Court's approval, plaintiff and defendant, by their undersigned counsel,

hereby stipulate and agree that documents and information designated by counsel as "protected"

shall be given protected material status, shall be disclosed only to counsel for the parties and to

those persons designated in paragraph 5 below, shall be used solely for purposes of the above-

captioned litigation, and shall be further protected as set out herein.

Information which plaintiff is asking the Agency to disclose in discovery includes

personnel information and records which the Agency believes contain information which is

protected by the D.C. Mental Health Information Act, D.C. Code §§ 7-1201.01-1208.07; the

D.C. Merit Comprehensive Personnel Act (CMPA), D.C. Code §1-631-01 et seq. (2001); and

other applicable statutes and which, if publicly disclosed, would unnecessarily intrude on the

privacy interests of third parties not before this Court or are of a confidential or sensitive nature.

For these reasons, there is good cause to issue this Stipulated Privacy Act and Protective

Order .

2

Therefore, it is hereby ORDERED:

1.     Defendant is hereby authorized to release to Plaintiff Billie Sorrell requested Government records and information pertaining to past or present Agency employees which are potentially relevant to this action and are not objectionable other than on privacy grounds, other records and information of a confidential or sensitive nature, and non-public information. Pursuant to the provisions of this Protective Agreement and Order, defendant may release to plaintiff potentially relevant records that are subject to the D.C. Mental Health Information Act, D.C. Code §§ 7-1201.01-1208.07; the D.C. Merit Comprehensive Personnel Act (CMPA), D.C. Code §1-631-01 et seq. (2001); and other applicable statutes, as well as potentially relevant information which, if released more generally, would intrude on the privacy interests of individuals not before the United States District Court for the District of Columbia, and other records of a confidential or sensitive nature, without obtaining the prior written consent of the individuals to whom such records or information pertain.

2.     If either party believes that any materials which the other has requested contain any confidential, non-public, or personal information, such party may, in good faith, designate the material as "Confidential" or "Subject to Protective Order."

3.     For purposes of this Protective Agreement and Order, the term "record" shall have the same meaning as set forth in the Privacy Act, 5 U.S.C. §552a(a)(4); D.C. Mental Health Information Act, D.C. Code §§ 7-1201.01-1208.07; the D.C. Merit Comprehensive Personnel Act (CMPA), D.C. Code §1-631-01 et seq. (2001); and the CMPA.

4.     Protected Materials shall be marked, "PRODUCED SUBJECT TO PROTECTIVE AGREEMENT AND ORDER" or "SUBJECT TO PROTECTIVE ORDER," or contain a similar marking such as "CONFIDENTIAL." For any records, such as computer data, whose medium makes such stamping impracticable, the diskette case and/or accompanying cover

3

letter shall be marked, "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER," or contain a similar marking. Answers to interrogatories, if any, that contain Protected Materials also shall be marked, "PRODUCED SUBJECT TO PROTECTIVE ORDER" or SUBJECT TO PROTECTIVE ORDER," or contain a similar marking.

5.    All "protected," "confidential," or "non-public" documents subject to this Protective Agreement and Order and the information contained therein, including but not limited to plaintiff's medical records, tax records and returns, financial information, and any Social Security numbers, shall be treated as confidential and shall be used only to the extent necessary for the prosecution or defense of this case, including inquiry, by the parties' counsel or persons acting under their direction. Documents protected by this Protective Agreement and Order may be inspected only by (a) the parties, attorneys representing the parties in this case and their law clerks, paralegals, and clerical staffs; (b) plaintiff and the defendant's officials who have a need to see such documents (to be identified in advance by the Agency, as applicable), (c) any reporter recording the deposition testimony in this action, and any other person(s) authorized by plaintiff and defense counsel to examine such materials; (d) any experts consulted by either party for purposes of prosecuting or defending this case and their clerical staffs; and (e) the United States District Court for the District of Columbia and its personnel who have a need to see such documents. Any such "protected" documents or information subject to this Protective Agreement and Order shall not be delivered, exhibited, or otherwise disclosed to any person except the persons specified in this paragraph. Any person having access to information subject to this Order shall be informed that it is confidential and subject to a non-disclosure Order of the United States District Court for the District of Columbia and that it is to be used only for purposes of proceeding in this action. During any deposition noticed in connection with this

4

case, a witness or any counsel may indicate, that a question calls for protected, non-public, or confidential information, or that an answer has disclosed protected, non-public, or confidential information. Such information may be so designated either:

(a)     during the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Protected Information" or "Confidential Information"; when a designation is made during a deposition, upon request of counsel, all persons, except persons entitled to receive protected, non-public, or confidential information pursuant to this Order shall leave the room where the deposition is proceeding until completion of the answer or answers containing protected, non-public, or confidential information; or

(b)     by written notice to the reporter and to all counsel of record, given within ten (10) calendar days after the date of the reporter's written notice to the deponent or its counsel that the transcript is available for review, in which case the reporter and all counsel receiving notice of the designation shall be responsible for marking the copies of the transcript in their possession or under their control as directed by the designating party.

6.     The inadvertent failure of a party to designate discovery materials as CONFIDENTIAL shall not constitute, or have the effect of, a waiver of any claim that such material or any similar material should be treated as Confidential, and an individual who in good faith treats such materials as non-protected discovery materials, rather than as Confidential Information due to the failure of a party to so designate the materials, shall not be subject to any sanction or liability. Such inadvertent failure to so designate Confidential Information shall not be deemed a waiver of a party's claim of confidentiality, either as to a specific document or thing, or the information contained therein, and the parties, upon proper, actual notice, shall treat such documents and things that reasonably appear to be Confidential as Confidential Information according to the correct designation and classification. A receiving party shall make a good

faith effort to locate and mark appropriately any Confidential Information upon receipt of such notice.

7.      Except as provided herein, no person having access to material designated as subject to this Order shall make any public disclosure of those materials without further Order of the United States District Court for the District of Columbia or stipulation of the parties.

8.      All documents, and copies made of those documents, designated as subject to this Order, shall be destroyed or returned to opposing counsel within sixty (60) days of the conclusion of the proceedings before the United States District Court for the District of Columbia, including any appeals.  If the documents are destroyed, counsel shall notify opposing counsel.  However, Government counsel may retain one copy of any confidential documents whose retention counsel determines, reasonably and in good faith, is necessary or appropriate for compliance with the Federal Records Act, 44 U.S.C. §3101, and its implementing regulations, 36 C.F.R. § 1222.38.  If Government counsel does retain any such documents, upon request of Plaintiff's counsel, within sixty (60) days of the conclusion of the proceedings before the United States District Court for the District of Columbia, including any appeals, government counsel shall identify all documents so retained.  Any such retained materials shall be placed in an envelope(s) marked "Confidential or Protected Information Subject to Protective Order," with a copy of this Order attached.

9.      Nothing contained in this Order shall be construed as precluding plaintiff or defendant from introducing materials which are subject to this Order, or the contents thereof, at a deposition in this case or into evidence at the hearing of this case, as long as they comply with the other terms of this Protective Order.  Nothing in this Protective Order affects the right of counsel to discuss with their client any relevant information contained in Protected Materials.

6

10.    The parties shall not file discovery materials, including interrogatories, answers thereto, document requests, responses thereto, requests for admission, responses thereto, or deposition transcripts, containing information subject to this order with the United States District Court for the District of Columbia.

11.    If any party intends to file any motion, opposition, reply or any other filing prior to hearing and attach thereto or set forth information that has been designated as subject to this Stipulated Order, including portions of deposition testimony or exhibits that contain, reference, or discuss information subject to this Stipulated Order, such filing, to the extent that it includes limited reference to protected information, may be filed in sealed envelopes bearing the name and civil action number of the case and the words "under seal." Finally, no party shall disclose protected, non-public, or confidential documents or information in an open session of the United States District Court for the District of Columbia without prior approval by this Court.

12.    In the event that the parties are unable to resolve the disagreement without the intervention of the United States District Court for the District of Columbia, this Protective Agreement and Order shall be issued without prejudice to the right of either party to bring before the United States District Court for the District of Columbia at any time the question of whether or not any such "protected" documents are in fact confidential, discoverable, or admissible.

13.    Any specific part or parts of the restrictions imposed by this Protective Agreement and Order may be terminated at any time by written agreement of the parties, subject to the approval of the United States District Court for the District of Columbia.

7

Respectfully submitted,

Agreed to:

_____

Date

_____

ALAN BANOV #95059
Alan Banov & Associates
8401 Colesville Road, Suite 325
Silver Spring, MD 20910
Phone: (301) 588-9699
Fax: (301) 588-9698
abanov@banovlaw.com
Attorney for Plaintiff


_____

Date

_____

TONI M. JACKSON #453765
Assistant Attorney General, D.C.
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6602
Fax: (202) 727-3625
Toni.Jackson@dc.gov
Attorney for Defendant

8

APPROVED:

_____
Date

_____
UNITED STATES DISTRICT JUDGE
RICHARD W. ROBERTS

Copies to:

Alan Banov, Esq.
Alan Banov & Associates
8401 Colesville Road, Suite 325
Silver Spring, MD 20910

Toni M. Jackson, Esq.
Assistant Attorney General, D.C.
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C.  20001

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION



GEORGE KENNETH MCFARLANE,

Plaintiff,

v.

NEW LEADERS FOR NEW SCHOOLS and
DISTRICT OF COLUMBIA,

Defendants.

)
)
)
)
)
)
)
)
)
)
)

C.A. No.: 04-0008506

Calendar: 8 (J. Canan)

**STIPULATION AND ORDER GOVERNING THE PROTECTION
AND EXCHANGE OF CONFIDENTIAL DISCOVERY MATERIAL**

IT IS HEREBY STIPULATED AND AGREED by and among the parties

to this action, subject to the approval of the Court, that the following procedures shall

govern the production and exchange of all documents, testimony, tangible materials,

interrogatory answers, and other information produced, given, or exchanged during the

course of this action ("Discovery Material") by and among all parties and any non-parties

(each a "Party"):

1.    Definition of Confidential Discovery Material. "Confidential

Discovery Material" is any Discovery Material (A) that a Party producing the Discovery

Material (a "Producing Party") in good faith believes constitutes or reveals personal

information, medical information, confidential financial information, proprietary business

information, or sensitive commercial information; or (B) the disclosure of which a

Producing Party in good faith believes is substantially likely to cause injury to the

Producing Party.

DOCKETED In Chambers   FEB   3 2006

MAILED From Chambers   FEB   3 2006



2.    <u>Designation of Confidential Discovery Material</u>.

(a)    <u>Documents and Objects</u>.  Any Producing Party may designate as Confidential Discovery Material any Discovery Material, other than testimony, that it produces by affixing the word "Confidential" to the Discovery Material in a manner that does not interfere with its legibility.

(b)    <u>Testimony</u>.  A Producing Party may designate any deposition or pretrial testimony as Confidential Discovery Material by either (1) stating orally on the record of a deposition that specific information or testimony constitutes Confidential Discovery Material; or (2) sending written notice, within thirty (30) business days of receiving the final version of the transcript of the deposition or testimony, that specific information or testimony constitutes Confidential Discovery Material.  All depositions and transcripts shall be deemed Confidential Discovery Material until the expiration of the thirtieth day after counsel for the Parties receive the final version of the transcript of the deposition or testimony.

(c)    <u>Representation</u>.  A Producing Party's designation of any Discovery Material as Confidential Discovery Material constitutes a representation that an attorney for the Producing Party has reviewed such Discovery Material and that the Producing Party in good faith believes that the Discovery Material constitutes Confidential Discovery Material as defined in this Stipulation.

3.    <u>Delivery of Confidential Discovery Material</u>.  Nothing in this Stipulation and Order shall prohibit the transmission or communication of Confidential Discovery Material or information derived therefrom by hand delivery, face-to-face conference, delivery or messenger service, telephone, telegram, facsimile, or other

2

electronic transmission, if under the circumstances there is no reasonable likelihood that the transmission will be intercepted or misused or that persons not authorized will receive or review such materials or information.

    4.    <u>Treatment of Confidential Discovery Material</u>.  Confidential Discovery Material and information derived therefrom shall be maintained as confidential by the Party to which it is produced (the "Receiving Party") and shall be used by the Receiving Party solely for purposes of preparing for and conducting the litigation of this action and any appellate proceedings in this action and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or any other litigation.

    5.    <u>Disclosure of Confidential Discovery Material</u>.  Confidential Discovery Material and information derived therefrom shall not be disclosed by the Receiving Party to any persons other than:

    (a)    the Court, including all persons employed by the Court, who become involved in this action;

    (b)    court reporters transcribing testimony or argument at a hearing, trial, or deposition in this action (including any appeal);

    (c)    Plaintiff;

    (d)    current or former officers, directors, employees or agents of Defendants that counsel for Defendants determine in good faith have a need to see such Confidential Discovery Material;

(e)      counsel to the Parties in this action including the clerks, paralegals, secretaries, law clerks, and other employees of such counsel who are working with such counsel on this action;

(f)      current or former employees of any Party who are working with or under the supervision of counsel directly on the prosecution or defense of the claims made in this action, or who give deposition or trial testimony;

(g)      deposition or trial witnesses (other than expert witnesses who are not employees of any Party), and their counsel, but only during the course of and to the extent necessary in preparing for and giving their testimony in this action, and only by displaying Confidential Discovery Material to such persons, without giving copies of any such Confidential Discovery Material to such persons; and further, provided that counsel exhibiting Confidential Discovery Material to any person pursuant to this paragraph shall first advise such person of the contents of this Stipulation and shall use best efforts to obtain such witness' execution of an undertaking in the form attached as Exhibit A hereto; and

(h)      outside consultants, investigators, or experts retained by the Parties, provided that (i) no such person may be shown any Confidential Discovery Material produced by an adverse Party unless and until such person has executed an undertaking in the form attached as Exhibit A hereto, which executed undertaking must be retained by counsel for the Party that desires to disclose such Confidential Discovery Material to such person; (ii) such persons may use any Confidential Discovery Material solely for purposes of this litigation and not for any other purpose; and (iii) such persons may not disclose any Confidential Discovery Material to any other persons.

6.     Use of Confidential Discovery Material.

(a)     Papers.  If any Party files with the Court any Confidential Discovery Material or information derived therefrom or any briefs or other papers appending, containing, or making reference to the content of any Confidential Discovery Material, the Parties agree to seal such information, pursuant to Superior Court Rule of Court 5-III.  Pursuant to Rule 5-III, the filing Party shall designate the first page of such documents with the legend "DOCUMENTS SUBJECT TO PROTECTIVE ORDER".  If such papers are filed before entry of this Stipulation and Order by the Court, the filing Party shall also file a motion requesting that the materials be sealed.  If such papers are filed after entry of this Stipulation and Order, the filing Party shall file with the documents a copy of this Stipulation and Order, which shall serve as a Order of the Court sealing such Confidential Discovery Material pursuant to the terms herein.  Such Confidential Discovery Material shall be sealed and shall be released only as provided upon further Order of the Court.

(b)     Court Proceedings.  In the event that any Confidential Discovery Material is used in any Court proceeding in this action or any appeal therefrom, such Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use.  Counsel shall confer on such procedures that are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings.

7.     Destruction of Confidential Discovery Materials.  Upon the termination of this action (including any appeals), counsel for each Receiving Party shall destroy all produced Confidential Discovery Material and any copies thereof (including

excerpts and summaries) and certify in writing to the Producing Party that such Confidential Discovery Material has been destroyed. The cost of so destroying such Confidential Discovery Material shall be borne by the Receiving Party. Notwithstanding the foregoing, counsel who have entered their appearance in this action shall be entitled to keep their own copies of pleadings and other papers submitted to the Court, as well as memoranda, correspondence, notes and work product created in the course of this action, even if such documents contain or refer to the contents of Confidential Discovery Material, but such copies kept by counsel shall continue to be subject to the provisions of this Stipulation and Order even after the termination of this action.

       8.    <u>Objections to Designations</u>. If the Receiving Party objects to the designation of any discovery materials as Confidential Discovery Material, that Receiving Party shall state the objection by letter to counsel for the Producing Party. If the Parties are unable to resolve the objection, the Receiving Party may move for an order de-designating such materials. The Discovery Materials shall continue to be Confidential Discovery Material until the Court rules on any such motion.

       9.    <u>Producing Party's Use of Its Own Discovery Material</u>. Nothing in this Stipulation and Order shall be construed as a restriction on a Producing Party's use or disclosure of its own Discovery Material or information.

      10.    <u>Material Obtained Through Means Other Than Discovery</u>. Nothing in this Stipulation and Order shall impose any restrictions on the use or disclosure by a Party of documents, materials, or information designated as Confidential Discovery Material by a Producing Party but also lawfully obtained by the Receiving Party independently of the discovery in this action.

11.    <u>Inadvertent Production</u>.  The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim by a Producing Party that such material is privileged under the attorney-client or other privilege, protected from discovery as attorney work product, constitutes Confidential Discovery Material, or is irrelevant to any claims raised in this action.  Upon receipt of inadvertently produced documents identified as privileged or appearing from their contents to be privileged, the Receiving Party shall (A) return the original and all copies of such documents within five (5) business days, and (B) shall not use such document or such information for any purpose until further order of the Court.  Upon written request by the Producing Party, the Receiving Party shall (A) return the original and all copies of such documents within five (5) business days, and (B) shall not use such document or such information for any purpose until further order of the Court.  The Receiving Party may file a motion with the Court requesting that the document be produced again on good faith grounds that it is not privileged or otherwise protected from disclosure, and its counsel may, solely for that purpose, retain one copy of the document in question, which shall be kept separate from other documents produced by the Producing Party, and which shall not be used for any purpose other than presenting the issue of production to the Court.

12.    <u>Objections to Admissibility Preserved</u>.  Nothing in this Stipulation and Order shall be construed to affect in any way the rights of any Party to object to the admissibility of any materials into evidence at the trial of this action.

13.    <u>No Waiver of Privileges</u>.  Nothing in this Stipulation and Order shall constitute a waiver by any Party of any claim of privilege or other protection from discovery.

14.    <u>Interim Period</u>.  Each Party and its counsel agree to abide by the terms of this Stipulation and Order in the interim period between execution by counsel and entry of a Protective Order by the Court.

15.    <u>Non-Parties</u>.  The Parties to this action agree that the production of any Confidential Discovery Material by any Non-Party shall be subject to and governed by the terms of this Stipulation and Order.

16.    <u>Future Parties</u>.  In the event that additional Parties join or are joined in this litigation or desire to have access to Confidential Discovery Material, they shall not have access to such Confidential Discovery Material until the additional Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation and Order.

17.    <u>Modification of this Stipulation and Order</u>.  Any Party may move for a modification of this Stipulation and Order at any time, upon notice to all Parties.

18.    <u>Continuing Jurisdiction</u>.  The Court shall retain jurisdiction, even after the conclusion of this action, for purposes of enforcing the provisions of this Stipulation and Order.

Respectfully submitted,

By: _____

Alan Banov (#95059)
ALAN BANOV & ASSOCIATES
1819 L Street, Suite 700
Washington, DC 20036-3830
Tel: 202 822-9699
*Counsel for Plaintiff*

By: _____

Jennifer Gardner Levy (#461921)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Tel: 202 879-5000
*Counsel for New Leaders for New Schools*

By: _____

Nicola N. Grey (#492150)
Assistant Attorney General
District of Columbia
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
*Counsel for District of Columbia*

9

Respectfully submitted,

By: _____
Alan Banov (#95059)
ALAN BANOV & ASSOCIATES
1819 L Street, Suite 700
Washington, DC 29036-3830
Tel: 202 822-9699
*Counsel for Plaintiff*

By: _____
Jennifer Gardner Levy (#461921)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Tel: 202 879-5000
*Counsel for New Leaders for New Schools*

By: _____
Nicola N. Grey (#492150)
Assistant Attorney General
District of Columbia
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
*Counsel for District of Columbia*

Respectfully submitted,

By: _____
Alan Banov (#95059)
ALAN BANOV & ASSOCIATES
1819 L Street, Suite 700
Washington, DC 20036-3830
Tel: 202 822-9699
*Counsel for Plaintiff*

By: _____
Jennifer Gardner Levy (#461921)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Tel: 202 879-5000
*Counsel for New Leaders for New Schools*

By: _____
Nicola N. Grey (#492130)
Assistant Attorney General
District of Columbia
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
*Counsel for District of Columbia*

9

## ORDER

Based on the foregoing Stipulation and Order Governing the Protection and Exchange of Confidential Discovery Material and good cause appearing therefor,

IT IS SO ORDERED, this 31st day of January, 2006.


RUSSELL CANAN
Judge, Superior Court of the District of Columbia


Copies to:

Alan Banov (#95059)
ALAN BANOV & ASSOCIATES
1819 L Street, Suite 700
Washington, DC 20036-3830
Tel: 202 822-9699
*Counsel for Plaintiff*

Jennifer Gardner Levy (#461921)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Tel: 202 879-5000

Andrew R. Dunlap
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022
Tel: 212-446-4800
*Counsel for New Leaders for New Schools*

Nicola N. Grey (#492150)
Assistant Attorney General
District of Columbia
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
*Counsel for District of Columbia*

## EXHIBIT A

<u>UNDERTAKING</u>

I hereby certify my understanding that Confidential Discovery Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Order Governing the Protection and Exchange of Confidential Discovery Material entered by order of the Superior Court of the District of Columbia in the action entitled *George Kenneth McFarlane v. New Leaders for New Schools and District of Columbia,* C.A. No.: 04-0008506. I further certify that I have been provided a copy of and have read the Stipulation and Order; that I agree to abide by the terms of the Stipulation and Order; and that I hereby agree to subject myself to the jurisdiction of the Superior Court of the District of Columbia for purposes of enforcement of the terms and restrictions of the Order. I understand that violation of the Order is punishable by contempt of court.

Name: _____

Address: _____

Dated: _____