**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

BILLIE SORRELL,

                    PLAINTIFF,

        v.                                          Case No. 07-00854 (RWR/JMF)

DISTRICT OF COLUMBIA,

                    DEFENDANT.

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**

<u>I.  INTRODUCTION</u>

        Defendant District of Columbia ("District") hereby opposes plaintiff's motion for a protective order.  Specifically, the District does not agree to a blanket protective order in this matter, but has agreed to provide plaintiff's and the alleged harasser's personnel files.    For the reasons detailed below, the District respectfully requests that the Court deny plaintiff's motion for a protective order, or, in the alternative, limit the order as outlined in the attached proposed Protective Order.

    1.  Plaintiff has alleged that defendant discriminated against her based on her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.  See Complaint, *et. seq*.  Specifically, plaintiff alleges that one employee of the District of Columbia ("alleged harasser") subjected her to unwelcome sexual advances and created a hostile working environment.  (*Id.*).

    2.  Plaintiff has requested the personnel files for herself and the alleged harasser. The District has agreed to provide these files to plaintiff, once an agreed upon

Protective Order was in place as to these two individuals.  The District would not agree to a blanket Protective Order.[1]

3. In her discovery requests, plaintiff seeks the last position held, home address and phone number for eleven (11) District employees.  *See* Exhibit A, attached hereto. Any Protective Order in this matter should be limited only to the plaintiff and alleged harasser.  The attached proposed protective Order is narrowly tailored and appropriate under the circumstances.

4. The information contained in an employee's personnel file is not discoverable because the release of the documents is prohibited by D.C. Code § 1-631.01, and because the information is not relevant to the issues raised in the plaintiff's Complaint.  *See* D.C. Code §§ 1-631.01, 1-632.3, 5-113.01, 5-113.06, and District Personnel Manual ("DPM") § 3102.1.

5. Moreover, the release of non-party employees' personnel information constitutes an unwarranted invasion of privacy.  Such personnel information is generally confidential and protected from disclosure.  D.C. Code § 1-631.01 provides that:

> All official personnel records of the District government shall be establish, maintained, and disposed of in a manner designed to ensure the greatest degree of applicant or employee privacy while providing adequate, necessary, and complete information for the District to carry out its responsibilities under this chapter.  Such records shall be established, maintained, and disposed of in accordance with rules and regulations issued by the Mayor.

---

[1] The District notes that had plaintiff alleged wrongdoing by several employees, then a more comprehensive Protective Order would be warranted.  However, plaintiff alleges wrongdoing by one co-worker, and the release of personnel information for employees not involved in the alleged harassment is unwarranted in this matter.

D.C. Code § 1-631.01 (2001 ed.). Under D.C. Code § 1-632.3, personnel information may only be released under very limited circumstances.

> It is the policy of the District government to make personnel information in its possession or under its control available upon request to appropriate personnel and law-enforcement authorities, except if such disclosure would constitute an unwarranted invasion of personal privacy or is prohibited under law or rules and regulations issued pursuant thereto.

D.C. Code § 1-632.3 (2001 ed.). Similarly, section 3102.1 of the DPM provides that:

> It shall be the policy of the District Government to make personnel information in its possession or under its control available upon request to appropriate personnel and law enforcement authorities, except if such disclosure would constitute an unwarranted invasion of personal privacy or is prohibited by law or regulation.

6.  The District is responsible for maintaining the privacy of its employees' files. D.C. Code § 1-631.01 provides that "[a]ll official personnel records of the District government shall be established, maintained, and disposed of in a manner designed to ensure the greatest degree of applicant or employee privacy…."

7.  Although eleven employees whose personnel information has been requested by Plaintiff may be relevant witnesses for plaintiff's discrimination claims, their personnel information has nothing to do with plaintiff's claims. Personnel files generally contain administrative information about the employee such as information on the employee's performance, pay, awards received, application for employment, and disciplinary measures taken against the employee. This information is not likely to lead to any information that would assist plaintiff in her gender discrimination/hostile work environment claims.

8. The District will make its current employees available for depositions in this matter, and will give plaintiff's counsel the last known address of all former employees.

9. Finally, plaintiff's argument that he has entered into blanket protective orders with other Assistant Attorneys General is wholly irrelevant. Undersigned counsel is willing to agree on a protective order that is narrowly tailored under the specific facts and circumstances alleged in plaintiff's Complaint and discovery requests.

10. Based upon the foregoing, plaintiff's motion for a protective order regarding personnel information of various non-party employees should be denied. The District respectfully requests that the Court grant the Protective Order attached hereto.

## III.  CONCLUSION

WHEREFORE, the District respectfully requests that plaintiff's motion for a protective order be denied.

Dated: November 26, 2007.                    Respectfully Submitted,

LINDA SINGER
Attorney General, District of Columbia

GEORGE VALENTINE
Deputy Attorney General, Civil Lit. Div.

/s/Nicole L. Lynch
NICOLE L. LYNCH [471953]
Chief Civil Litigation Division Section II

/s/Toni Michelle Jackson
TONI MICHELLE JACKSON  [453765]
Assistant Attorneys General
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C.  20001

4

Direct Line: (202) 724-6602
Facsimile: (202) 727-3625
E-mail:  toni.jackson@dc.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of November 2007, I caused the foregoing DEFENDANT DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Alan Banov, Esq.
**ALAN BANOV AND ASSOCIATES**
8401 Colesville Road, Suite 325
Silver Spring, MD 20910

/s/Toni Michelle Jackson
TONI MICHELLE JACKSON
Assistant Attorney General

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BILLIE SORRELL,

                PLAINTIFF,       Case No. 07-00854 (RWR/JMF)

     v.

DISTRICT OF COLUMBIA,

                DEFENDANT.

## PROPOSED PROTECTIVE ORDER

This matter coming to be heard upon the motion of plaintiff Billie Sorrell, and the District of Columbia ("District") opposition to the motion for entry of a protective order pursuant to Fed. R. Civ. P. 26 (c)(7), and the Court being fully advised.

**WHEREAS**, plaintiff has alleged that defendant discriminated against her based on her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e;

**WHEREAS**, discovery in this case will include the review of confidential documents and related information including, but not limited to, plaintiff's finances, medical and/or psychotherapy care, as well as potential information regarding the alleged harasser, an employee of the District of Columbia.  Accordingly, good cause having been shown within the meaning of Federal Rule of Civil Procedure 26(c),

**IT IS HEREBY ORDERED THAT:**

As used herein, the word "document" means: (a) all papers, documents, records, forms, electronic and printed, and written and electronic materials produced or furnished by, or obtained by the District, plaintiff, or third parties; (b) all copies, extracts, and complete or partial summaries prepared from such papers, documents, or electronic materials that specifically describe confidential information; (c) portions of deposition transcripts and exhibits thereto which specifically describe any such papers, documents, copies, extracts, or summaries; (d) portions of briefs, memoranda, or any other writings, filed with the Court, and exhibits thereto, which specifically describe any such papers, documents, electronic materials, copies, extracts, or summaries; but not, (e) any materials which in good-faith judgment of counsel are work product materials.

Documents are to be designated confidential only if they are nonpublic confidential medical, personnel, proprietary, commercial or trade secret information. Wherever practicable, material and information will  not be designated as confidential. Wherever practicable, confidential portions will be segregated in order to allow non-confidential portions to be treated outside of the scope of this order.

1. For the purposes of this Order, "Confidential Information" shall mean any documents, evidence, testimony, materials or other information, whether written or oral, exchanged, revealed or presented in these proceedings, designated in good faith as "Confidential" by either party.  Confidential Information shall include, but not be limited to, any information relating to plaintiffs' medical history, personnel files or information of any District employee—including plaintiff, all documents produced during discovery by the defendant, and the home addresses and telephone numbers of current or former employees of the defendant.

2. Confidential Information supplied by the Parties shall be reviewed only by the parties in this litigation, attorneys and their supervisors as well as secretaries, investigators, paralegals, interns, and any experts retained by the Parties for purposes of this case.  Confidential Information supplied by the Parties shall not be reviewed by or disclosed to any other persons not associated with this case, and shall not otherwise be disclosed in any way that is inconsistent with the terms of this Order.

3.  If a party believes that any pleading, exhibit, deposition transcript, document or other written material to be produced by that party contains Confidential Information, the party shall stamp each page containing such information as "Confidential."  The inadvertent failure of a party to mark or designate information or testimony as Confidential at the time of its production or utterance shall not constitute a waiver of the protections provided herein, so long as said oversight is recognized and rectified in a reasonably timely manner.

4. A party may challenge the designation of information produced during this action as "Confidential" by bringing the issue to the attention of the Court via telephone conference or a motion for an appropriate order, provided, however, that the receiving party must first make a good-faith attempt to resolve the dispute informally with the producing party.  A good faith effort must include ample notice, and an opportunity to review the subject issue, discuss it with the parties, and respond in writing if necessary to protect the record herein.  Unless and until the parties agree

that information designated as "Confidential" is not entitled to the protections conferred by such designation, or, in the absence of agreement, the Court so rules, said information shall remain Confidential Information subject to this Protective Order.

5. Each person receiving Confidential Information will take steps to insure that disclosure is strictly limited to persons so authorized under this Protective Order in ¶ 2 above, and is maintained in a manner that prevents its use for purposes not authorized in this Protective Order. All Confidential Information, whether contained in answers to interrogatories, documents, deposition transcripts or exhibits, pleadings, shall be kept in such a manner sufficient to protect the confidential nature of the information and such Confidential Information shall, at all times, be maintained in the utmost confidentiality.

6. Any pleading or other submission filed in this proceeding, which contains Confidential Information, shall be filed under seal, in paper form rather than electronically, and clearly marked as being filed under seal and as containing Confidential Information.

7. Each party shall be responsible for maintaining in a secure manner all copies of Confidential Information received by that party or its representatives, consultants, officers or employees, or otherwise provided by the other party. Within sixty (60) days of a final judgment or settlement in these proceedings, each party shall either return to the other all copies of such information (including without limitation copies in the possession of their consultants, contractors, experts, and counsel), or certify that all such copies have been destroyed, except that counsel may retain one set of pleadings and all exhibits and attachments thereto, and all Confidential Information used in any Court proceeding in connection with this litigation, in a secure place for a period of six (6) years.

8. Each party shall submit a list/matrix indicating what previously produced documents are protected by this Order. As this protective order will apply to any confidential information described in ¶ 1, and to any confidential information that has already been produced.

9. This Protective Order and the production of any Confidential Information pursuant thereto are not intended as a waiver of any privilege, right, or objection. Disclosure

of Confidential Information may not be compelled simply because it is covered by this Order.  Further, this Protective Order is not intended to waive any objections that may be raised at the time of trial or at any time during this Litigation.

10. The provisions of the Protective Order are without prejudice to the right of any party to: (a) apply to the Court for a further protective order relating to any Confidential Information or relating to discovery in this Litigation, and (b) apply to the Court for an order removing the Confidential Information designation.

11. The parties shall communicate the confidentiality requirements of this Protective Order to every person who is given access, pursuant to the terms of this Order, to Confidential Information produced by the other party.

12. In the event that any Confidential Information is used in any court proceeding in connection with this litigation, the parties shall take all steps reasonably required to protect its confidentiality during such use, provided that the parties shall meet and confer to determine how the parties' interests can be best accommodated at trial.

13. The parties shall maintain a log of every person outside of Plaintiffs' law firm or the Office of the Attorney General who is given access to Confidential Information produced by the other party.  Upon request, the party in receipt of Confidential Information shall make such log available to the producing party for inspection.

14. Either party may seek remedial relief in Court for a breach or threatened breach of this Order in accordance with applicable law.


And it is by the Court this ___ day of _____, 2007,

**SO ORDERED**:

_____
RICHARD W. ROBERTS
United States District Court Judge