UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLIE SORRELL,<br><br>   Plaintiff,<br><br>   v.<br><br>DISTRICT OF COLUMBIA,<br><br>   Defendant. | Civil Action No. 07-854 (RWR/JMF) |

MEMORANDUM OPINION

Before me is Plaintiff Billie Sorrell's Motion for a Protective Order ("Motion"). This case was referred to me for discovery by Judge Richard W. Roberts.

Background

Plaintiff, an employee of the District of Columbia Department of Corrections (the "Agency"), brings this action for gender discrimination under Title VII of the Civil Rights Act of 1964, and gender and sexual orientation discrimination under the District of Columbia Human Rights Act. In short, plaintiff alleges that she was sexually harassed by a fellow Agency employee and subjected to a hostile work environment.

The Motion

Plaintiff brings this Motion seeking a protective order to protect the confidentiality of records produced during discovery that "may constitute or reveal personal information, medical information, confidential financial information or other sensitive information." Id. at ¶ 3. Plaintiff asserts that such an order is necessary to protect the confidential medical and personal records she has already produced, as well as

the personnel records she seeks of her alleged harasser and other present and former Agency employees.  Motion at ¶¶ 4-5.

Defendant is not, in general, opposed to the entry of a protective order; it does, however, object to what it believes is the "blanket" nature of plaintiff's proposed order, which is attached to the Motion as Exhibit 1 ("Proposed Order").  <u>Defendant's Opposition to Plaintiff's Motion for a Protective Order</u> ("Opposition") at ¶ 2.  Defendant's position is rooted in its strenuous objection to the production of personnel files of any employees other than the plaintiff and her alleged harasser.  <u>Id.</u> at ¶ 3.  Based on that objection, defendant argues that the protective order "should be limited only to the plaintiff and alleged harasser."  <u>Id.</u>

**Analysis**

Defendant's opposition to the Proposed Order rests entirely on its opposition to the production of non-party employees' personnel information.  <u>See</u>, <u>e.g.</u>, Opposition at ¶¶ 4-5, 7 (arguing that this information is "not discoverable," "prohibited by D.C. Code § 1-631.01," "not relevant," "constitutes an unwarranted invasion of privacy," and "not likely to lead to any information that would assist plaintiff").  Defendant is getting ahead of itself.  A protective order has no impact on what information is produced during discovery, but instead addresses the parties' use of produced information.  Nor does a protective order have any bearing on a party's right to object to discovery requests or to oppose a motion to compel.  That is made particularly clear in the Proposed Order, which states: "Nothing contained in this Order shall constitute a waiver by any party of any claim or privilege or other protection from discovery.[1]"  Proposed Order at ¶ 12.

---

[1] This paragraph was added by plaintiff in response to an assurance from defense counsel that defendant would consent to a protective order if plaintiff "acknowledge[s] that [defendant] has not agreed that the

- 3 -

Defendant can be assured that the entry of the Proposed Order will not be deemed, in any way, as a waiver of any objection defendant may have to the production of information sought by plaintiff.  Moreover, the entry of the Proposed Order will have no bearing on how I might rule on a motion to compel the production of non-party personnel files.  With that understanding, and because I believe that Paragraph 12 of the Proposed Order perfectly captures that understanding, I will grant the Motion and sign the Proposed Order.

An Order accompanies this Memorandum Opinion.


Dated: January 17, 2008                              /s/
                                    JOHN M. FACCIOLA
                                    UNITED STATES MAGISTRATE JUDGE

---

language in the [protective order] waives any objections to the production of personnel files of nonparties."  E-mail from Toni Jackson to Alan Banov, sent on 11/7/07 at 10:13 AM, attached to Motion as Exhibit 2.