UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BILLIE SORRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-00854 (RWR) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | **FILED** |
| | ) | |
| Defendant. | ) | JAN 2 2 2008 |
| | ) | |

<u>**PROTECTIVE ORDER**</u>

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WHEREAS, in its discovery requests, Defendant District of Columbia seeks information and documents which are confidential and whose disclosure would intrude on the privacy interests of Plaintiff Billie Sorrell and third parties not before the Court;

WHEREAS, plaintiff is reluctant to disclose further information and documents on the grounds of confidentiality, but has agreed to make qualified disclosures of such information pursuant to this Protective Order;

WHEREAS, in discovery plaintiff seeks information and documents which are confidential and whose disclosure would intrude on the privacy interests of the alleged harassor and other past or present employees of the District of Columbia Department of Corrections (the Agency);

WHEREFORE, pursuant to Fed. R. Civ. P. 26(c)(7), the Court orders:

1.       To the extent that defendant seeks or has sought information and/or documents from plaintiff that are confidential, such as pertaining to her medical, employment, or financial history, or otherwise potentially intrusive on her privacy interests, should such information and/or documents be produced by plaintiff or other parties, the disclosures will be identified or labeled, "Confidential," or in a similar manner to designate them as protected by

2

this order. Where information is produced in a form not appropriate or available for such labeling,

it shall be designated as "Confidential" to the receiving party by written memorandum and so

marked, if possible. When confidential information or documents of the nature covered by this

Protective Order have been produced before the entry of this Order, they shall be governed pursuant

to the provisions of Paragraph 8 herein.

2. To the extent that plaintiff seeks or has sought information and/or documents

from defendant that are confidential, such as government records and information pertaining to

past or present Agency employees which are potentially relevant to this action and are not

objectionable other than on privacy grounds, should such documents and/or information be

produced by defendant or other parties, the disclosures will be identified or labeled,

"Confidential," or in a similar manner to designate them as protected by this order. Where

information is produced in a form not appropriate or available for such labeling, it shall be

designated as "Confidential" to the receiving party by written memorandum and so marked, if

possible. When confidential information or documents of the nature covered by this Protective

Order have been produced before the entry of this Order, they shall be governed pursuant to the

provisions of Paragraph 8 herein.

3. Pursuant to the provisions of this order, the parties are authorized to release to

one another potentially relevant records and information that are subject to the D.C. Mental

Health Information Act, D.C. Code §§ 7-1201.01-1208.07 (2001); the D.C. Merit

Comprehensive Personnel Act (CMPA), D.C. Code § 1-631-01 et seq. (2001); and other

applicable statutes, as well as potentially relevant information which, if released more generally,

would intrude on the privacy interests of individuals not before the United States District Court

for the District of Columbia, and other records and information of a confidential or sensitive

3

nature and non-public information, without obtaining the prior written consent of the individuals to whom such records or information pertain.

4.    For purposes of this order, the term "record" shall have the same meaning as set forth in the Privacy Act, 5 U.S.C. § 552a(a)(4) (2000); the D.C. Mental Health Information Act, D.C. Code §§ 7-1201.01-1208.07 (2001); and CMPA, D.C. Code § 1-631-01 et seq. (2001).

5.    If either party believes that any materials which the other has requested contain any confidential, non-public, or personal information, such party may, in good faith, designate the material as "Confidential" or "Subject to Protective Order."

6.    Protected Materials shall be marked, "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER," or contain a similar marking such as "CONFIDENTIAL." For any records, such as computer data, whose medium makes such stamping impracticable, the diskette case and/or accompanying cover letter shall be marked, "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER," or contain a similar marking. Answers to interrogatories, if any, that contain Protected Materials also shall be marked, "PRODUCED SUBJECT TO PROTECTIVE ORDER" or SUBJECT TO PROTECTIVE ORDER," or contain a similar marking.

7.    All "protected," "confidential," or "non-public" documents subject to this Protective Order and the information contained therein, including but not limited to plaintiff's medical records, tax records and returns, financial information, and any Social Security numbers, shall be treated as confidential and shall be used only to the extent necessary for the prosecution or defense of this case, including inquiry, by the parties' counsel or persons acting under their direction. Documents protected by this Protective Order may be inspected only by (a) the parties, attorneys representing the parties in this case and their law clerks, paralegals, and clerical staffs; (b) plaintiff and the defendant's officials who have a need to see such documents (to be

4

identified in advance by the Agency, as applicable), (c) any reporter recording the deposition testimony in this action, and any other person(s) authorized by plaintiff and defense counsel to examine such materials; (d) any experts consulted by either party for purposes of prosecuting or defending this case and their clerical staffs; and (e) the United States District Court for the District of Columbia and its personnel who have a need to see such documents. Any such "protected" documents or information subject to this Protective Order shall not be delivered, exhibited, or otherwise disclosed to any person except the persons specified in this paragraph. Any person having access to information subject to this Order shall be informed that it is confidential and subject to a non-disclosure Order of the United States District Court for the District of Columbia and that it is to be used only for purposes of proceeding in this action. During any deposition noticed in connection with this case, a witness or any counsel may indicate, that a question calls for protected, non-public, or confidential information, or that an answer has disclosed protected, non-public, or confidential information. Such information may be so designated either:

(a) during the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Protected Information" or "Confidential Information"; when a designation is made during a deposition, upon request of counsel, all persons, except persons entitled to receive protected, non-public, or confidential information pursuant to this Order shall leave the room where the deposition is proceeding until completion of the answer or answers containing protected, non-public, or confidential information; or

(b) by written notice to the reporter and to all counsel of record, given within ten (10) calendar days after the date of the reporter's written notice to the deponent or its counsel that the transcript is available for review, in which case the reporter and all counsel receiving notice of

5

the designation shall be responsible for marking the copies of the transcript in their possession or under their control as directed by the designating party.

8.      The inadvertent failure of a party to designate discovery materials as "CONFIDENTIAL" or the pre-Order production of such materials shall not constitute, or have the effect of, a waiver of any claim that such material or any similar material should be treated as Confidential, and an individual who in good faith treats such materials as non-protected discovery materials, rather than as Confidential Information due to the failure of a party to so designate the materials, shall not be subject to any sanction or liability. Such inadvertent failure to so designate Confidential Information shall not be deemed a waiver of a party's claim of confidentiality, either as to a specific document or thing, or the information contained therein, and the parties, upon proper, actual notice, shall treat such documents and things that reasonably appear to be Confidential as Confidential Information according to the correct designation and classification. A receiving party shall make a good faith effort to locate and mark appropriately any Confidential Information upon receipt of such notice.

9.      Except as provided herein, no person having access to material designated as subject to this Order shall make any public disclosure of those materials without further Order of the United States District Court for the District of Columbia or stipulation of the parties.

10.     All documents, and copies made of those documents, designated as subject to this Order, shall be destroyed or returned to opposing counsel within sixty (60) days of the conclusion of the proceedings before the United States District Court for the District of Columbia, including any appeals. If the documents are destroyed, counsel shall notify opposing counsel. However, the Agency counsel may retain one copy of any confidential documents whose retention counsel determines, reasonably and in good faith, is necessary or appropriate for compliance with the Federal Records Act, 44 U.S.C. § 3101, and its implementing regulations,

6

36 C.F.R. § 1222.38. If Agency counsel does retain any such documents, upon request of plaintiff's counsel, within sixty (60) days of the conclusion of the proceedings before the United States District Court for the District of Columbia, including any appeals, government counsel shall identify all documents so retained. Any such retained materials shall be placed in an envelope(s) marked "Confidential or Protected Information Subject to Protective Order," with a copy of this Order attached.

11.    Nothing contained in this Order shall be construed as precluding plaintiff or defendant from introducing materials which are subject to this Order, or the contents thereof, at a deposition in this case or into evidence at the hearing of this case, as long as they comply with the other terms of this Protective Order. Nothing in this Protective Order affects the right of counsel to discuss with their client any relevant information contained in Protected Materials.

12.    Nothing contained in this Order shall constitute a waiver by any party of any claim of privilege or other protection from discovery.

13.    Except as required under Fed. R.Civ.P. 26, 37, and 56, the parties shall not file discovery materials, including interrogatories, answers thereto, document requests, responses thereto, requests for admission, responses thereto, or deposition transcripts, containing information subject to this order with the United States District Court for the District of Columbia.

14.    If any party intends to file any motion, opposition, reply or any other filing prior to hearing and attach thereto or set forth information that has been designated as subject to this Stipulated Order, including portions of deposition testimony or exhibits that contain, reference, or discuss information subject to this Stipulated Order, such filing, to the extent that it includes limited reference to protected information, may be filed in sealed envelopes bearing the name and civil action number of the case and the words "under seal." Finally, no party shall disclose

7

protected, non-public, or confidential documents or information in an open session of the United States District Court for the District of Columbia without prior approval by this Court.

15.     In the event that the parties are unable to resolve the disagreement without the intervention of the United States District Court for the District of Columbia, this Protective Order shall be issued without prejudice to the right of either party to bring before the United States District Court for the District of Columbia at any time the question of whether or not any such "protected" documents are in fact confidential, discoverable, or admissible.

16.     Any specific part or parts of the restrictions imposed by this Protective Order may be terminated at any time by written agreement of the parties, subject to the approval of the United States District Court for the District of Columbia.

APPROVED:

01/18/08
Date

John M. Facciola
UNITED STATES DISTRICT JUDGE

Copies to:

Alan Banov, Esq.
Alan Banov & Associates
8401 Colesville Road, Suite 325
Silver Spring, MD 20910

Toni M. Jackson, Esq.
Assistant Attorney General, D.C.
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C.  20001