**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

———————————————————————
                                    )
BILLIE SORRELL,                     )
                                    )
                Plaintiff,          )
                                    )
        v.                          )  Civil Action No. 07-00854 (RWR)
                                    )
DISTRICT OF COLUMBIA,               )
                                    )
                Defendant.          )
———————————————————————)

PLAINTIFF'S MOTION TO COMPEL MORE COMPLETE RESPONSES
TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR DOCUMENTS

Pursuant to Rules 26 and 37, Plaintiff Billie Sorrell, by her undersigned counsel, hereby moves this Court to compel Defendant District of Columbia to provide complete responses to Plaintiff's Interrogatories Nos. 6, 7, 8, 15, 16, 19, and Plaintiff's Requests for Production of Documents, Nos. 1, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18 and to order defendant to verify its interrogatories properly.

Plaintiff so moves the Court on the grounds that defendant's responses are incomplete, as explained in the accompanying Memorandum of Points and Authorities.  As explained in that Memorandum, for several months plaintiff has endeavored informally, through letters, e-mails, and oral requests, to obtain complete responses to the above-referenced discovery requests, but defendant has failed or refused to provide more complete responses to those requests.

Secondly, because defendant's failure to provide complete responses her prejudiced plaintiff in her discovery efforts, if the Court grants the foregoing requests, she asks that it reopen discovery for the limited purpose of permitting her to depose certain deponents about the information and documents referenced above.

Finally, plaintiff respectfully requests that the Court award her reasonable costs and attorneys' fees incurred by her counsel's preparation of this motion.

WHEREFORE, plaintiff respectfully requests that the Court order Defendant District of Columbia to provide complete responses to Plaintiff's Interrogatories Nos. 6, 7, 8, 15, 16, 19, and Plaintiff's Requests for Production of Documents, Nos. 1, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 18 within ten (10) days of said order to reopen discovery for limited depositions, as request above; and to order defendant to reimburse plaintiff for the costs and attorneys' fees she has incurred in the preparation of this motion.[1]

Respectfully submitted,

_____/s/   Alan Banov_____
Alan Banov (D.C. Bar No. 95059)
ALAN BANOV & ASSOCIATES
8401 Colesville Rd., Suite 325
Silver Spring, MD 20901
(301) 588-9699
Fax: (301) 588-9698
abanov@banovlaw.com
Attorney for Plaintiff

---

[1]   If the Court grants this request, within 10 days of the Court's order, plaintiff's counsel will provide an affidavit and bills to document the cost to plaintiff for preparing this motion.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BILLIE SORRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-00854 (RWR/JMF) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

<u>ORDER</u>

Upon consideration of Plaintiff's Motion to Compel More Complete Responses to

Plaintiff's Interrogatories and Requests for Documents, defendant's response thereto, and the

record herein, it is this _____ day of April, 2008, hereby

ORDERED that said motion be GRANTED; and it is further

ORDERED that within ten (10) days hereof, Defendant District of Columbia will serve

on Plaintiff Billie Sorrell complete responses to Plaintiff's Interrogatories Nos. 6, 7, 8, 15, 16,

19, and Plaintiff's Requests for Production of Documents, Nos. 1, 7, 8, 9, 10, 11, 12, 13, 14, 15,

16, 18 and will properly verify its answers to plaintiff's interrogatories; and it is further

ORDERED that defendant will reimburse plaintiff for the costs and attorneys' fees she

has incurred in the preparation of this motion, and that her attorneys will file an affidavit and

statements in support of their fee request within fourteen (14) days hereof.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                      )
BILLIE SORRELL,                       )
                                      )
            Plaintiff,                )
                                      )
      v.                              )   Civil Action No. 07-00854 (RWR/JMF)
                                      )
DISTRICT OF COLUMBIA,                 )
                                      )
            Defendant.                )
_____)

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL MORE COMPLETE RESPONSES
TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR DOCUMENTS

## I. __INTRODUCTION__

Plaintiff Billie Sorrell has brought this action against the District of Columbia, alleging

gender discrimination by the District of Columbia Department of Corrections ("the Agency" or

"DCDC").  Specifically, plaintiff alleges that she was sexually harassed by Sgt. Eugenia Haines,

another female Agency employee who sometimes had supervisory authority over her, both

before and after plaintiff filed an EEOC complaint over that sexual harassment, and was

subjected to a hostile work environment by the Agency, while Agency supervisors failed to

address her complaints.  See Complaint ¶¶ 23-24, 26, 28, 52-54, 72-73.

Defendant has denied plaintiff's allegations of sexual harassment based upon a hostile

work environment and has argued, _inter alia_, that it exercised reasonable care to prevent and

correct promptly any sexually harassing behavior ("_Faragher-Ellereth_ defense")[1] and that

---
[1]   Named for _Faragher v. City of Boca Raton_, 524 U.S. 775 (1998); _Ellereth v. Burlington Indus., Inc._, 524 U.S. 742 (1998).

plaintiff unreasonably failed to take advantage of preventive or corrective opportunities it

provided.  See Answer, pp. 16-18.

## II.  <u>PLAINTIFF'S EFFORTS TO RESOLVE DISCOVERY ISSUES</u>

On October 17, 2007, plaintiff Billie Sorrell served her First Set of Interrogatories,

Requests for Admissions and Requests for Production of Documents on Defendant District of

Columbia.  See Exhibit 1 hereto.  Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil

Procedure, defendant's responses to such requests were due within 30 days thereof.

On November 8, 2007, defendant filed a Partial Consent Motion to Extend the

Scheduling Order, which sought to extend the discovery cutoff and other discovery deadlines to

accommodate changes of personnel at the Office of the Attorney General, and plaintiff consented

to a 30-day extension of time.  On November 13, 2007, the Court granted defendant's motion in

part and denied it in part.  The Court extended the discovery cutoff from December 27, 2007, to

January 22, 2008, and postponed the post-discovery status conference until February 1, 2008.

On November 13, 2007, after attempting for three weeks to obtain defendant's consent to

a joint protective agreement and order, given the sexual and personnel issues raised in this case,

plaintiff filed a Motion for Protective Order to protect confidential information and documents

disclosed by the parties, including relevant information plaintiff sought in discovery relating to

the alleged sexual harrasser and several other past and present Agency employees.

While that motion was pending, defendant responded to plaintiff's written discovery

responses and submitted them on December 3, 2007.  See Exhibits 2, 3, 4.  Defendant's

interrogatory answers were not properly verified, as required by Federal Rule 33(b), and

defendant provided incomplete answers to many interrogatories and requests for documents, and

objected to requests for 8 interrogatories and 9 requests for documents on the ground that the

information sought was confidential. In fact, defendant identified responsive documents by Bates numbers and stated that such documents <u>would be produced</u> after the entry of a protective order for the following discovery requests: Interrogatory Nos. 5, 7, 8, and 19 and Document Requests Nos. 3, 7, 8, 9 (incorporating Response No. 7), 10 (incorporating Response No. 7), 11 (incorporating Response No. 7), 12, (incorporating Response Nos. 7 and 8), and 18.

Thereafter, on December 28, 2007, plaintiff's counsel wrote defendant's counsel (Assistant Attorney General Alex Karpinski) a "deficiency" letter (Exhibit 5) to request more complete responses to Interrogatory Nos. 5, 7, 8, and 19 and Document Requests Nos. 3, 7, 8, 9, 10, 11, 12, and 18. On January 9, 2008, he sent Mr. Karpinski an e-mail to remind him to respond to that letter. See Exhibit 6. On January 15, 2008, defendant's counsel responded to the deficiency letter, but addressed only three of the ten interrogatory answers which plaintiff's counsel had explained were deficient. See Exhibit 7. With regard to requests for documents, the letter stated, generally:

> Production of the additional documents sought is all dependent upon the pending ruling on the protective order. To the extent counsel does not believe his client's personnel file has been completely produced, defense counsel will double check to be certain additional documents are not available.

See Exhibit 7.

On January 17, 2008, plaintiff deposed two of defendant's witnesses, Capt. Walter Coley and Lt. Isaiah Cobb, without the benefit of the full interrogatory answers and documents which she seeks herein.

Also on January 17, the Court granted plaintiff's motion for a protective order. However, as explained below, defendant did not supplement its discovery responses until nearly an entire month later. Meanwhile, on February 1, 2008, plaintiff's counsel wrote a second "deficiency" letter to defendant's counsel requesting that it supplement its responses. See Exhibit 9.

On February 15, only days before Sgt. Haines's scheduled deposition on February 20, defendant served its Supplemental Responses and Objections to Plaintiffs' (sic) Request for Production of Documents and its Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories.  See Exhibits 10 and 11 hereto.  However, as explained below, these supplemental responses did not provide complete responses and lacked undisputed responsive information and details, such as plaintiff's complete personnel file, Sgt. Haines's disciplinary records, and other employees' complaints of sexual harassment against Sgt. Haines.  On February 15, defendant's counsel also replied to the second deficiency letter, indicating that he was still "seeking scheduling and assignment information" requested in Document Requests Nos. 13, 15, 14, and 16, and "will produce it upon receipt."  See Exhibit 12.  However, at the time of this filing, defendant has still not provided this information.

On February 19, defendant served its Second Set of Supplemental Responses and Objections to Plaintiffs' (sic) Request for Production of Documents.  See Exhibit 13.  It provided some, but not all, documents concerning other employees' allegations of sexual harassment against Sgt. Haines.  Also, the supplemental responses lacked any information about another female employee's recent allegations of sexual harassment by Sgt. Haines.[2]

On February 20, plaintiff deposed Sgt. Haines without the benefit of the full interrogatory answers and documents which she seeks herein.  This deposition was completed more or less, on March 12, once again without those responses.

---

[2]  In or around mid-2007, Marsha Rose, a female employee who also worked the midnight shift with Sgt. Haines, also complained of sexual harassment by Sgt. Haines.  The nature of harassment bears similarities to those which plaintiff experienced in this case, including her assertion that Sgt. Haines brushed and rubbed up against her body, including her breasts.

Despite defendant's delays, plaintiff has continued to make good-faith informal efforts to obtain complete responses to her written discovery requests and her counsel engaged in a series of conversations and communications with defendant's counsel in this regard.

On February 26, plaintiff's counsel sent an e-mail to defendant's counsel, which described the remaining and incomplete responses to six interrogatories and ten requests for documents, as well as documents identified in the deposition. See Exhibit 14.[3]  Defendant's counsel replied on March 10, indicating that he would review its records for more responsive documents relevant to other employees' claims against Sgt. Haines, but he refused to provide information or documents related to Sgt. Haines's allegations of sexual harassment, or showing how she helped Lt. Cobb retain his job after he was charged of sexually harassing another DCDC employee. See Exhibit 17.  Mr. Karpinski's e-mail was silent on Document Request Nos. 13-16, so plaintiff has no idea if or when such documents will be produced.

Under the then-existing scheduling Order, plaintiff's discovery period would have ended on February 27.  However, on February 28 the Court granted an oral motion to extend her discovery until March 27, 2008.

On March 12, defendant served its Third Set of Supplemental Response and Objections to Plaintiffs' (sic) Request for Production of Document, which merely included documents which is witnesses referred to  in preparation for or during their depositions.  See Exh. 18.

On March 14, 2008, defendant deposed Dr. Valerie Boulware, plaintiff's therapist.

Also on March 14, 2008, plaintiff served her Second Supplemental Responses to Defendant's Interrogatories and Requests for Production of Documents, and on March 18, she

---

[3]   On January and February 29 plaintiff's counsel requested documents which defendant's witnesses mentioned or referenced in their depositions, but which had not been submitted by defendant.  See Exhibits 8 and 15.

served her Third Supplemental Responses to Defendant's Requests for Production of Documents.  See Exhs. 19 and 20.

On March 19, plaintiff's counsel deposed Dennis Harrison, former acting Warden, and on March 26, he deposed James Jones, a DCDC employee who had previously prepared a witness statement concerning one of the incidents which plaintiff alleges in her complaint.  Also on March 26, defendant completed its deposition of Dr. Boulware.

### III. <u>ARGUMENT</u>

### A. <u>Applicable Principles</u>

As the Court is aware, "Generally, courts construe the scope of discovery liberally in order to ensure that litigation proceeds with 'the fullest possible knowledge of the issues and facts before trial.'"  *State of Wyoming v. U.S. Dep't of Agriculture,* 208 F.R.D. 449, 452 (D.D.C. 2002), *quoting Hickman v. Taylor*, 329 U.S. 495, 501 (1947), and *citing* FED. R. CIV. P. 26(b)(1). *See generally Laxalt v. McClatshy*, 809 F.2d 885, 888 (D.C. Cir. 1987); *Weahkee v. Holmes Norton*, 621 F.2d 1080, 1082 (10th Cir. 1980); *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 617 (5th Cir. 1977), *cert. denied*, 435 U.S. 996 (1978).

Rule 37(a)(3) of the Federal Rules of Civil Procedure provides that for purposes of a motion to compel under Rule 37(a), "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."  It is established that a court may appropriately remedy such a deficiency by granting a motion to compel more complete answers. *See*, *e.g.*, *Dollar*, 561 F.2d at 617; *Von Der Heydt v. Kennedy*, 112 U.S. App. D.C. 173, 299 F.2d 461, 462 (1962); *Chubb Integrated Sys. v. Nat'l Bank of Washington*, 103 F.R.D. 52, 61 (D.D.C. 1984).  Also, as the Seventh Circuit said in *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976),

> [W]hen, as here, the fact that the answers to interrogatories are evasive or incomplete cannot be determined until further proceedings have been conducted to obtain the information later determined to have been withheld, the evasive or incomplete answers are tantamount to no answer at all, and Rule 37(d) is applicable.

Plaintiff shows below that defendant has provided incomplete responses to her interrogatories and requests for documents, failed to supplement the responses as requested, and should be required to make them more complete as soon as possible.

## B. Defendant's Deficient Interrogatory Answers

Specifically, defendant has provided incomplete responses to the following interrogatories and, despite numerous requests, has not supplemented them:

Interrogatory No. 6

Describe in detail any discipline which defendant has ever imposed on Eugenia Haines for any reason, including without limitation any sexual harassment, violation of cease and desist orders, or other misconduct.

Response

Defendant objects that this interrogatory seeks personnel information, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, pursuant to provisions set forth in the District Personnel Manual (DPM) Chapter 16, General Discipline and Grievances, Section 1606.3, records of disciplinary actions may not be considered for a period exceeding three years. Without waiving any objections, Defendant has searched its adverse action files and there is no disciplinary record for Sergeant Haines.

Argument

The standards for obtaining discovery generally are, of course, quite broad. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Plough, Inc. v. Nat'l Acad. of Sciences*, 530 A.2d 1152, 1155 (D.C. 1987); *White v. Washington Metro. Area Transit Auth.*, 432 A.2d 726, 728 (D.C. 1981); *Chubb Integrated Sys.*, 103 F.R.D. at 58. After communicating with current DCDC personnel and deposing Sgt. Haines, plaintiff has a good faith belief that defendant has not fulfilled its obligations to provide a complete response to this interrogatory.

Interestingly, in its initial response to this interrogatory (served on December 3, 2007), defendant asserted that it had "searched its adverse action files and [found that] there is no disciplinary record for Sergeant Haines," but on February 15, 2008, several weeks after the Court entered the protective order, it provided documents relating to discipline it had imposed on Sgt. Haines. See Exhibit 2, p. 5; Exhibit 11.

Also, plaintiff also has learned of yet another incident when DCDC disciplined Sgt. Haines, and to date defendant has not denied that such an incident occurred. Specifically, plaintiff learned that in Fall 2007, DCDC allegedly disciplined Sgt. Haines for unauthorized possession of a missing service weapon while working at the hospital, after she allegedly lied about it and the Agency searched her vehicle and, thereafter, she was removed from her hospital post and prohibited from carrying a service weapon. During her deposition, Sgt. Haines denied improper possession of the weapon. Despite that denial, Sgt. Haines admitted that there was an incident involving a missing weapon and she had been questioned about it. See Haines Depo. 96-105 and II Haines Depo. 42-43, 48-52. She further admitted that thereafter she was "removed" from her hospital post (see Haines Depo. 103); that DCDC has not assigned her to that post since October 14, 2007; that Patricia Britton, Deputy Warden, transferred her to "relief," under which she takes the place of someone absent, but does not carry a weapon; and that in response she had filed a retaliation complaint against Ms. Britton. See II Haines Depo. 48-52; Haines Depo. 98-100. However, the documents defendant provided lack any information about this or other possible disciplinary incidents.

In Mr. Karpinski's March 10 e-mail (Exhibit 17), he stated: "Documents concerning Sgt. Haines' disciplinary history have previously been provided." However, this interrogatory was not limited to <u>written</u> communications. "The option [of providing business records under

[Federal] Rule 33(d)] is limited to questions whose answer[s] may be derived from the party's records, but many questions are not of that sort.  For example, if a question calls for the recollections of parties or their employees or agents, the fact that some pertinent data might also be found in the records would not warrant use of this option."  8A WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE, Civil 2d § 2178, at 331 (1994).  Where the document is not sufficient to answer fully the interrogatory, the responding party must supply a narrative answer.  *See White v. U. S. Catholic Conf.*, 1998 U.S. Dist. LEXIS 11872, *6 (D.D.C. 1998); *Herdlein Technologies, Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 105 (W.D.N.Y. 1993); *Sabel v. Mead Johnson & Co.*, 110 F.R.D. 553, 555 (D.Mass. 1986).

Even if defendant here does not have a complete <u>written</u> disciplinary record for Sergeant Haines, this interrogatory requests that defendant describe <u>any</u> discipline which it has <u>ever</u> imposed upon her and seeks <u>any</u> information, written or verbal, available to defendant and its agents, including information employees can recall to the best of their knowledge, information or belief.  "[A] party cannot take a purposefully restricted approach to discovery by furnishing only that information within his immediate knowledge or possession; a party has a duty to seek that information reasonably available to him from his employees, agents, or others subject to his control. . . ."  *Weaver v. Gross*, 107 F.R.D. 715, 717 (D.D.C. 1985).  *See also Morgan v. Fed'l Home Loan Mortg. Corp.*, 197 F.R.D. 12 (D.D.C. 2000) (ordering the defendant to provide declarations regarding discovery information sought by the plaintiff); *Tavoulareas v. Piro*, 93 F.R.D. 11, 20-21 (D.D.C. 1981) (ordering a party to produce not only documents which were under his possession or control, but also documents for which he had a legal right to control or obtain, and to show in detail that he had made a good-faith effort to do so and that that effort had been unavailing).

Defendant has access to Sgt. Haines's supervisors and should ask then about any

discipline—written or oral—they have given her.  The Court should order defendant to

supplement its response with a narrative and any other responsive documents that may exist.

<u>Interrogatory No. 7</u>

Describe in detail all allegations or complaints of sexual harassment or inappropriate
conduct by Sgt. Haines, formal or informal, which have been made by any other DCDC
employees or inmates, including without limitation any allegations that Sgt. Haines made sexual
or romantic advances, acted inappropriately, or otherwise harassed anyone and the Agency's
investigation(s) thereof.

<u>Response</u>

Defendant objects that this interrogatory seeks personnel information, the release of
which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District
Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and seeks information that is neither
relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without
waiting any objections, see Complaints (formal and informal) filed against Sergeant Eugenia
Haines by other employees, known as Defendant's Exhibit 2, Bates Nos. 16 through 494, which
will be produced once a suitable protective order is in place.

<u>Supplemental Response</u>

Defendant objects that this interrogatory seeks personnel information, the release of
which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District
Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and seeks information that is neither
relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without
waiving any objections, see Complaints (formal and informal) filed against Sergeant Eugenia
Haines by other employees, known as Defendant's Exhibit 2, Bates Nos. 16 through 494.

<u>Argument</u>

Defendant's objections lack merit.  First, in the instant case, other incidents of harassment

by Sgt. Haines are relevant to whether DCDC tolerated a hostile work environment, whether

defendant was on notice of Sgt. Haines's prior harassment, and whether defendant can rely on its

*Ellereth-Faragher* defense.  Thus, evidence that other individuals complained of sexual

harassment by Sgt. Haines should show notice to the employer and is relevant to whether DCDC

acted reasonably to prevent or correct sexual harassment in the workplace.  Clearly, if Sgt.

Haines engaged in prior sexual harassment on the job and DCDC was aware it, that should demonstrate notice of her propensity to harass other female employees sexually, as well as the pervasiveness of such harassment.

Further, under Rule 404(b) of the Federal Rules of Evidence, evidence of Sgt. Haines's prior conduct may be admissible to show motive or intent. Therefore, in the instant case, since Sgt. Haines's sexual conduct is at issue, evidence that she engaged in similar acts towards other female employees is relevant to show that her advances towards Sgt. Sorrell were deliberate and intentional.

Notwithstanding its meritless objections, defendant has partially responded by providing documents concerning Andrea Armstrong's sexual harassment allegations against Sgt. Haines. Yet, plaintiff has a good faith belief that defendant has not fulfilled its obligations to provide a complete response to this interrogatory and has failed to provide any information or documents relating to other employees' charges against her. For example, another current DCDC employee, Marsha Rose, has informed plaintiff that she also complained to DCDC of sexual harassment by Sgt. Haines. See above, p. 5 n. 2. During her deposition, Sgt. Haines admitted that Ms. Rose had filed a complaint of sexual harassment against her. Haines Depo. 36. In his March 10 e-mail, and subsequent discussion with plaintiff's counsel that day, defendant's counsel stated that he would review its files and produce responsive documents that were found. See Exh. 17. While plaintiff appreciates defendant's stated intentions to locate such documents, she has been waiting for these documents for nearly five months and points out that her First Set of Discovery Requests identified Ms. Rose as another employee who alleged sexual harassment by Sgt. Haines. See Exh. 1, p. 14. Further, with her Initial Disclosures, plaintiff provided Marsha Rose's statement to defendant and its counsel, which gave them notice of such facts.

Despite defendant's stated intentions to produce information and documents responsive to this request, at the time of this filing, plaintiff has not received them. The Court should order defendant to provide such vital information.

Interrogatory No. 8

Describe in detail all allegations of sexual harassment, formal or informal, that Sgt. Haines made against other DCDC employees (including without limitation Pat Britton and Lts. Curry and Lambkin), including without limitation any investigation by the Agency, its deposition, any instances where merit was found to her allegations, and any such related documents (in accordance with Instruction No. 8).

Response

Defendant objects that this interrogatory seeks personnel information, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and invades confidential information that constitutes an unwarranted invasion of personal privacy. Without waiving any objection, see Complaints (formal and informal) filed by Sergeant Haines against other DCDC employees, known as Defendant's Exhibit 3, Bates Nos. 495 through 1802, which will be produced once a suitable protective order is in place.

Argument

Defendant's objections lack merit. During her deposition, Sgt. Haines admitted that she had filed complaints of sexual harassment against seven DCDC employees, including six men and a woman. Haines Depo. 80, 114-37. Sgt. Haines's allegations or complaints of sexual harassment by other DCDC employees are relevant to the instant case for several reasons, as explained below:

First, since plaintiff alleges that her harasser, a female, is bisexual and has been involved romantically with male and female DCDC employees, Sgt. Haines's sexual orientation is at issue in the instant case. See Complaint ¶¶26-27; Haines Depo. 154-157. While same-sex harassment in Title VII cases does not rest upon the sexual orientation of the harasser, *see Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75 (1998), evidence of Sgt. Haines's sexual orientation is

probative to the issue of whether she sexually harassed plaintiff.  Thus, information and

documents relating to Sgt. Haines's sexual orientation are probative of her intent to harass

plaintiff or engage her in a personal relationship.  Documents in Sgt. Haines's seven complaints

of sexual harassment may disclose her sexual preferences or her own sexual harassment of

others.  Thus, the defenses asserted by those she accused of harassing her and the reports of the

Agency's investigations of such allegations may shed light on her sexual orientation or on the

Agency's tolerance of sexual harassment generally.

Second, the fact that Sgt. Haines filed seven complaints of sexual harassment, including

charges against her supervisor (see Haines Depo. 80, 117-18), may be probative of why

plaintiff's supervisors refused to become involved; failed to report her complaints of sexual

harassment to the proper channels; and failed to try to stop Sgt. Haines's sexual harassment of

Sgt. Sorrell.  See Complaint ¶¶52-54, 62 (alleging that Lt. Cobb told her he was "scared of

sexual harassment" and made excuses for Sgt. Haines's behavior).

Finally, the Agency's investigation of these complaints may shed light on Sgt. Haines's

credibility.  Thus, the Agency may have found her incredible in some or all of these cases.

For these reasons, the Court should order defendant to produce all responsive information

and documents.

<u>Interrogatory No. 15</u>

Describe in detail any "cease and desist" orders, other stay-away warnings, or restraining
orders involving the plaintiff or Sergeant Haines, including without limitation the dates thereof,
the names of the parties involved, the circumstances, the names of everyone present when issued
(if in-person), and any subsequent follow-up or action which defendant took.

<u>Response</u>

Defendant objects on the grounds that this interrogatory is overly broad and unduly
burdensome because it requires DCDC to search through an inordinate amount of information
that has no relevance to this case.  Further, this interrogatory is not reasonably calculated to lead

to discovery of admissible evidence.  Without waiving objection, see Defendant's Exhibits 1 through 8.

<u>Supplemental Response</u>

Defendant objects on the grounds that this interrogatory is overly broad and unduly burdensome because it requires DCDC to search through an inordinate amount of information that has no relevance to this case.  Further, this interrogatory is not reasonably calculated to lead to discovery of admissible evidence.  Without waiving objection, see Defendant's Exhibit 2 and Eugenia Haines's July 15, 2005 cease and desist order, attached hereto as Defendant's Exhibit 11, Bates Nos. 2045 through 2047.

<u>Argument</u>

Defendant's objections lack merit.  First, contrary to defendant's argument that the requested information is not relevant to this case, there should be no doubt that prior "cease and desist" orders involving the alleged harassor here could be quite probative of not only her tendency to harass other employees, but also of the Agency's undue tolerance of such harassment.

Once a showing of relevance has been made by the party seeking discovery, the party objecting to that discovery bears the burden of "show[ing] why discovery should not be permitted." *Alexander v. F.B.I.*, 194 F.R.D. 316, 325-26 (D.D.C. 2000) [citations omitted].  The *Alexander* court mandated that the objecting party make a specific, detailed showing of how a discovery request is burdensome.  *Id*. at 326.  "[I]t is the responding party's burden to demonstrate why the [requests] are excessively burdensome." *Lacey v. Superior Dental Labs., Inc.*, 21 Fed. R. Serv. 2d 1375 (E.D. Pa. 1974).  *Accord*, *Alexander,* 192 F.R.D. at 53; *Chubb Integrated Sys. Ltd.*, 103 F.R.D. at 60-61.  Defendant here has not satisfied its burden of showing that the request would be unduly burdensome to answer.  Indeed, the information requested is narrowly tailored to orders or warnings issued to either plaintiff or Sgt. Haines and are relevant to the issues presented in this case.

As stated this interrogatory covers two categories of information with respect to Sgt. Haines: (1) orders issued to her pursuant to other employees' allegations against her; and (2) orders issued to her pursuant to her own allegations against other Agency employees. As explained below, defendant presently objects only to disclosing information and documents related to latter category. Notwithstanding its meritless objections, defendant has produced the cease and desist orders that it issued to plaintiff and Sgt. Haines after plaintiff filed her EEOC complaint.

In addition to documents already produced, defendant has also agreed to produce other cease and desist orders issued pursuant to other DCDC employees' complaints of sexual harassment by Sgt. Haines. Specifically, in his March 10 e-mail, Mr. Karpinski indicated that he would "look for additional documents with respect to other complaints against Sgt. Haines." See Exh. 17 hereto. This presumably would include cease and desist orders issued pursuant to Ms. Armstead and Ms. Rose's allegations against Sgt. Haines. While plaintiff appreciates defendant's declarations of efforts to locate responsive documents, she has been waiting for over five months for the actual documents. Despite defendant's stated intentions to produce more responsive documents concerning other employees' allegations against Sgt. Haines, at the time of this filing, it had not done so. Accordingly, the Court should order defendant to produce such information promptly.

With respect to the latter category of information, in his March 10 e-mail, defendant's counsel argued that documents concerning Sgt. Haines's own allegations of sexual harassment by other employees were not relevant. See Exh. 17. However, as explained above, information and documents reflecting Sgt. Haines's allegations against others may be probative of her sexual orientation and notice to the Agency of her sexual harassment. Also, the cease and desist orders

issued to Sgt. Haines are probative of prior charges of sexual harassment or other harassment

against her could perhaps reveal that the Agency has disciplined her.  The circumstances in

which the Agency issued such orders and whether it did so in response to EEOC complaints are

relevant to the instant case.

The Court should order defendant to respond fully with this interrogatory and describe in

detail <u>all</u> cease and desist orders involving Sgt. Haines –not just cease and desist orders issued in

response to allegations of sexual harassment by Sgt. Haines made by other employees (<u>e.g.</u>,

Marsha Rose), but also the cease and desist orders it issued in response to Sgt. Haines's own

complaints.

<u>Interrogatory No. 16</u>

Describe in detail any criminal or civil action to which Sgt. Haines has been a party,
including without limitation proceedings which Sgt. Haines filed against Sylvia Cephas in the
Superior Court of the District of Columbia in <u>Haines v. Cephas</u>, Civil Action CA-9529-03, and
any Internal Affairs investigation(s) thereof, identifying any related documents in accordance
with Instruction No. 8.

<u>Response</u>

Defendant objects that the information requested regards a lawsuit which is a matter of
public record and as such is equally accessible to plaintiff and defendant.  Further, the District
maintains that it has no personal knowledge of these incidents, and Sgt. Haines or Ms. Cephas
would be the appropriate parties to respond to this question.

<u>Argument</u>

Defendant contends that the information requested "is a matter of public record and as

such is equally accessible to plaintiff and defendant."  Exhibit 2, p. 9.  However, Defendant's

objection lacks merit.  The scope of this request exceeds the case file in *Haines v. Cephas*, Civil

Action CA-9529-03 (D.C. Super. Ct.), and asks about <u>any</u> action to which she has been a party.

Defendant's response fails to indicate whether Sgt. Haines was a party to other actions, whether

any Internal Affairs investigations resulted, and, if so, what resulted from such investigations.

Further, without any indication of the identities of the parties to such suits or their courts, the information is not accessible to plaintiff.  Indeed, "a basic tenet of the current liberal discovery rules is that discovery may be had of issues that are already known to the party seeking discovery."  *Hoh Co. v. Travelers Indem. Co.*, 1991 U.S. Dist. LEXIS 15403 (D.D.C. 1991).  *See also Krantz v. United States*, 56 F.R.D. 555, 557 (W.D. Va. 1972); 8 Wright and Miller, *Federal Practice and Procedure*, Civil 2d §2014, at 202 (1994) ("the purpose of the discovery rules is not only to elicit unknown facts, but also to narrow and define the issues, and for this purpose it is often necessary to use discovery about known facts"); 4A J. Moore, J. Lucas & D. Epstein, *Moore's Federal Practice*, ¶33-13 (2d ed. 1983).  Since Sgt. Haines is a DCDC employee and still within defendant's control, it should ask her for information and documents responsive to this interrogatory.  *See Weaver, supra.*

Defendant also has failed to address the issue of whether an Internal Affairs investigation resulted from any such actions or provide any documents related thereto.  Indeed, plaintiff has a good-faith belief that defendant <u>has</u> investigated Sgt. Haines for her role in an on-the-job dispute with Sylvia Cephas, an openly gay Agency employee, concerning her sexual relationship with another woman (Ernestine Hall), which occurred only minutes before a role call was held, because a transcript retrieved from that case indicates there was an Internal Affairs investigation in this matter.  See Exhibit 19 (excerpt from Sgt. Haines's testimony where <u>she testified</u> that Internal Affairs was investigating the public argument which occurred at DCDC around a roll call between Sgt. Haines and Ms. Cephas).  Such information is relevant to the instant case since her sexual activities are at issue, and the subject matter of that action was related to it.

<u>Interrogatory 19</u>

Describe in detail Sgt. Haines's involvement in Vera Barnett's allegations of sexual harassment by Lt. Isaiah Cobb or any investigation of those allegations.

<u>Response</u>

Defendant objects that this interrogatory seeks personnel information, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, Defendant's records do not show a Vera Barnett as having been an employee but does show a Vera Barnett Byrd. This information will be produced once a suitable protective order is in place.

<u>Argument</u>

Despite its initial response quoted above, after the entry of the protective order, defendant refused to produce information and documents responsive to this interrogatory. In his March 10 e-mail, Mr. Karpinski stated, "[d]ocuments and proceeding concerning sexual harassment allegations not involving Sgt. Haines are not relevant to this case." Exh. 17 hereto. However, the thrust of this interrogatory is not directed at the nature of Ms. Barnett-Byrd's allegations, but instead focuses directly on Sgt. Haines's involvement therein. Plaintiff alleges that the Agency found Lt. Cobb guilty of sexually harassing Ms. Barnett-Byrd and recommended his removal, Sgt. Haines became a witness in his defense and helped him keep his job. Complaint ¶¶64-66. During her deposition, Sgt. Haines admitted that she testified before a fact-finding committee in connection with Ms. Barnett-Byrd's charges. Haines Depo. 323-24. The fact that Sgt. Haines may have played a valuable role in helping Lt. Cobb refute Verna Barnett Byrd's allegations and retain his job could certainly be probative of why he refused to act on plaintiff's subsequent complaints of sexual harassment by Sgt. Haines. Thus, information and documents concerning Sgt. Haines role are probative of Lt. Cobb's bias and motivation. Plaintiff asks the Court to order defendant to provide a complete response to this interrogatory.

**<u>Verification</u>**

Defendant's interrogatory answers were not signed by an agent or official of defendant. The instructions in the requests stated (No. 9): "At their end, please attach a verification of the answers to the interrogatories, signed by an officer or agent of defendant having first-hand knowledge of some to the answers, as well as the information as to the name(s), business address(es), and title(s) of the person or persons subscribing to the jurat." It is settled that the proponent of a discovery request is entitled full acceptance of its definitions and the language of its interrogatories. See *Jumawid v. Rose*, 127 F.R.D. 641, 642 (D.D.C. 1989); *Founding Church of Scientology v. Dir., F.B.I.*, 27 Fed. R. Serv. 2d 601, 605 (D.D.C. 1979); *Diversified Prods., Corp. v. Sports Ctr.*, 42 F.R.D. 3, 4 (D. Md. 1967).

However, despite the above instruction and customary practices, an official representative <u>of the Agency</u> who has <u>first-hand knowledge or information</u> did not verify the Agency's interrogatory answers; George Becker, Jr., a paralegal in the Office of Attorney General, signed them. That is improper. *See* Federal Rule 33(b) ("The answers are to be signed by the person making them, and the objections signed by the attorney making them."); *McDougald v. Dunn*, 468 F.2d 468, 472 (4th Cir. 1972), *quoting* Wright & Miller, *8 Federal Practice & Procedures* §2172, p. 535 n. 29 (1970); *Exxon Corp. v. F.T.C.*, 384 F.Supp. 755 (D.D.C. 1974), <u>remanded</u>, 174 U.S. App. D.C. 79, 527 F.2d 1386 (1976). Unless Mr. Becker plans to be a witness for his client, defendant should have an agent of the employing Agency sign them.

**C.  Defendant's Deficient Responses to Request for Production of Documents**

Additionally, Defendant provided incomplete responses to the following requests for documents:

Request No. 1

Plaintiff's personnel file, including all her evaluations.

Response

See Billie Thompson Sorrell's Personnel File, attached hereto as Defendant's Exhibit 9, Bates Nos. 1897 through 1936.

Supplemental Response

See Billie Thompson Sorrell's Personnel File, attached hereto as Defendant's Exhibit 9a, Bates Nos. 1937 through 1986.

Argument

After reviewing the documents defendant provided, plaintiff is concerned that she does not have her entire personnel file.  For example, during depositions, Mr. Staten and her supervisors referred to her current employment status (as being on AWOL), but until recently plaintiff had not seen any documents describing her as AWOL.  Further, Dr. Boulware's office sends monthly status reports to DCDC, but none of such reports was included in the documents defendant produced.  The Court should order defendant forthwith to produce all responsive documents.

Request No. 7

Any and all documents relating to any other allegations of sexual harassment, inappropriate conduct, or otherwise harassing behavior filed by other DCDC employees or inmates against or relating to Sgt. Haines.

Response

Defendant objects that this request seeks personnel information, the release of which is prohibited by D.C. Code § 1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and confidential information that constitutes an unwarranted invasion of personnel privacy.  Moreover, Defendant objects that this request is overly broad, unduly burdensome, cumulative, confusing, calls for a legal conclusion, not limited in scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Finally, the request also invades the work product and

attorney-client privileges.  Without waiving any objections, once a suitable protective order is in place complaints will be produced.

## Supplemental Response

Defendant objects that this request seeks personnel information, the release of which is prohibited by D.C. Code § 1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and confidential information that constitutes an unwarranted invasion of personnel privacy.  Moreover, Defendant objects that this request is overly broad, unduly burdensome, cumulative, confusing, calls for a legal conclusion, not limited in scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Finally, the request also invades the work product and attorney-client privileges.  Without waiving any objections, see Defendant's Exhibit 2.

## Second Supplemental Response

Defendant objects that this request seeks personnel information, the release of which is prohibited by D.C. Code §1-631.1 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and confidential information that constitutes an unwarranted invasion of personal privacy.  Moreover, Defendant objects that this request is overly broad, unduly burdensome, cumulative, confusing, calls for a legal conclusion, not limited in scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Finally the request also invades the work product and attorney-client privileges.  Without waiving any objections, see Defendant's Exhibit 12, bates nos. 2048 though (sic) 2085, which are produced with the protective order in this case.

## Argument

As mentioned above, in its Response to Interrogatory No. 7, defendant did produce some documents responsive to this request.  Those documents contained information concerning another female employee's allegations of sexual harassment by Sgt. Haines and the Agency's investigation thereof.  However, those documents lacked any information relating to Marsha Rose's more recent complaints of sexual harassment by Sgt. Haines.  Although on March 10, 2008, defendant's counsel conveyed his intention to review the files and produce responsive documents he found, defendant has been aware of the existence of Ms. Rose's complaint since at least October 17, 2007, over five months ago, when plaintiff first served her discovery requests.

Also, to the extent that other employees have complained of sexual harassment by Sgt. Haines, defendant also should provide those documents or a narrative description.

As mentioned above, in its Response to Request No. 9, defendant has not produced any documents concerning Ms. Rose's allegations, although on March 10, 2008, defendant's counsel indicated that it would look for responsive documents and produce them. Since defendant was on notice of their existence since at least October 17, 2007, and, at the this filing has failed to produce them, the Court should order defendant to produce all responsive documents immediately.

<u>Request No. 8</u>

Any and all documents relating to Sgt. Haines's allegations of sexual harassment.

<u>Response</u>

Defendant objects that this request seeks personnel information, the release of which is prohibited by D.C. Code §1-631.1 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and seeks information that neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, see Complainant (formal and informal) filed by Sergeant Eugenia Haines against other employees, known as Defendant's Exhibit 2, which will be produced once a suitable protective order is in place.

<u>Argument</u>

As mentioned above in its Response to Interrogatory No. 8, defendant refused to provide any information whatsoever about any allegations or complaints by Sgt. Haines of sexual harassment <u>against</u> her. The requested information is quite probative for determining her motive, sexual orientation, and credibility. See pp. 12-13 above.

<u>Request No. 9</u>

Any and all documents relating to Marsha Rose's allegations of sexual harassment or inappropriate behavior by Sgt. Haines and the Agency's investigation thereof.

<u>Response</u>

See Response to Request No. 7.

<u>Argument</u>

Defendant's objections lack merit.  As stated above, pp. 11-12, notwithstanding its meritless objections, defendant has agreed to review its files and produce responsive documents relating to Ms. Rose's allegations against Sgt. Haines.  See Exh. 17.  While plaintiff appreciates defendant's stated intentions, it has been unreasonably slow in producing them and, at the time of this filing, plaintiff has not received them.  The Court should order defendant to produce such documents immediately to plaintiff.

<u>Request No. 10</u>

Any and all documents relating to Cpl. Vera Barnett's allegations of sexual harassment by Lt. Cobb, including without limitation reports of investigation and depositions.

<u>Response</u>

See Response to Request No. 7.

<u>Argument</u>

As noted above, defendant objects to any requests for information concerning allegations of sexual harassment against other employees.  However, as explained above, pp. 17-18, information concerning those sexual harassment allegations <u>are</u> relevant in this case.  The fact that Sgt. Haines may have played a valuable role in helping Lt. Cobb refute Ms. Barnett-Byrd's allegations and retain his job could certainly be probative of why he refused to act on plaintiff's subsequent complaints against her and could be probative of Lt. Cobb's bias and motivation.  Thus, the Court should order defendant to provide a complete response to this request.

<u>Request No. 11</u>

Any and all documents relating to Sgt. Haines's involvement in Cpl. Vera Barnett's complaint of sexual harassment against Lt. Cobb.

<u>Response</u>

See response to Request No. 7.

<u>Argument</u>

Here again defendant has objected on the grounds of relevance to the disclosure of "[d]couments and proceedings concerning sexual harassment allegations not involving Sgt. Haines." See Exh. 17. However, as argued above, p. 18, documents showing Sgt. Haines' involvement in Lt. Cobb's adverse action proceeding certainly may be probative of Lt. Cobb's bias and motivation. For these reasons, plaintiff asks the Court to order defendant to provide a complete response.

<u>Response No. 12</u>

Any other informal or formal complaints of sexual harassment ever filed or presented against or about Sgt. Haines.

<u>Response</u>

See response to Requests No. 7 and 8.

<u>Supplemental Response</u>

See response to Requests No. 7.

<u>Argument</u>

Despite its meritless objections, defendant has agreed to review its files and produce documents related to other claims of sexual harassment, including allegations by Ms. Rose against Sgt. Haines. See Exh. 17. However, despite its stated intentions, defendant has been unreasonably slow in its production and, at the time of this filing, plaintiff has not received them.

<u>Response No. 13</u>

Any and all documents relating to the person(s) scheduled to be zone supervisor (including "acting" zone supervisor) and acting lieutenant during the midnight shift in 2006.

<u>Response</u>

Defendant objects that this request is not relevant, unduly burdensome, not likely to lead to any admissible evidence, and is a breach of the Jail's security protocols.

<u>Argument</u>

Defendant's objection lacks merit.  This information is highly relevant to show when, as Acting Lieutenant, Sgt. Haines supervised plaintiff.  In his February 15, 2008 response to plaintiff's second deficiency letter, Mr. Karpinski stated that defendant was seeking information and it would be produced.  See Exh. 12.  However, to date, over a month later, Mr. Karpinski has not provided this information or given plaintiff any idea of the status of his search.  (His March 10 e-mail was silent as to the status.)   Since defendant has failed to produce responsive documents for over five months, the Court should order it to provide such documents to plaintiff immediately.

<u>Request No. 14</u>

Any and all checkpoint log books which the Agency kept at the D.C. Jail between January 1, 2006, through June 1, 2006.

<u>Response</u>

Defendant objects that this request is not relevant, unduly burdensome, not likely to lead to any admissible evidence, and is a breach of the Jail's security protocols.

<u>Argument</u>

The objections lack merit.  The documents are relevant to show the work assignments of Sgt. Haines and plaintiff during a period in which the alleged harasser served as Acting Lieutenant.  There will be no breach of security because the Court has issued a protective order which will protect these documents.  Also Defendant has not explained how it would be <u>unduly</u> burdensome to produce the log books, but in the interest of facilitating their production, plaintiff

will request an order compelling defendant to produce only the log books referring to her and Sgt. Haines.

Notwithstanding its objections, in Mr. Karpinski's February 15, 2008 response to plaintiff's second deficiency letter, he indicated that defendant was seeking information responsive to this interrogatory and <u>would</u> produce it upon receipt.  See Exh. 12.  Since over a month has passed and defendant has not produced <u>any</u> responsive documentation, the Court should order it to provide such documents to plaintiff immediately.

<u>Request No. 15</u>

Any and all documents relating to scheduling of correctional staff during the midnight shift since January 1, 2005, including without limitation assignments to acting positions, daily shift rosters, and master rosters.

<u>Response</u>

Defendant objects that this request is not relevant, unduly burdensome, not likely to lead to any admissible evidence, and is a breach of the Jail's security protocols.

<u>Argument</u>

The objections lack merit for the same reasons stated with respect to Request No. 14. Similarly, Mr. Karpinski's February 15, 2008 response to plaintiff's second deficiency letter indicated that defendant was seeking information responsive to this interrogatory and <u>would</u> produce it upon receipt.  Since over a month has passed and defendant has failed to produce <u>any</u> responsive documentation, the Court should order it to provide such documents to plaintiff immediately.

<u>Request No. 16</u>

Any and all log books from Unit North Two between January 1, 2005 through June 1, 2006.

<u>Response</u>

Defendant objects that this request is not relevant, unduly burdensome, not likely to lead to any admissible evidence, and is a breach of the Jail's security protocols.

<u>Argument</u>

Defendant's objections lack merit for the reasons stated above with respect to Request Nos. 13 and 14. The log books are highly relevant to show when Sgt. Haines supervised plaintiff, and this request merely covers a 17-month period of time. In his February 15, 2007 response to plaintiff's second deficiency letter, Mr. Karpinski indicated that defendant also was seeking the information and <u>would</u> produce it upon receipt. See Exh. 12. Since over one month has passed and defendant has failed to produce <u>any</u> responsive documentation, the Court should order it to do so immediately.

<u>Request No. 18</u>

All documents relating to any other complaints or cases of sexual harassment brought by any other Agency female employees (past or present) against or relating to any other Agency female employees (past or present), including without limitation any decisions, reports, or findings relating to such cases.

<u>Response</u>

Defendant objects that this request seeks personnel information, the release of which is prohibited by D.C. Code §1-631.1 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and confidential information that constitutes an unwarranted invasion of personal privacy. Moreover, Defendant objects that this request is overly broad, unduly burdensome, cumulative, confusing, calls for a legal conclusion, not limited in scope, and seeks information that neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Finally, the request also invades the work produce and attorney-client privileges. Without waiving any objections, once a suitable protective order is in place complaints made to a Court or an administrative body that were made for the past 5 years, 2002-2007, will be produced.

<u>Argument</u>

In Mr. Karpinski's response to plaintiff's second deficiency letter (Exhibit 12), he

objected to this request on the grounds of relevance and that the request was overly broad and

unduly burdensome. However, plaintiff thereafter explained to him that this request is relevant to the "general atmosphere" of permissiveness in the prison and to the Agency's practices in handling of sexual harassment allegations. See Exhibit 14. To facilitate a response, plaintiff will narrow this request to documents relating to any other complaints or cases of sexual harassment brought by any other female Agency employees (past or present) submitted to the actors in this case, i.e., the supervisor and managers named in the Complaint.

E. <u>Documents Referenced in Depositions</u>

As mentioned above, p. 5, during plaintiff's depositions of witnesses for defendant, the deponents mentioned or referred to various documents which the Agency may have and which are relevant to this case. See Exhibits 8, 15. When the witnesses mentioned the documents, plaintiff's counsel requested them. After those depositions he followed up by documenting those requests. *Id.* A request to produce documents by way of notice of deposition, particularly when followed by a specific request during a deposition, is a proper method for requiring the production of the documents in discovery. *See First Sec. Sav. v. Kansas Bankers Sur. Co.,* 115 F.R.D. 181 (D. Neb. 1987); *Perkinson v. Houlihan's/D.C., Inc.,* 108 F.R.D. 667, 680 (D.D.C. 1985); *Kushawaha v. Howard Univ.*, C.A. 95-002194 (D.C. Super. Ct. 1996); *Cunningham v. Hunter*, C.A. No. 92-12573 (D.C. Super. Ct., 8/20/93). Here, the documents fall within the purview of plaintiff's requests for documents and the Notice to Produce Documents.

To date, however, defendant has not produced most of these documents. The Court should order defendant to make a good-faith effort to locate those documents and to produce all which it has.

## III.  CONCLUSION

For the reasons argued herein, the Court should order defendant to provide more complete responses.  Throughout the course of discovery, defendant has been unreasonably slow or refused to provide information and documents that are quite probative of the issues of same-sex harassment and of the Agency's response to plaintiff's allegations raised in this case.

Certainly, defendant's delays or refusals to provide complete responses has prejudiced plaintiff in her discovery efforts, particularly since without the benefit of critical information and documents, she has had to depose key witnesses, including her supervisors (Lt. Cobb and Capt. Coley), the Agency's former EEO officer (Fred Staten) and her alleged harasser (Eugenia Haines), prior to the close of discovery.

WHEREFORE, for the foregoing reasons, plaintiff respectfully moves this Court to issue an order compelling defendant forthwith to answer more completely Plaintiff's Interrogatories Nos. 6, 7, 8, 15, 16 and 19 and Plaintiff's Requests for Production of Documents Nos. 1, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 18.

Respectfully submitted,


     /s/   Alan Banov
Alan Banov (D.C. Bar No. 95059)
ALAN BANOV & ASSOCIATES
8401 Colesville Rd., Suite 325
Silver Spring, MD 20901
(301) 588-9699
Fax: (301) 588-9698
abanov@banovlaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BILLIE SORRELL,                          )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )   Civil Action No. 07-00854 (RWR)
                                         )
DISTRICT OF COLUMBIA,                    )
                                         )
            Defendant.                   )
                                         )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSIONS, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

To:    Defendant District of Columbia
       Toni M. Jackson, Esq.
       Assistant Attorney General, D.C.
       441 Fourth Street, N.W.
       Sixth Floor South
       Washington, D.C.  20001

Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, Plaintiff Billie

Sorrell (hereinafter "plaintiff"), by her undersigned counsel, hereby directs the following

interrogatories, requests for admissions, and requests for production of documents to be

answered in writing, under oath, separately and fully, within 30 days of service hereof:

## A.  INSTRUCTIONS

1.      In accordance with Rule 26(e), these discovery requests are continuing in nature,

and any information, documents, or other matter received after the initial production that is or

would be responsive to any of these Requests shall be promptly supplied or its existence made

known.  Accordingly, Defendant is required seasonably to supplement and amend its answers

thereto, should Defendant, its officials, agents, representatives, or attorneys come into possession

of further facts, information or documents pertinent to the matters inquired into herein.

**EXHIBIT 1**

2

2.    In answering each interrogatory or its constituent part, please set out in full the question or subpart answered, before providing the answer.

3.    If answering these interrogatories, please furnish all information, however obtained, that is available to you and information known by or in the possession of you, your agents, and your attorneys.

4.    If any interrogatory cannot be answered in full, after exercising due diligence to secure the information to do so, please state an answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portions, and detailing whatever efforts you have undertaken to secure the unknown information.

5.    In response to any interrogatory not expressly asking for documents, state whether there are any documents which reflect or relate to any of the information requested in that interrogatory, and identify the custodian(s) of the documents.

6.    If, on the basis of an asserted privilege, you object to answering any interrogatory or identifying any document referenced to in Instruction No. 5, please explain claimed privilege in detail and fully state the nature of the document, the author of the document, the date of the document, all recipients of the document, and the location of the original to permit discovery of them should it later be determined that the claim has no merit.

7.    If your response refers to any documents produced in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, please refer to them specifically, by Bates number, exhibit number, or some other clearly identifiable means.

8.      Unless otherwise indicated, all information requested pertains to defendant's operations in the Metropolitan Washington, D.C. area and to the period from June 1, 2003, to and including the date on which trial begins.

9.      At their end, please attach a verification of the answers to the interrogatories, signed by an officer or agent of defendant having first-hand knowledge of some to the answers, as well as the information as to the name(s), business address(es), and title(s) of the person or persons subscribing to the jurat.

10.     In accordance with Rules 26 and 35 of the Federal Rules of Civil Procedure, the documents shall be produced "as they are kept in the usual course of business," or defendant "shall organize and label them to correspond with the categories in the request."

11.     If any document responsive to any of these Requests was in defendant's possession, custody or control, but is no longer, please furnish a description of the document and indicate the manner and circumstances under which the document left defendant's possession, custody or control, and its present whereabouts, if known.

12.     If defendant claims that any documents requested herein are privileged, please provide a detailed description of those documents so that they may be readily identified and state the basis of the privilege claimed.  With respect to each document for which a privilege is asserted, including the attorney-client communications and/or attorney work product privilege, provide the following additional information:  (1) the identity of the author of the document, as well as the identities of all persons who supplied any information set forth therein; (2) the place, approximate date and manner of recording or preparing the document; and (3) the identities of all persons to whom the document was addressed or to whom the contents of the document have been communicated by copy, exhibition, reading or substantial summarization.

4

## B. DEFINITIONS

As used in these Requests, unless indicated otherwise, the following terms are to be interpreted in accordance with these definitions:

1.    The terms "Agency" or "Defendant" as used herein refers to the Defendant, District of Columbia Department of Corrections, and all its subsidiaries, divisions, branches and offices, and/or all of its agents, officials, servants, representatives, attorneys, and employees.

2.    The terms "document" and "documents" mean and shall refer to all writings, drawings, graphs, charts, photographs, recordings, and other data compilations from which information can be obtained or translated, if necessary, by defendant through detection devices into reasonably useable form.  The term includes papers, books, records, letters, photographs, tangible things, correspondence, communications, voice mail messages, telegrams, cables, telex messages, telegrams, electronic mail, electronically transmitted files as e-mail attachments, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations or of interviews, or of conferences, or of other meetings, "Post-It" or similar notes, stenographic notes, affidavits, statements, spreadsheets, market studies, summaries, opinions, reports, studies, analyses, evaluations, calculations, projections, contracts, agreements, tax returns, jottings, agendas, bulletins, notices, announcements, advertisements, pamphlets, periodicals, ledgers, invoices, orders, instructions, charts, vouchers, bills, canceled checks, checkbooks, budgets, financial forecasts, manuals, brochures, publications, schedules, price lists, client lists, journals, diaries, statistical records, desk calendars, appointment books, lists, tabulations, judicial pleadings and related papers, sound recordings, computer program listings, diskettes, computer files, computer printouts, materials of any sort and any format maintained or available at any time on the World Wide Web (whether formerly, currently, or

both), microfiche, microfilm, data maintained electronically in any computer database, data used to input information into any computer database, books of account, records and invoices reflecting business operations, all records kept by electronic, photographic, videotape, audiotape or mechanical means, any notes or drafts relating to the foregoing and all things similar to any of the foregoing, any carbon or photographic copies of such material, however denominated.

3.    The term "communications" includes all interchanges of thoughts, facts, information, and/or opinions between two or more persons or entities, whether written or oral, through any medium whatsoever, including documents, the mails, memoranda, reports, telephone, telegraph, facsimile, face-to-face, audiotape, contract, agreements, solicitations, offers, proposals, financial statements and transcripts.

4.    Whenever appropriate in these Requests, the singular form of a word shall also be interpreted as its plural and vice versa; the present tense shall be deemed to include the past tense and vice versa; the masculine shall be deemed to include the feminine and vice versa; the disjunctive "or" shall be deemed to include the conjunctive "and" and vice versa; and each of the terms "each," "every," "any," and "all" shall be deemed to include each of the other words in this clause.

5.    As used herein, the terms "reflect", "regard", "refer", "relate", and "relating to" mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, concerning, pertaining to, referring to, or resulting from.

6.    The terms "person" or "persons" means any natural person and any corporation, association, union, organization, subordinate bodies of labor organizations, labor federations, government agencies, joint venture, firm, partnership or any kind of legal entity, private or governmental.

7.    The term "describe in detail" as used herein means:

(a) Describe fully by reference to underlying facts, especially those averred in the pleadings, and

(b)  Particularize as to (i) date, (ii) place, and (iii) identity of all persons involved. (Refer to Definition No. 8 below).

8.    The term "identify" --

(a)    when referring to a "person" (see above) means to state the name, race, title or rank, position, present home address and telephone number, present business address and telephone number, and employer(s) of such person or, if the present title and address(es) are unknown, the last known address and employers of such person.

(b)    when referring to a "document" means:

(i)  State the type of document (*e.g.,* letter or memorandum); the date the document was created (or, if unknown, the date it was received); the name and address of the person(s), if any, to whom copies of the document were sent; the "person" or organization with which said person was associated on the date of the document's creation; and

(ii)    State whether defendant or anyone acting on its behalf is in possession, custody, or control of the original or a copy of the document, and if not, furnish the name and address of the custodian of the original or a copy; and

(iii)  If the document no longer exists, state, if known, when it went out of existence, how it did so, and why it did so.

## C. <u>INTERROGATORIES</u>

1.    Describe in detail what all your witnesses know about the allegations and facts set forth in the Complaint and in your Answer, including without limitation the facts which each person knows.

2.    Identify the current position and rank of the following witnesses:  Vera Barnett, Isaiah Cobb, Dennis Harrison, Tyrone Harrison, Eugenia Haines, Penny Jackson, Jewel Kendall, Mark Queen, Kenneth Randolph, and Lawrence Smith.

3.    Describe in detail Mary Hart's professional and personal relationship with Sgt. Eugenia Haines.

4.    Describe in detail defendant's policies and procedures on sexual harassment, including without limitation management's responsibilities when an employee reports incidents of sexual harassment.  (Identify any such documents with accordance with Instruction No. 8.)

5.    Describe in detail Sgt. Eugenia Haines's employment history since 2002, including without limitation her rank(s), grade(s), position(s), promotion(s), shift assignments (by day and time), and leaves of absence.

6.    Describe in detail any discipline which defendant has ever imposed on Eugenia Haines for any reason, including without limitation any sexual harassment, violation of cease and desist orders, or other misconduct.

7.    Describe in detail all allegations or complaints of sexual harassment or inappropriate conduct by Sgt. Haines, formal or informal, which have been made by any other DCDC employees or inmates, including without limitation any allegations that Sgt. Haines made sexual or romantic advances, acted inappropriately, or otherwise harassed anyone and the Agency's investigation(s) thereof.

8.    Describe in detail all allegations of sexual harassment, formal or informal, that Sgt. Haines made against other DCDC employees (including without limitation Pat Britton and Lts. Curry and Lambkin), including without limitation any investigation by the Agency, its deposition, any instances where merit was found to her allegations, and any such related documents (in accordance with Instruction No. 8).

9.    Describe in detail each and every instance where Sgt. Haines touched Billie Sorrell inappropriately or without her consent in the elevator or anywhere else on Agency premises.

10.    Describe in detail all of plaintiff's communications with the Agency which related to the allegations of her complaint, including without limitation any conversations she had with Lt. Isaiah Cobb and/or Capt. Walter Coley, Jr., about Sgt. Haines on about April 5, 2005.

11.    Describe in detail any investigations which defendant has ever conducted of plaintiff's allegations of sexual harassment by Sgt. Haines, including without limitation any related documents in accordance with Instruction No. 8.

12.    Describe in detail any action, formal or informal, which Capt. Coley or Lt. Cobb took as a result of plaintiff's allegations of inappropriate behavior by Sgt. Haines, including without limitation any reports or communications initiated by them, any verbal or written responses to plaintiff, any conversations or communications with other Agency employees regarding plaintiff's allegations, any response to her formal complaint, and any related documents (in accordance with Instruction No. 8).

13.    Describe in detail any comments or communications which Capt. Coley or Lt. Cobb had with any other Agency employee regarding plaintiff's EEO/EEOC complaint(s), including without limitation the persons with whom they communicated, the dates thereof, and any documents related thereto.

14.    Describe in detail all cease and desist which the Agency has ever issued to Sgt. Haines.

15.    Describe in detail any "cease and desist" orders, other stay-away warnings, or restraining orders involving the plaintiff or Sergeant Haines, including without limitation the dates thereof, the names of the parties involved, the circumstances, the names of everyone present when issued (if in-person), and any subsequent follow-up or action which defendant took.

16.    Describe in detail any criminal or civil action to which Sgt. Haines has been a party, including without limitation proceedings which Sgt. Haines filed against Sylvia Cephas in the Superior Court of the District of Columbia in Haines v. Cephas, Civil Action CA-9529-03, and any Internal Affairs investigation(s) thereof, identifying any related documents in accordance with Instruction No. 8.

17.    Describe in detail the professional and personal relationship which Ms. Hall [first name unknown], had with Sgt. Haines, including without limitation the argument involved in Haines v. Cephas, supra.

18.    Describe in detail defendant's knowledge, information, or documentation of the allegations set forth in paragraphs 82 and 83 of the Complaint, including without limitation any investigation of the events described therein and any reports emanating from such investigation.

19.    Describe in detail Sgt. Haines's involvement in Vera Barnett's allegations of sexual harassment by Lt. Isaiah Cobb or any investigation of those allegations.

20.    Identify, by name, gender, rank, and position, all female correctional officers employed by defendant who have openly declared themselves to be gay, lesbian, or bisexual or whom the Agency believes to be gay, lesbian, or bisexual.

10

21.  Describe in detail all facts which could possibly support plaintiff's claims.

22.  Describe in detail all facts which you believe support any defenses which defendant may have against these claims.

23.     Describe in detail each denial by the Agency of the following requests for admissions:

## C. REQUESTS FOR ADMISSIONS

1.     Do you admit that plaintiff has been employed by the Agency since about October 17, 1983?

2.     Do you admit that in or about November 1989 the Agency promoted plaintiff to the rank of Sergeant?

3.     Do you admit that generally plaintiff worked the No. 1 (midnight) shift, from 11:30 p.m. to 8 a.m.?

4.     Do you admit that beginning in January 2005, plaintiff and Sergeant Haines were assigned to work the same midnight shift with the same days off?

5.     Do you admit that between June 2003 and June 2006, sergeants on the midnight shift were rotated through the Acting Lieutenant position?

6.     Do you admit that the Acting Lieutenants have supervisory authority over all lower positions in their unit?

7.     Do you admit that the Acting Lieutenant has the freedom to move throughout the entire D.C. Jail facility?

8.     Do you admit that between June 2003 and June 2006, Sgt. Eugenia Haines served as Acting Lieutenant on the midnight shift at the D.C. Jail?

9.    Do you admit that when Sgt. Haines served as Acting Lieutenant, she had supervisory authority over Sgt. Sorrell?

10.   Do you admit that a significant percentage of the female correctional officers at the D.C. Jail are lesbian or bisexual?

11.   Do you admit that at least ten percent of the female correctional officers at the D.C. Jail are lesbian or bisexual?

12.   Do you admit that in 2004, Cpl. Vera Barnett alleged that Lt. Cobb had sexually harassed her?

13.   Do you admit that the Agency investigated Cpl. Barnett's allegations that Lt. Cobb had sexually harassed her?

14.   Do you admit that Fred Staten found Lt. Cobb guilty of sexual harassment?

15.   Do you admit that Mr. Staten recommended that the Agency remove Lt. Cobb from his position?

16.   Do you admit that Lt. Cobb appealed his removal?

17.   Do you admit that that Sgt. Haines was a witness in Lt. Cobb's defense of his removal?

18.   Do you admit that on or about April 5, 2005, Sgt. Sorrell and Sgt. Haines both attended a roll call held during their shift?

19.   Do you admit that during a roll call on or about April 5, 2005, Sgt. Haines stood behind Sgt. Sorrell at least once?

20.   Do you admit that that on or about April 5, 2005, Sgt. Sorrell told Lt. Isaiah Cobb and Captain Coley that Sgt. Haines had followed her around during a roll call held that day?

21.  Do you admit that on or about April 5, 2005, Sgt. Sorrell told Lt. Isaiah Cobb and Captain Coley that Sgt. Haines had stood close to her during a roll call held that day?

22.  Do you admit that on or about April 5, 2005, Sgt. Sorrell told Lt. Cobb and Captain Coley that she moved away from Sgt. Haines three times, and each time Sgt. Haines followed her and stood behind her?

23.  Do you admit that neither Lt. Cobb nor Captain Coley reported plaintiff's allegations to the court-appointed inspector?

24.  Do you admit that neither Lt. Cobb nor Captain Coley provided plaintiff with the contact information for a Special Inspector or a court-appointed investigator?

25.  Do you admit that between April 5 and June 1, 2006, plaintiff informed Lt. Cobb that Sgt. Haines was sexually harassing her?

26.  Do you admit that Sgt. Haines was absent from work between from May 2005 to April 2006 due to a work-related injury?

27.  Do you admit that on or about June 17, 2005, plaintiff filed an administrative complaint against defendant with the Equal Employment Opportunity Commission (EEOC), alleging gender discrimination?

28.  Do you admit that on or about July 18, 2005, Captain Tyrone Harrison issued a "cease and desist" order to Sgt. Haines?

29.  Do you admit that Capt. Harrison ordered Sgt. Haines to avoid contact, both on- and off-duty, with plaintiff?

30.  Do you admit that Lt. Penny Jackson was present during the meeting in which Capt. Harrison gave the order to plaintiff?

31.  Do you admit that Sgt. Haines returned to duty in April 2006?

32.   Do you admit that after Sgt. Haines returned to duty in April 2006, the Agency assigned her to work on the same shift as plaintiff?

33.   Do you admit that the Agency has never disciplined plaintiff?

34.   Do you admit that the Agency has never disciplined Sgt. Haines?

35.   Do you admit that on or about May 22, 2006, plaintiff's psychiatrist recommended that she take medical leave?

36.   Do you admit that from about June 1, 2006, through the present, plaintiff has been on approved leave without pay (LWOP) from her employment at the D.C. Jail?

## D.   REQUESTS FOR PRODUCTION OF DOCUMENTS

1.   Plaintiff's personnel file, including all her evaluations.

2.   Plaintiff's training records.

3.   Sgt. Eugenia Haines's personnel file and any other documents relating to her employment with the Agency.

4.   Documents showing the last positions, home addresses, and telephone numbers for the following:  Ms. Hall [as identified herein in Interrogatory No. 17], Vera Barnett, Isaiah Cobb, Dennis Harrison, Tyrone Harrison, Eugenia Haines, Penny Jackson, Jewel Kendall, Mark Queen, Kenneth Randolph, and Lawrence Smith.

5.   Any and all documents referred to in preparation of your Answers to Interrogatories or identified therein.

6.   Any and all documents relating to plaintiff's allegations of sexual harassment and inappropriate behavior by Sgt. Haines, including any investigation of plaintiff's allegations against Sgt. Haines.

7.   Any and all documents relating to any other allegations of sexual harassment, inappropriate conduct, or otherwise harassing behavior filed by other DCDC employees or inmates against or relating to Sgt. Haines.

8.   Any and all documents relating to Sgt. Haines's allegations of sexual harassment.

9.   Any and all documents relating to Marsha Rose's allegations of sexual harassment or inappropriate behavior by Sgt. Haines and the Agency's investigation thereof.

10.   Any and all documents relating to Cpl. Vera Barnett's allegations of sexual harassment by Lt. Cobb, including without limitation reports of investigation and depositions.

11.   Any and all documents relating to Sgt. Haines's involvement in Cpl. Vera Barnett's complaint of sexual harassment against Lt. Cobb.

12.   Any other informal or formal complaints of sexual harassment ever filed or presented against or about Sgt. Haines.

13.   Any and all documents relating to the person(s) scheduled to be zone supervisor (including "acting" zone supervisor) and acting lieutenant during the midnight shift in 2006.

14.   Any and all checkpoint log books which the Agency kept at the D.C. Jail between January 1, 2006, through June 1, 2006.

15.   Any and all documents relating to scheduling of correctional staff during the midnight shift since January 1, 2005, including without limitation assignments to acting positions, daily shift rosters, and master rosters.

16.   Any and all log books from Unit North Two between January 1, 2005 through June 1, 2006.

17.   Any documents or reports related to the sexual orientation of the Agency's female correctional staff.

15

18.   All documents relating to any other complaints or cases of sexual harassment brought by any other Agency female employees (past or present) against or relating to any other Agency female employees (past or present), including without limitation any decisions, reports, or findings relating to such cases.

19.   Any and all affidavits, reports, or statements taken from any witnesses or prospective witnesses for the Agency.

20.   Any documents to which any of defendant's witnesses may refer in preparation for depositions or trial.

21.   All reports made by any expert(s) whom you intend to call to testify at trial and/or any hearing of this matter, as well as their resumes and curriculae vitae.

22.   Any other documents upon which the Agency relies or intends to rely on in support of its defense(s).

Respectfully submitted,

_____
ALAN BANOV #95059
Alan Banov & Associates
8401 Colesville Road, Suite 325
Silver Spring, MD 20910
301-588-9699; fax:  301-588-9698
abanov@banovlaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2007, copies of the foregoing Plaintiff's First Set of Interrogatories, Requests for Admissions, and Requests for Production of Documents were served by facsimile transmission and by first-class mail, postage-prepaid, upon the following attorney for defendant:

> Toni M. Jackson, Esq.
> Assistant Attorney General, D.C.
> 441 Fourth Street, N.W.
> Sixth Floor South
> Washington, D.C.  20001

ALAN BANOV

*Rec'd 1/15/07*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BILLIE SORRELL,

    **Plaintiff,**

    **v.**

                        **Civil Action No. 07-00854 (RWR)**

**DISTRICT OF COLUMBIA,**

    **Defendant.**

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, Defendant District of Columbia provides the following answers to plaintiff's interrogatories. Defendant, in response to said interrogatories, by and through, George B. Becker Jr., Paralegal Specialist, Office of the Attorney General for the District of Columbia, 441 4th St., NW, Washington, DC 20001, having been first duly sworn under oath, upon information and belief, gives the following answers to interrogatories propounded to defendant by plaintiff:

(a) The information supplied in these answers is not based solely on the knowledge of the executing party, but includes knowledge of the District, its agents, representatives, and attorneys, unless privileged.

(b) The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers and thus, does not necessarily purport to be the precise language of the executing party.

(c) Defendant reserves the right to amend, revise, or supplement its

**EXHIBIT 2**

answers to these interrogatories if and when new or different information becomes available.

(d) For any additional responsive information made available through deposition testimony, the defendant incorporates such information for the purposes of giving the plaintiff notice that such information exists, but does not adopt such testimony as accurate and complete.

## GENERAL OBJECTIONS

Defendant objects to the production of any documents or information, which are protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. Additionally, defendants objects to any part of the plaintiff's instructions which seeks to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the defendants' control or not currently known to its attorneys after reasonable inquiry.

## INTERROGATORIES

1.  Describe in detail what all your witnesses know about the allegations and facts set forth in the Complaint and in your Answer, including without limitation the facts which each person knows.

**Answer:  See the 26a Disclosures.  Discovery is on going and will supplement if appropriate.**

2.  Identify the current position and rank of the following witnesses: Vera

2

Barnett, Isaiah Cobb, Dennis Harrison, Tyrone Harrison, Eugenia Haines, Penny Jackson, Jewel Kendall, Mark Queen, Kenneth Randolph, and Lawrence Smith.

**Answer: Defendant objects that this interrogatory seeks personnel information, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6. Without waiving said objection, Vera Barnett: Defendant does not have an employment record for Ms. Barnett; Isaiah Cobb: Supervisory Correctional Officer (Lieutenant); Dennis Harrison: Acting Warden, D.C. Jail at the time of his retirement, effective 03/17/06; Tyrone Harrison: Acting Captain at the time of his retirement, effective 02/16/06; Eugenia Haines: Lead Correctional Officer (Sergeant); Penny Jackson: Supervisory Correctional Officer (Lieutenant); Jewel Kendal: Defendant does not have an employment record for Ms. Kendal; Mark Queen: Supervisory Correctional Officer (Lieutenant); Kenneth Randolph: Defendant does not have an employment record for Mr. Randolph; Lawrence Smith: Supervisory Correctional Officer (Lieutenant) at the time of his retirement, effective 12/27/02; Mary Hart: Correctional Officer at the time of her retirement, effective 07/03/04.**

3. Describe in detail Mary Hart's professional and personal relationship with Sgt. Eugenia Haines.

**Answer: Defendant objects that this interrogatory seeks confidential information that constitutes an unwarranted invasion of personal privacy. In addition, this interrogatory is not reasonably calculated to lead to**

3

discovery of admissible evidence. **Without waiving any objections, Ms.**
**Hart was a Correctional Officer assigned to the D.C. Jail. Ms. Hart retired**
**from the District of Columbia Department of Corrections (DCDC) on**
**07/03/04. Beyond that, Defendant cannot proffer any additional information**
**relative to interrogatory no. 3.**

4.    Describe in detail defendant's policies and procedures on sexual
harassment, including without limitation management's responsibilities when an
employee reports incidents of sexual harassment. (Identify any such documents
with accordance with Instruction No. 8.)

**Answer:  See Defendant's Sexual Harassment Policy (June 21, 2004),**
**attached hereto as Defendant's Exhibit 1, Bates Nos. 1 through 15.**

5.    Describe in detail Sgt. Eugenia Haines's employment history since 2002,
including without limitation her rank(s), grade(s), position(s), promotion(s), shift
assignments (by day and time), and leaves of absence.

**Answer: Defendant objects that this interrogatory seeks personnel**
**information, the release of which is prohibited by D.C. Code §1-631.01 and**
**D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec.**
**3105, 3112, and 3113.6.  Without waiving said objection, Sgt. Haines is**
**currently the Lead Correctional Officer (Sergeant) DS-9 Grade Level.**
**Sergeant Haines has worked a variety of post assignments that include, but**
**not limited to Housing Units and Zone Sergeant in the Jail, Medical Holding**
**Unit at D.C. General Hospital and Greater Southeast Community Hospital.**
**Sergeant Haines's is currently assigned to the Midnight Shift (11:30 PM to**

8:00 AM) at the D.C. Jail. The District will provide Sgt. Haines's personnel file, once a suitable protective order is in place.

6. Describe in detail any discipline which defendant has ever imposed on Eugenia Haines for any reason, including without limitation any sexual harassment, violation of cease and desist orders, or other misconduct.

**Answer:** Defendant objects that this interrogatory seeks personnel information, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, pursuant to provisions set forth in the District Personnel Manual (DPM) Chapter 16, General Discipline and Grievances, Section 1606.3, records of disciplinary actions may not be considered for a period exceeding three years. Without waiving any objections, Defendant has searched its adverse action files and there is no disciplinary record for Sergeant Haines.

7. Describe in detail all allegations or complaints of sexual harassment or inappropriate conduct by Sgt. Haines, formal or informal, which have been made by any other DCDC employees or inmates, including without limitation any allegations that Sgt. Haines made sexual or romantic advances, acted inappropriately, or otherwise harassed anyone and the Agency's investigation(s) thereof.

**Answer:** Defendant objects that this interrogatory seeks personnel

5

information, the release of which is prohibited by D.C. Code §1-631.01 and

D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec.

3105, 3112, and 3113.6, and seeks information that is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence.

Without waiving any objections, see Complaints (formal and informal) filed

against Sergeant Eugenia Haines by other employees, known as

Defendant's Exhibit 2, Bates Nos. 16 through 494, which will be produced

once a suitable protective order is in place.

8.   Describe in detail all allegations of sexual harassment, formal or informal,

that Sgt. Haines made against other DCDC employees (including without

limitation Pat Britton and Lts. Curry and Lambkin), including without limitation any

investigation by the Agency, its deposition, any instances where merit was found

to her allegations, and any such related documents (in accordance with

Instruction No. 8).

Answer:   Defendant objects that this interrogatory seeks personnel

information, the release of which is prohibited by D.C. Code §1-631.01 and

D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec.

3105, 3112, and 3113.6, and invades confidential information that

constitutes an unwarranted invasion of personal privacy.  Without waiving

any objection, see Complaints (formal and informal) filed by Sergeant

Eugenia Haines against other DCDC employees, known as Defendant's

Exhibit 3, Bates Nos. 495 through 1802, which will be produced once a

suitable protective order is in place.

9.   Describe in detail each and every instance where Sgt. Haines touched Billie Sorrell inappropriately or without her consent in the elevator or anywhere else on Agency premises.

**Answer:  Objection.  The District is without personal knowledge of any touching.   In addition, Defendant objects that this interrogatory lacks foundation.   Without waiving this objection, see Plaintiff's Charge of Discrimination filed with the United States Equal Employment Opportunity Commission (EEOC), attached hereto as Defendant's Exhibit 4, Bates Nos. 1803 through 1804.**

10.  Describe in detail all of plaintiff's communications with the Agency which related to the allegations of her complaint, including without limitation any conversations she had with Lt. Isaiah Cobb and/or Capt. Walter Coley, Jr., about Sgt. Haines on about April 5, 2005.

**Answer:  See the sworn affidavits filed by Lieutenant Isaiah Cobb and Captain Walter Coley, Jr., attached hereto as Defendant's Exhibit 5, Bates Nos. 1805 through 1808.**

11.  Describe in detail any investigations which defendant has ever conducted of plaintiff's allegations of sexual harassment by Sgt. Haines, including without limitation any related documents in accordance with Instruction No. 8.

**Answer:  See Defendant's Response to Plaintiff's EEOC Complaint of Discrimination, attached hereto as Defendant's Exhibit 6, Bates Nos. 1809 through 1893.**

12.  Describe in detail any action, formal or informal, which Capt. Coley or Lt.

7

Cobb took as a result of plaintiff's allegations of inappropriate behavior by Sgt. Haines, including without limitation any reports or communications initiated by them, any verbal or written responses to plaintiff, any conversations or communications with other Agency employees regarding plaintiff's allegations, any response to her formal complaint, and any related documents (in accordance with Instruction No. 8).

**Answer: See Defendant's Exhibit 5.  In addition, see the sworn affidavit by Sergeant Eugenia Haines, attached hereto as Defendant's Exhibit 7, Bates Nos. 1894 through 1895.**

13.   Describe in detail any comments or communications which Capt. Coley or Lt. Cobb had with any other Agency employee regarding plaintiffs EEO/EEOC complaint(s), including without limitation the persons with whom they communicated, the dates thereof, and any documents related thereto.

**Answer:  See Defendant's Exhibit 5.**

14.   Describe in detail all cease and desist which the Agency has ever issued to Sgt. Haines.

**Answer: It is and has been standard procedure under Defendant's Sexual Harassment Policy, attached hereto a Defendant's Exhibit 1, to issue Cease and Desist Notices to Complainants and Respondents pending investigation and adjudication of complaints of sexual harassment and related retaliation.  See the 07/15/05 memorandum to Plaintiff, attached hereto as Defendant's Exhibit 8, Bates No. 1896.**

15.   Describe in detail any "cease and desist" orders, other stay-away

warnings, or restraining orders involving the plaintiff or Sergeant Haines, including without limitation the dates thereof, the names of the parties involved, the circumstances, the names of everyone present when issued (if in-person), and any subsequent follow-up or action which defendant took.

**Answer: Defendant objects on the grounds that this interrogatory is overly broad and unduly burdensome because it requires DCDC to search through an inordinate amount of information that has no relevance to this case. Further, this interrogatory is not reasonably calculated to lead to discovery of admissible evidence. Without waiving objection, see Defendant's Exhibits 1 through 8.**

16.  Describe in detail any criminal or civil action to which Sgt. Haines has been a party, including without limitation proceedings which Sgt. Haines filed against Sylvia Cephas in the Superior Court of the District of Columbia in Haines v. Cephas, Civil Action CA-9529-03, and any Internal Affairs investigation(s) thereof, identifying any related documents in accordance with Instruction No. 8.

**Answer: Defendant objects that the information requested regards a lawsuit which is a matter of public record and as such is equally accessible to plaintiff and defendant. Further, the District maintains that it has no personal knowledge of these incidents, and Sgt. Haines or Ms. Cephas would be the appropriate parties to respond to this question.**

17.  Describe in detail the professional and personal relationship which Ms. Hall [first name unknown], had with Sgt. Haines, including without limitation the argument involved in Haines v. Cephas, supra.

**Answer:  Defendant objects that the information requested regards a lawsuit that is a matter of public record and as such is equally accessible to plaintiff and defendant.   In addition, Defendant objects that this interrogatory seeks confidential information that constitutes an unwarranted invasion of personal privacy.  Further, the District maintains that it has no personal knowledge of these incidents, and Sgt. Haines or Ms. Cephas would be the appropriate parties to respond to this question.**

18.  Describe in detail defendant's knowledge, information, or documentation of the allegations set forth in paragraphs 82 and 83 of the Complaint, including without limitation any investigation of the events described therein and any reports emanating from such investigation.

**Answer:  Defendant objects to this interrogatory because it calls for a legal conclusion.  Without waiving any objection, Defendant incorporates herein, its responses to interrogatories 1-17 and 19-20.**

19.  Describe in detail Sgt. Haines's involvement in Vera Barnett's allegations of sexual harassment by Lt. Isaiah Cobb or any investigation of those allegations.

**Answer:   Defendant objects that this interrogatory seeks personnel information, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, Defendant's records do not show a Vera Barnett as having been an employee but does show a Vera Barnett Byrd.**

**This information will be produced once a suitable protective order is in place.**

20.   Identify, by name, gender, rank, and position, all female correctional officers employed by defendant who have openly declared themselves to be gay, lesbian, or bisexual or whom the Agency believes to be gay, lesbian, or bisexual.

**Answer:  Defendant objects to this interrogatory on the grounds that it violates the District of Columbia's Human Rights Act of 1977, DCHRA DC Code 2-1401, which prohibits acts of discrimination based on sexual orientation.  In addition, this interrogatory is not reasonably calculated to lead to discovery of admissible evidence.  Without waiving any objections, Defendant does not keep records of this type of information.**

21.   Describe in detail all facts which could possibly support plaintiff's claims.

**Answer:  Defendant objects to this interrogatory because it calls for a legal conclusion.  Without waiving any objection, Defendant incorporates herein, its responses to interrogatories 1-20.**

22.   Describe in detail all facts which you believe support any defenses which defendant may have against these claims.

**Answer:   Defendant objects that this interrogatory calls for a legal conclusion.    Defendant   incorporates   herein,   its   responses   to interrogatories 1-20.**

23.   Describe in detail each denial by the Agency of the following requests for admissions:

**Answer:   Defendant objects to this request as it calls for a legal**

11

conclusion. In addition, the interrogatory also invades the work product, deliberative process and attorney-client privileges. Without waiving any objection, *see* Defendant's Responses to Plaintiff's Request for Admissions.

I have read the foregoing Defendant District of Columbia's Answers and Objections to Plaintiff's Interrogatories, and they are true to the best of my knowledge, information, and belief.

George B. Becker Jr.
Paralegal Specialist
Judiciary Square
441 4th Street, N.W.
Washington, D.C. 20001
Direct Line: (202) 724-6615

SWORN AND SUBSCRIBED before me, a Notary Public, this 3rd day of December 2007.

Notary Public, D.C.

My Commission Expires: Jan. 31, 2009

12

Dated: November 30, 2007.                     Respectfully submitted,

                                              LINDA SINGER
                                              Attorney General

                                              GEORGE C. VALENTINE
                                              Deputy Attorney General, Civil Litigation


                                              NICOLE L. LYNCH (471953)
                                              Chief, General Litigation Section II


                                              TONI MICHELLE JACKSON (453765)
                                              Assistant Attorney General
                                              441 Fourth Street, N.W., Suite 6S052
                                              Washington, D.C. 20001
                                              (202) 724-6602
                                              (202) 727-3625 (fax)
                                              E-mail:  toni.jackson@dc.gov


## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December, 2007, I caused the

foregoing Defendant's Responses and Objections to Plaintiff's First Set of

Interrogatories to be sent to plaintiff, by mailing the foregoing first-class, postage

prepaid, to:

          Alan Banov
          Alan Banov & Associates
          8401 Colesville Road, Suit 325
          Silver Spring, MD  20910


          TONI MICHELLE JACKSON
          Assistant Attorney General

*Rec'd 1 2/5/o*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**BILLIE SORRELL,**

    **Plaintiff,**

    **v.**                      **Civil Action No. 07-00854 (RWR)**

**DISTRICT OF COLUMBIA,**

    **Defendant.**

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34, defendant District of Columbia provides Responses to Plaintiff's Request for Production of Documents as follows:

### GENERAL OBJECTIONS

Defendant objects to the production of any documents or information which are protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. Additionally, defendant objects to any part of the plaintiff's instructions which seeks to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the defendant's control or not currently known to its attorneys after reasonable inquiry.

### DOCUMENT REQUESTS

1. Plaintiff's personnel file, including all her evaluations.

**Response:   See Billie Thompson Sorrell's Personnel File, attached**

**EXHIBIT 3**

hereto as Defendant's Exhibit 9, Bates Nos. 1897 through 1936.

2. Plaintiff's training records.

**Response: The District does not have any training records for Plaintiff at this time. However, discovery is ongoing and the District reserves the right to supplement should any training records be found.**

3. Sgt. Eugenia Haines's personnel file and any other documents relating to her employment with the Agency.

**Response:    Defendant objects that this request seeks personnel information, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and confidential information that constitutes an unwarranted invasion of personal privacy. In addition, Defendant objects that this request seeks information that is not reasonably calculated to lead to discovery of admissible evidence. Without waiving any objections, Sergeant Haines's personnel file will be provided once a suitable protective order is in place.**

4. Documents showing the last positions, home addresses, and telephone numbers for the following: Ms. Hall [as identified herein in Interrogatory No. 17], Vera Barnett, Isaiah Cobb, Dennis Harrison, Tyrone Harrison, Eugenia Haines, Penny Jackson, Jewel Kendall, Mark Queen, Kenneth Randolph, and Lawrence Smith.

**Response:    Defendant objects that this request seeks personnel information, the release of which is prohibited by D.C. Code §1-631.01 and**

2

**D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and confidential information that constitutes an unwarranted invasion of personal privacy.  In addition, Defendant objects that this request seeks information that is not reasonably calculated to lead to discovery of admissible evidence.  Without waiving any objections, see the answer to interrogatory no. 2.  In addition, see Defendant's Exhibits 5 and 7.  Further, the District will produce all employees for deposition in this matter, and provide last known address for all former employees**

5.    Any and all documents referred to in preparation of your Answers to Interrogatories or identified therein.

**Response:  Defendant objects that this interrogatory may invade the work product and attorney-client privileges.   Without waiving any objection, see Defendant's Exhibits 1 through 8.**

6.    Any and all documents relating to plaintiff's allegations of sexual harassment  and inappropriate behavior by Sgt. Haines, including any investigation of plaintiff's allegations against Sgt. Haines.

**Response:  See Defendant's Exhibits 4 through 8.**

7.    Any and all documents relating to any other allegations of sexual harassment, inappropriate conduct, or otherwise harassing behavior filed by other DCDC employees or inmates against or relating to Sgt. Haines.

**Response:   Defendant objects that this request seeks personnel information, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec.**

3105, 3112, and 3113.6, and confidential information that constitutes an unwarranted invasion of personal privacy. Moreover, Defendant objects that this request is overly broad, unduly burdensome, cumulative, confusing, calls for a legal conclusion, not limited in scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Finally, the request also invades the work product and attorney-client privileges. Without waiving any objections, once a suitable protective order is in place complaints will be produced.

8. Any and all documents relating to Sgt. Haines's allegations of sexual harassment.

Response: Defendant objects that this request seeks personnel information, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, see Complaints (formal and informal) filed by Sergeant Eugenia Haines against other employees, known as Defendant's Exhibit 2, which will be produced once a suitable protective order is in place.

9. Any and all documents relating to Marsha Rose's allegations of sexual harassment or inappropriate behavior by Sgt. Haines and the Agency's investigation thereof.

**Response:  See response to Request No. 7.**

10.   Any and all documents relating to Cpl. Vera Barnett's allegations of sexual harassment by Lt. Cobb, including without limitation reports of investigation and depositions.

**Response:  See response to Request No. 7.**

11.   Any and all documents relating to Sgt. Haines's involvement in Cpl. Vera Barnett's complaint of sexual harassment against Lt. Cobb.

**Response:  See response to Request No. 7.**

12.   Any other informal or formal complaints of sexual harassment ever filed or presented against or about Sgt. Haines.

**Response:  See response to Requests No. 7 and 8.**

13.   Any and all documents relating to the person(s) scheduled to be zone supervisor (including "acting" zone supervisor) and acting lieutenant during the midnight shift in 2006.

**Response:  Defendant objects that this request is not relevant, unduly burdensome, not likely to lead to any admissible evidence, and is a breach of the Jail's security protocols.**

14.   Any and all checkpoint log books which the Agency kept at the D.C. Jail between January 1, 2006, through June 1, 2006.

**Response:  Defendant objects that this request is not relevant, unduly burdensome, not likely to lead to any admissible evidence, and is a breach of the Jail's security protocols.**

15.   Any and all documents relating to scheduling of correctional staff during the midnight shift since January 1, 2005, including without limitation assignments

to acting positions, daily shift rosters, and master rosters.

**Response:  Defendant objects that this request is not relevant, unduly burdensome, not likely to lead to any admissible evidence, and is a breach of the Jail's security protocols.**

16.  Any and all log books from Unit North Two between January 1, 2005 through June 1, 2006.

**Response:  Defendant objects that this request is not relevant, unduly burdensome, not likely to lead to any admissible evidence, and is a breach of the Jail's security protocols.**

17.  Any documents or reports related to the sexual orientation of the Agency's female correctional staff.

**Response:  Defendant objects to this request on the grounds that it violates the District of Columbia's Human Rights Act of 1977, DCHRA DC Code 2-1401, which prohibits acts of discrimination based on sexual orientation.  In addition, this interrogatory is not reasonably calculated to lead to discovery of admissible evidence.  Without waiving any objections, Defendant does not keep records of this type of information.**

18.  All documents relating to any other complaints or cases of sexual harassment brought by any other Agency female employees (past or present) against or relating to any other Agency female employees (past or present), including without limitation any decisions, reports, or findings relating to such cases.

**Response:    Defendant objects that this request seeks personnel**

information, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and confidential information that constitutes an unwarranted invasion of personal privacy.  Moreover, Defendant objects that this request is overly broad, unduly burdensome, cumulative, confusing, calls for a legal conclusion, not limited in scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Finally, the request also invades the work product and attorney-client privileges.  Without waiving any objections, once a suitable protective order is in place complaints made to a court or an administrative body that were made for the past 5 years, 2002-2007, will be produced.

19.  Any and all affidavits, reports, or statements taken from any witnesses or prospective witnesses for the Agency.

Response:  See Defendant's Exhibit 5.

20.  Any documents to which any of defendant's witnesses may refer in preparation for depositions or trial.

Response:  Objection.  This document request is premature.

21.  All reports made by any expert(s) whom you intend to call to testify at trial and/or any hearing of this matter, as well as their resumes and curriculae vitae.

Response:  Objection.  This document request is premature.  Should the District retain an expert(s) to testify in this matter, notice will be

7

provided according to the Scheduling Order.

22.  Any other documents upon which the Agency relies or intends to rely on in support of its defense(s).

**Response:**    Defendant objects that this request calls for a legal conclusion.    Without waiving any objection, see Defendant's Exhibits 1 though 9.

Dated: November 30, 2007.                    Respectfully submitted,

                                             LINDA SINGER
                                             Attorney General

                                             GEORGE C. VALENTINE
                                             Deputy Attorney General, Civil Litigation

                                             NICOLE L. LYNCH (471953)
                                             Chief, General Litigation Section II

                                             TONI MICHELLE JACKSON (453765)
                                             Assistant Attorney General
                                             441 Fourth Street, N.W., Suite 6S052
                                             Washington, D.C. 20001
                                             (202) 724-6602
                                             (202) 727-3625 (fax)
                                             E-mail:  toni.jackson@dc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of December, 2007, I caused the

foregoing Defendant's Responses and Objections to Plaintiff's First Set of

Document Request to be sent to plaintiff, by mailing the foregoing first-class,

postage prepaid, to:

      Alan Banov
      Alan Banov & Associates
      8401 Colesville Road, Suit 325
      Silver Spring, MD  20910

          TONI MICHELLE JACKSON
          Assistant Attorney General

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BILLIE SORRELL,

    **Plaintiff,**

    v.

**DISTRICT OF COLUMBIA,**

    **Defendant.**

Civil Action No. 07-00854 (RWR)

## DEFENDANT DISTRICT OF COLUMBIA'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR ADMISSIONS

Pursuant to Fed. R. Civ. P. 36, defendants District of Columbia hereby submits its Responses and Objections to Plaintiffs' Request for Admissions.

## GENERAL OBJECTIONS

Defendants object to the production of any information, which are protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Inadvertent production of any information so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. Additionally, defendant objects to any part of the plaintiff's instructions which seeks to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the defendant's control or not currently known to its attorneys after reasonable inquiry.

## REQUEST FOR ADMISSION

1. Do you admit that plaintiff has been employed by the Agency since about October 17, 1983?

**EXHIBIT 4**

**Response: Admit.**

2. Do you admit that in or about November 1989 the Agency promoted plaintiff to the rank of Sergeant?

**Response: Deny. The Official Personnel Action Form One documents that Plaintiff was promoted to the position of Lead Correctional Officer (Sergeant) DS-09, effective 04/08/90.**

3. Do you admit that generally plaintiff worked the No. 1 (midnight) shift, from 11:30 p.m. to 8 a.m.?

**Response: Admit.**

4. Do you admit that beginning in January 2005, plaintiff and Sergeant Haines were assigned to work the same midnight shift with the same days off?

**Response: Admit.**

5. Do you admit that between June 2003 and June 2006, sergeants on the midnight shift were rotated through the Acting Lieutenant position?

**Response: Admit.**

6. Do you admit that the Acting Lieutenants have supervisory authority over all lower positions in their unit?

**Response: Admit.**

7. Do you admit that the Acting Lieutenant has the freedom to move throughout the entire D.C. Jail facility?

**Response: Defendant objects to the form of the Admission and more substantially, that the Admission is not reasonably calculated to lead to discovery of admissible evidence. Deny, the acting Lieutenant has**

2

**authority in their zone.**

8. Do you admit that between June 2003 and June 2006, Sgt. Eugenia Haines served as Acting Lieutenant on the midnight shift at the D.C. Jail?

**Response:  Defendant admits that both Sgt. Haines and Plaintiff, at times, served in the position of acting Lieutenant on the Midnight Shift.**

9. Do you admit that when Sgt. Haines served as Acting Lieutenant, she had supervisory authority over Sgt. Sorrell?

**Response:  Defendant incorporates herein, its response to Admission (9).  Defendant admits that when Sgt. Haines or Plaintiff is serving as Acting Lieutenant, and assigned to the same zone, then one would have direct supervisory authority over the other.**

10. Do you admit that a significant percentage of the female correctional officers at the D.C. Jail are lesbian or bisexual?

**Response:  Defendant objects to this Admission on the grounds that it violates the District of Columbia's Human Rights Act of 1977, DCHRA DC Code 2-1401, which prohibits acts of discrimination.  Defendant lacks information to either admit or deny the assertion made in this admission.**

11. Do you admit that at least ten percent of the female correctional officers at the D.C. Jail are lesbian or bisexual?

**Response:  Defendant objects to this Admission on the grounds that it violates the District of Columbia's Human Rights Act of 1977, DCHRA DC Code 2-1401, which prohibits acts of discrimination.  Defendant lacks information to either admit or deny the assertion made in this admission.**

3

12.  Do you admit that in 2004, Cpl. Vera Barnett alleged that Lt. Cobb had sexually harassed her?

**Response:  Deny as stated.  Defendant does not have a record of Vera Barnett being an employee.**

13.  Do you admit that the Agency investigated Cpl. Barnett's allegations that Lt. Cobb had sexually harassed her?

**Response:  Defendant incorporates herein its response to Admission (12) above.**

14.  Do you admit that Fred Staten found Lt. Cobb guilty of sexual harassment?

**Response:  Deny.**

15.  Do you admit that Mr. Staten recommended that the Agency remove Lt. Cobb from his position?

**Response:  Deny.**

16.  Do you admit that Lt. Cobb appealed his removal?

**Response:  Deny.**

17.  Do you admit that that Sgt. Haines was a witness in Lt. Cobb's defense of his removal?

**Response:  Deny.**

18.  Do you admit that on or about April 5, 2005, Sgt. Sorrell and Sgt. Haines both attended a roll call held during their shift?

**Response:  Admit.**

19.  Do you admit that during a roll call on or about April 5, 2005, Sgt. Haines

4

stood behind Sgt. Sorrell at least once?

**Response:   Deny as stated.   The evidence of record (sworn affidavits by Lt. Cobb and Captain Coley) documents that Plaintiff reported to them that Sgt. Haines stood close to her during role call.  See exhibit 1 attached hereto.**

20.  Do you admit that that on or about April 5, 2005, Sgt. Sorrell told Lt. Isaiah Cobb and Captain Coley that Sgt. Haines had followed her around during a roll call held that day?

**Response:   Defendant incorporates herein, its response to Admission (19) above.**

21.  Do you admit that on or about April 5, 2005, Sgt. Sorrell told Lt. Isaiah Cobb and Captain Coley that Sgt. Haines had stood close to her during a roll call held that day?

**Response:  Admit.**

22.  Do you admit that on or about April 5, 2005, Sgt. Sorrell told Lt. Cobb and Captain Coley that she moved away from Sgt. Haines three times, and each time Sgt. Haines followed her and stood behind her?

**Response:  Deny as stated.  See exhibit 1.**

23.  Do you admit that neither Lt. Cobb nor Captain Coley reported plaintiff's allegations to the court-appointed inspector?

**Response:   Defendant can neither admit to nor deny this Admission. Plaintiff never made a complaint of sexual harassment to Lt. Cobb or Captain Coley.  See exhibit 1.**

24.  Do you admit that neither Lt. Cobb nor Captain Coley provided plaintiff with the contact information for a Special Inspector or a court-appointed investigator?

**Response:  Defendant can neither admit to nor deny this Admission. Plaintiff never made a complaint of sexual harassment to Lt. Cobb or Captain Coley.   In addition, the contact information for the Special Inspector or court-appointed investigator is posted in and around the prison.  See exhibit 1.**

25.  Do you admit that between April 5 and June 1, 2006, plaintiff informed Lt. Cobb that Sgt. Haines was sexually harassing her?

**Response:  Deny.  See exhibit 1.**

26.  Do you admit that Sgt. Haines was absent from work between from May 2005 to April 2006 due to a work-related injury?

**Response:  Admit.**

27.   Do you admit that on or about June 17, 2005, plaintiff filed an administrative complaint against defendant with the Equal Employment Opportunity Commission (EEOC), alleging gender discrimination?

**Response:  Admit.**

28.  Do you admit that on or about July 18, 2005, Captain Tyrone Harrison issued a "cease and desist" order to Sgt. Haines?

**Response:  Defendant admits that identical "cease and desist" notices were issue to Plaintiff and Sergeant Haines.  The notices were signed by Dennis Harrison, Acting Warden.**

6

29.  Do you admit that Capt. Harrison ordered Sgt. Haines to avoid contact, both on- and off-duty, with plaintiff?

**Response:   The notices ordered Plaintiff and Sgt. Haines to avoid contact with each other, both on and off-duty, except that which is necessary to carry out the Agency's mission.**

30.  Do you admit that Lt. Penny Jackson was present during the meeting in which Capt. Harrison gave the order to plaintiff?

**Response:  Defendant can neither admit to nor deny this Admission.**

31.  Do you admit that Sgt. Haines returned to duty in April 2006?

**Response:  Admit.**

32.  Do you admit that after Sgt. Haines returned to duty in April 2006, the Agency assigned her to work on the same shift as plaintiff?

**Response:  Admit.**

33.  Do you admit that the Agency has never disciplined plaintiff?

**Response:  Plaintiff has been an employee for more than twenty (20) years, therefore, Defendant can neither admit to nor deny Admission (33).**

34.  Do you admit that the Agency has never disciplined Sgt. Haines?

**Response:  Sgt. Haines has been an employee for more than twenty (20) years.  Therefore, Defendant can neither admit to nor deny Admission (34).**

35.  Do you admit that on or about May 22, 2006, plaintiff's psychiatrist recommended that she take medical leave?

**Response:   Deny.   Defendant is not in receipt of said medical**

7

**documents.**

36.  Do you admit that from about June 1, 2006, through the present, plaintiff has been on approved leave without pay (LWOP) from her employment at the D.C. Jail?

**Response:  Deny.**

Dated: November 30, 2007.                    Respectfully submitted,

                                             LINDA SINGER
                                             Attorney General

                                             GEORGE C. VALENTINE
                                             Deputy Attorney General, Civil Litigation

                                             _____
                                             NICOLE L. LYNCH (471953)
                                             Chief, General Litigation Section II

                                             TONI MICHELLE JACKSON (453765)
                                             Assistant Attorney General
                                             441 Fourth Street, N.W., Suite 6S052
                                             Washington, D.C. 20001
                                             (202) 724-6602
                                             (202) 727-3625 (fax)
                                             E-mail:  toni.jackson@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December, 2007, I caused the

foregoing Defendant's Responses and Objections to Plaintiff's Request for

Admissions to be sent to plaintiff, by mailing the foregoing first-class, postage

prepaid, to:

Alan Banov
Alan Banov & Associates
8401 Colesville Road, Suit 325
Silver Spring, MD  20910

TONI MICHELLE JACKSON
Assistant Attorney General

ALAN BANOV AND ASSOCIATES

**ALAN BANOV**
Admitted in Maryland and the District of Columbia

December 28, 2007

<u>By Facsimile Transmission (to 202-727-3625) and by Mail</u>
Alex Karpinski, Esq.
Assistant Attorney General
District of Columbia
Civil Litigation Division
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001

Re:    <u>Billie Sorrell v. District of Columbia</u>
         C.A. No. 07-854 (RWR) (D.D.C.)

Dear Mr. Karpinski:

On December 5, 2007, we received Defendant's discovery responses and have reviewed them. They are deficient in the following ways:

<u>Response to Requests for Admissions</u>

9.    In its response to Request Number 9, Defendant incorporated its response to the Request for Admission No. 9. This appears to be a typo.

23.    Defendant's answer is unresponsive. The request for admission specifically asked whether <u>Lt. Cobb</u> or <u>Captain Coley</u> reported the allegations made by plaintiff on April 5, 2005 (emphasis added), and does not ask whether a "complaint of sexual harassment" was made. In its response to Request No. 19, defendant stated, "Plaintiff reported to [Lt. Cobb and Capt. Coley] that Sgt. Haines stood close to her during role (sic) call." Defendant should answer the specific question posed.

24.    The points made above regarding Request No. 23 apply here.

28.    Defendant's response both exceeds the scope of the written request and failed to respond to the specific question asked. Once again defendant's response exceeds the scope of the written request. The request for admission asks specifically and solely whether Captain Harrison issued a cease and desist order to <u>Sgt. Haines.</u> Defendant's response exceeded the scope of this request when it included information relating to a cease and desist notice issued <u>to plaintiff.</u>

30.    In response, Defendant states that it "can neither admit to nor deny this Admission." Pursuant to Fed. R. Civ. P. 36(a), an "answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the

8401 COLESVILLE ROAD, SUITE 325    301-588-9699
SILVER SPRING, MD 20910    301-588-0908 FAX
BANOV@BANOVLAW.COM

**EXHIBIT 5**

Letter to Alex Karpinski, Esq.
Re:    <u>Billie Sorrell v. District of Columbia</u>
December 28, 2007
Page 2

matter." Defendant must supplement this response to provide a detailed reason for its failure to
admit or deny this request, or it will be deemed admitted.

Answers to Interrogatories

1. Defendant refers only to its Initial Disclosures. However, those disclosures were
woefully inadequate because they provided very little relevant information and documents.
Please make this response more complete now.

2. The response is incomplete in describing the positions of the identified persons
because it does not provide their grade levels. Please provide that information.

3. The objection lacks merit. The information requested is quite relevant to plaintiff's
charges about Sgt. Haines. If defendant had entered into one of the protective orders which
plaintiff proffered, it would not have any legitimate privacy concerns. Further, the answer is
incomplete; defendant merely stated that Ms. Hart retired and provided no information about her
employment, her forwarding address, or her relationship with Sgt. Haines.

5. With respect to defendant's confidentiality objection, if defendant had entered into
one of the protective orders which plaintiff has proffered, it would not have any legitimate
privacy concerns.

Defendant's response is also incomplete because it fails to describe in detail Sgt. Haines's
employment history since 2002. Although the response states that Sgt. Haines "has worked a
variety of post assignments," defendant mentions only <u>one</u> post assignment and her current shift
assignment (without any indication of when she worked this shift). The response also lacks any
information regarding her other post assignments, grade(s), promotions, or leaves of absence. It
fails to indicate whether she has held her current rank, position, and shift assignment since 2002.
Defendant apparently seeks to rely on Fed. R. Civ. P. 33(d) to utilize D.C. personnel records to
supplement its response "once a suitable protective order is in place," but does not provide the
appropriate documents to answer the interrogatory even halfway. Thus, for many weeks,
Plaintiff has attempted to answer defendant to agree to such an order, but defendant has taken an
unreasonable position, resulting in plaintiff's unilateral motion. Because defendant has not made
such records available for plaintiff's examination or inspection, defendant cannot rely on Rule
33(d) and must provide a full written response. Such information is needed <u>promptly</u> to prepare
for depositions in this case, which will be held in early January. Moreover, defendant has
waived the right to object since it has represented on multiple occasions that it would provide
info relating to Sgt. Haines   See the attached e-mails from Toni Jackson.

6. Even if defendant does not have a written disciplinary record for Sergeant Haines, this
interrogatory requests that defendant describe any discipline which it has <u>ever</u> imposed upon her,
and seeks <u>any</u> information, written or verbal, available to defendant and its agents, including
information employees can recall to the best of their knowledge, information or belief. "[A]
party cannot take a purposefully restricted approach to discovery by furnishing only that
information within his immediate knowledge or possession; a party has a duty to seek that
information reasonably available to him from his employees, agents, or others subject to his

Letter to Alex Karpinski, Esq.
Re:    <u>Billie Sorrell v. District of Columbia</u>
December 28, 2007
Page 3

control. . . ." *Weaver v. Gross*, 107 F.R.D. 715, 717 (D.D.C. 1985). *See also Morgan v. Federal Home Loan Mortg. Corp.*, 197 F.R.D. 12 (D.D.C. 2000) (ordering the defendant to provide declarations regarding discovery information sought by the plaintiff); *Tavoulareas v. Piro*, 93 F.R.D. 11, 20-21 (D.D.C. 1981) (court ordered plaintiff to produce not only documents which were under his possession or control, but also documents for which he had a legal right to control or obtain, and to show in detail that he had made a good-faith effort to do so and that that effort had been unavailing). Defendant should ask Sgt. Haines's supervisors about any discipline they have given her and, in any event, can supplement this response to include Sgt. Haines's recent discipline, verbal or otherwise, for improper possession of a weapon.

7.    Defendant's response fails to provide any information whatsoever about any allegations of sexual harassment by Sgt. Haines against any other DCDC employees and thus is not complete. Once again, defendant cites Fed. R. Civ. P. 33(d) and apparently seeks to rely on D.C. business and/or personnel records to supplement its response "once a suitable protective order is in place." However, as noted above, for many weeks, defendant has taken an unreasonable position, resulting in this delay and plaintiff's motion. Plaintiff needed such information promptly to prepare for depositions in this case. Thus, since defendant has not made such records available for plaintiff's examination or inspection, defendant cannot rely on Rule 33(d) and must provide a full written response.

8.    Defendant's response fails to provide any information whatsoever about any allegations or complaints <u>by Sgt. Haines</u> of sexual harassment or inappropriate conduct <u>against her</u> and thus is not complete. Defendant apparently seeks to rely on Fed. R. Civ. P. 33(d) and use D.C. business and/or personnel records to supplement its response "once a suitable protective order is in place." However, as noted above, for many weeks, Plaintiff attempted to negotiate such an order with defendant, but defendant took an unreasonable position, resulting in plaintiff's motion for protective order. The information and related documents are promptly needed to prepare for depositions in this case. Since defendant has not made such records available for plaintiff's examination or inspection, it cannot rely on Rule 33(d) and must provide a full written response. "The option [of providing business records under [Federal] Rule 33(d)] is limited to questions whose answer[s] may be derived from the party's records, but many questions are not of that sort. For example, if a question calls for the recollections of parties or their employees or agents, the fact that some pertinent data might also be found in the records would not warrant use of this option." 8A WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE, Civil 2d § 2178, at 331 (1994). Where the document is not sufficient to answer fully the interrogatory, the responding party must supply a narrative answer. *See White v. United States Catholic Conf.*, 1998 U.S. Dist. LEXIS 11872, *6 (D.D.C. 1998); *Herdlein Technologies, Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 105 (W.D. N.C. 1993); *Sabel v. Mead Johnson & Co.*, 110 F.R.D. 553, 555 (D.Mass. 1986).

11.    See the points made above regarding Interrogatory 8.

12.    The document which defendant references, Exhibit 5, do not provide a full answer. Clearly, Captain Coley and Lt. Cobb submitted affidavits, but neither their affidavits nor their Agency's EEOC response (which quotes their affidavits) describe any action or inaction taken by them or any communications with the Agency. Nor do Department Orders and

Letter to Alex Karpinski, Esq.
Re:    Billie Sorrell v. District of Columbia
December 28, 2007
Page 4

memoranda plaintiff's personnel records, or Neal v. Moore case documents provide any substantive answer to this interrogatory. In addition, Exhibit 7, which defendant references, is devoid of any information responsive to this request.

14.    The document which defendant references, Bates No. 1896, is not responsive. It is a cease and desist order which the Agency issued to plaintiff, not one which it issued to Sgt. Haines. Immediately please provide a narrative description of all cease and desist orders which the Agency issued to Sgt. Haines, and provide copies of such orders.

15.    Defendant's objections lack merit. The information requested is narrowly tailored to orders or warnings issued to Plaintiff or Sgt. Haines, and is thus relevant to the issues presented in this case. Further, defendant attempts to rely on Rule 33(d) to provide business records, but the records referenced (Exhibits 1-8) do not provide a responsive answer. See also the points made above regarding Interrogatory No. 8. Immediately please provide a narrative description of all "cease and desist" order or similar orders involving plaintiff or Sgt. Haines, including relevant dates, parties, circumstances, follow-up actions by the Agency, and identify those present when such orders were issued.

16.    The interrogatory asked Defendant to provide any court actions to which Sgt. Haines has been a party. Defendant's objection lacks merit. Defendant contends that "the information requested "is a matter of public record and as such is equally accessible to plaintiff and defendant." However, without any indication of the identities of the parties to such suits or their courts, the information is not accessible to plaintiff. Also, "a basic tenet of the current liberal discovery rules is that discovery may be had of issues that are already known to the party seeking discovery." Hoh Co. v. Travelers Indem. Co., 1991 U.S. Dist. LEXIS 15403 (D.D.C. 1991). See also Krantz v. United States, 56 F.R.D. 555, 557 (W.D. Va. 1972); 8 Wright and Miller, Federal Practice and Procedure, Civil 2d §2014, at 202 (1994) ("the purpose of the discovery rules is not only to elicit unknown facts, but also to narrow and define the issues, and for this purpose it is often necessary to use discovery about known facts"); 4A J. Moore, J. Lucas & D. Epstein, Moore's Federal Practice, ¶33-13 (2d ed. 1983).

According to the Agency's discovery responses in another case, "Department Order Number 3040.6A, Employee Criminal Background Investigations, [has] required employees to disclose any adverse contact with criminal justices agencies" and "Department Order Number 1280.2A (April 30, 1993), D.C. Department of Corrections Notification Procedures, Section VII(A)(6) requires that appropriate notification be made for "criminal activity involving the arrest of either inmates or staff." Defendant's response fails to indicate whether Sgt. Haines was a party to other actions, whether any Internal Affairs investigations resulted, and if so, the result of such investigations. Further, even if plaintiff can obtain information publicly available relating to Civil Action CA-9529-03, defendant fails to address whether an Internal Affairs investigation resulted from any such lawsuits, and provide related documents thereof. Also, since Sgt. Haines is presumably still within defendant's control, it should ask her for this information. See Weaver, supra.

17.    Defendant's objections lack merit. As explained above, the fact that the information might be a matter of public record is no excuse not to provide it. Second, to the

Letter to Alex Karpinski, Esq.
Re:    Billie Sorrell v. District of Columbia
December 28, 2007
Page 5

extent that defendant refuses to disclose the information on the ground that it is confidential, this defense will be unavailable once the court enters a protective order.  Third, since Sgt. Haines is presumably still within defendant's control, it can be compelled to ask her for this information. See *Weaver, supra*.

18.    Defendant's objection is without merit.  Plaintiff requested <u>factual</u> information relating to some of her factual allegations.  Also, defendant incorporates by reference responses to interrogatories which have nothing to do with <u>this</u> interrogatory.  Defendant should answer this interrogatory.

<u>Verification.</u>

The instructions in the requests stated (No. 9): "At their end, please attach a verification of the answers to the interrogatories, signed by an officer or agent of defendant having first-hand knowledge of some to the answers, as well as the information as to the name(s), business address(es), and title(s) of the person or persons subscribing to the jurat."  However, despite that instruction and customary practices, an official representative <u>of the Agency</u> who has <u>first-hand knowledge or information</u> did not verify the Agency's interrogatory answers; a paralegal in the Office of Attorney General signed them.  That is improper.  <u>See</u> Federal Rule 33(b) ("The answers are to be signed by the person making them, and the objections signed by the attorney making them."); <u>McDougald v. Dunn</u>, 468 F.2d 468, 472 (4th Cir. 1972), quoting Wright & Miller, <u>8 Federal Practice & Procedures</u> §2172, p. 535 n. 29 (1970); <u>Exxon Corp. v. F.T.C.</u>, 384 F.Supp. 755 (D.D.C. 1974), <u>remanded</u>, 174 U.S. App. D.C. 79, 527 F.2d 1386 (1976).  Unless the paralegal plans to be a witness for his client, defendant should have an agent of the Agency sign them.

<u>Requests for Documents</u>

1.    Initially, we note that there is a gap between Bates Nos. 15 and 1803.  What are the documents which your Bates numbered 16-1802?  To the extent any are privileged, you should have provided a privilege log, in accordance with Fed. R. Civ. P. 26(b)(5) and Instructor No. 12 of plaintiff's discovery responses.

2.    Defendant provided what it represented as "Billie Thompson Sorrell's Personnel File," but the file seems rather sparse for an employee who has been employed by an Agency since 1983.  Thus, we see very few time and attendance forms; only a few Form 1 personnel records; and no documents bearing a date later than May 2006, though the Agency should have documents relating to plaintiff's leave since May 25, 2006.

3.    Defendant should have agreed to the protective order proffered by plaintiff.  Also, defendant did not itemize the specific documents which it has withheld, as required by Instruction No. 12 and Fed. R. Civ. P. 26(b)(5).

4.    As stated above, defendant should have entered into the protective order proffered by plaintiff and should have itemized the specific documents which it has withheld, as required by Instruction No. 12 and Fed. R. Civ. P. 26(b)(5).  Defendant states, "the District will produce

Letter to Alex Karpinski, Esq.
Re:      Billie Sorrell v. District of Columbia
December 28, 2007
Page 6

all employees for deposition (sic) in this matter, and provide last known address for all former employees," but it would be unduly burdensome and expensive for plaintiff to depose all those employees, even if she obtains an order from the court to conduct so many depositions, and, in any event, defendant has not provided any last known address for <u>any</u> former employees.

5.  It is incomprehensible that the <u>only</u> documents which defendant referred to in preparing its Interrogatory Answers are Defendant's Exhibits 1-8. It must also have read documents which it is withholding under an alleged privileged, but has not identified these documents.

7.  Defendant should have agreed to the protective order proffered by plaintiff. Also, default did not itemize the specific documents which it has withheld, as required by Instruction No. 12 and Fed. R. Civ. P. 26(b)(5).

8.  Defendant should have agreed to the protective order proffered by plaintiff. Also, default did not itemize the specific documents which it has withheld, as required by Instruction No. 12 and Fed. R. Civ. P. 26(b)(5).

9.  Defendant should have agreed to the protective order proffered by plaintiff. Also, default did not itemize the specific documents which it has withheld, as required by Instruction No. 12 and Fed. R. Civ. P. 26(b)(5).

10.  Defendant should have agreed to the protective order proffered by plaintiff. Also, default did not itemize the specific documents which it has withheld, as required by Instruction No. 12 and Fed. R. Civ. P. 26(b)(5).

11.  Defendant should have agreed to the protective order proffered by plaintiff. Also, default did not itemize the specific documents which it has withheld, as required by Instruction No. 12 and Fed. R. Civ. P. 26(b)(5).

12.  Defendant should have agreed to the protective order proffered by plaintiff. Also, default did not itemize the specific documents which it has withheld, as required by Instruction No. 12 and Fed. R. Civ. P. 26(b)(5).

13.  The objection lacks merit. The documents are relevant to the ability of one sergeant (<u>viz</u>, Sgt. Haines here) to supervise another sergeant (<u>viz</u> plaintiff here) when serving as acting lieutenant and her contact with plaintiff at those times. Complaint ¶¶19, 72-74. It would not be a breach of any security protocols if defendant provided the documents under a protective order. Plaintiff's counsel has received hundreds of even more secure confidential documents from the Federal Bureau of Prisons under a similar protective order.

14.  The points made about Request No. 13 apply to this request.

15.  The points made about Request No. 13 apply to this request. Also, it is incomprehensible how the job assignments could be confidential.

Letter to Alex Karpinski, Esq.
Re:    <u>Billie Sorrell v. District of Columbia</u>
December 28, 2007
Page 7

  16.  The points made about Request No. 13 apply to this request.

  18.  As stated above, defendant should have entered into the protective order proffered by plaintiff and should have itemized the specific documents which it has withheld, as required by Instruction No. 12 and Fed. R. Civ. P. 26 (b)(5).

  20.  The request is <u>not</u> premature.  Plaintiff has been requesting depositions of various witnesses.  They may have already been referring to documents.  In any event, at the outset of their depositions, plaintiff's counsel will renew this request.

  21.  The request is <u>not</u> premature.  If defendant has consulted with any witnesses or plans to call any experts to testify, it should provide documents responsive to this request.

  By January 7, 2008, please provide more complete responses to the above-described discovery requests, or identify a date and time at which we can discuss these requests.  Otherwise, by January 10, we will file a Motion to Compel more complete responses.

  Thank you very much for your cooperation.

           Sincerely,

           Alan Banov

AB/RW/imm

cc:  Ms. Billie Sorrell

**Alan Banov**

| | |
|---|---|
| **From:** | Alan Banov [abanov@banovlaw.com] |
| **Sent:** | Wednesday, January 09, 2008 2:45 PM |
| **To:** | 'Karpinski, Alex (OAG)' |
| **Cc:** | 'Billie Sorrell'; 'rware@banovlaw.com'; 'Law Clerk, Alan Banov & Associates' |
| **Subject:** | Motion to compel in Sorrell v. D.C. |
| **Importance:** | High |

Mr. Karpinski,

On December 28, 2007, we wrote you a seven-page deficiency letter in this case. At the end we wrote:

> By January 7, 2008, please provide more complete responses to the above-described discovery requests, or identify a date and time at which we can discuss these requests. Otherwise, by January 10, we will file a Motion to Compel more complete responses.

> To date, two weeks later, we have not received any substantive response other than your e-mail the other day. In it you said:

> If there is specific information you seek, the production of which is not dependent upon the court's pending ruling on the protective order motion, please let me know what you believe that to be so that I can look into it.

> If you will kindly read our deficiency letter, you will see that we meticulously explained what we need for more complete responses besides some which obviously would be affected by the Court's issuance of a protective order.

> Please let us know today if you plan to supplement your responses to provide the requested information and documents. Otherwise, this afternoon we will begin work on the motion to compel and plan to file it by Friday.

> Also, it seems clear that we need to move, jointly, for a continuation of the discovery period, not only because we are having a hard time scheduling depositions, but also because the Court is still considering our motion for protective order. As I asked you in yesterday's e-mail, we would appreciate it if you would prepare the first draft of that motion.

> Finally, can you give me more information about the depositions we want?

> Thank you very much for your cooperation.

> Alan Banov

Alan Banov and Associates
8401 Colesville Road, Suite 325
Silver Spring, MD 20910
New phone: 301-588-9699
New fax: 301-588-9698

**EXHIBIT 6**

abanov@banovlaw.com
www.banovlaw.com

Disclaimer:  The information contained in this e-mail may be attorney privileged and confidential information intended only for the use of the individual or entity to whom this message is originally addressed.  If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify the sender and destroy this message after so notifying the sender.

IRS rules restrict written federal tax advice from lawyers under Circular 230, including in e-mails. The sender of this message does not practice in the area of federal or state tax law. Nothing in this message is intended to be used as tax advice. Nor may it be used to avoid any penalty under federal tax laws. This message was not intended to support the promotion or marketing of any transaction.

*Rec'd 1/17/08*

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
### Office of the Attorney General



**Civil Litigation Division**
General Litigation, Section II

January 15, 2008

<u>**VIA FACSIMILE & REGULAR MAIL**</u>

Mr. Alan Banov
8401 Colesville Road, Suite 325
Silver Spring, MD 20910
Facsimile No. (301) 588-9698

RE:    *Billie Sorrell v. District of Columbia,* Civil Action No. 07-854

Dear Mr. Banov:

I have reviewed your correspondence of December 28, 2007 in which you address concerns regarding our discovery responses. As we've discussed, I believe the vast majority of additional information you're seeking is subject to the Court's pending ruling on a protective order. However, as to the discovery requests which are arguably not subject to the pending protective order ruling, I have the following thoughts.

### Response To Requests For Admissions

9.  You are correct. This should read "Defendant incorporates herein its response to admission (8)."

23.  Pursuant to FRCP 36, a party may respond to a request for admission by stating it cannot admit or deny the request and stating the reason why the party cannot admit or deny. Here, the request references "allegations" and requests whether a report was made to a "court-appointed inspector." The question implies that these "allegations" warranted such a report and, therefore, the defendant cannot respond to the request without submitting to plaintiff's characterization of plaintiff's "allegations."

24.  Request for admission no. 24 cannot be admitted or denied for the same reasons as no. 23.

**EXHIBIT 7**

28. Defendant's response to request for admission no. 28 is responsive to the request.

29. Neither Penny Jackson or Capt. Harrison is currently with the Department of Corrections. As such, defendant has no way of obtaining the information with which to admit or deny this request.

## Answers To Interrogatories

1.  The defendant's response, referencing its 26a disclosures, is responsive to the interrogatory. Defendant would further point out that plaintiff has identified the specific witnesses he wishes to depose and these depositions are in the process of being scheduled. In fact, defense counsel consented to an extension of discovery and has worked with plaintiff's counsel to even schedule witnesses in a particular order. In short, then, defendant is cooperating with the discovery process and, to the extent this interrogatory seeks information known by witnesses, plaintiff will have a complete opportunity to depose witnesses concerning their knowledge of his allegations.

12. Defendant responded appropriately to this interrogatory, referencing affidavits signed by the witnesses about which the interrogatory inquires. Further, pursuant to FRCP 33(d), the provision of records to respond to an interrogatory is appropriate.

16. The information sought is a matter of public record and perfectly available to plaintiff. To the extent the interrogatory also seeks information concerning internal investigations, the interrogatory is subject to the court's pending ruling on a protective order.

## Verification

The interrogatories have been appropriately verified. They were signed by both a paralegal and counsel of record, both of whom were involved in compiling the information provided and are agents of the defendant.

## Requests For Production

Production of the additional documents sought is all dependent upon the pending ruling on the protective order. To the extent counsel does not believe his client's personnel file has been completely produced, defense counsel will double check to be certain additional documents are not available.

I believe the concerns addressed in your December 28 correspondence that I do not address in this correspondence to be subject to the Court's pending ruling on the protective order.

Sincerely,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

Alex Karpinski
Assistant Attorney General
441 4th Street, N.W., Suite 6S052
Washington, DC 20001
Phone: (202) 724-6642
Fax: (202) 727-3625
E-Mail: alex.karpinski@dc.gov

ALAN BANOV AND ASSOCIATES

**ALAN BANOV**
Admitted in Maryland and the District of Columbia

January 24, 2008

**By Facsimile Transmission (to 202-727-3625) and by Mail**
Alex Karpinski, Esq.
Assistant Attorney General
District of Columbia
Civil Litigation Division
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001

      Re:    <u>Billie Sorrell v. District of Columbia</u>
                C.A. No. 07-854 (RWR) (D.D.C.)

Dear Mr. Karpinski:

      During the depositions held on January 17, 2008, Lt. Isaiah Cobb and Capt. Walter Coley referred to documents which are relevant to this case and which Defendant has not yet produced. They are as follows:

<u>Lt. Isaiah Cobb</u>

      1.     Documents pertaining to the Agency's investigation and proposal to discipline/remove him, any hearings associated with it, and the decision on that proposal. (Fred Staten should have them.)

      2.     Roll call reports/daily rosters for roll calls held between January-April 2005, and April-May 2006.

      3.     Transcripts and any other documents pertaining to Janey Scruggs's accusations of sexual harassment against Lt. Cobb. (Fred Staten should have them.)

<u>Capt. Walter Coley</u>

      Any documents which Capt. Coley has in his possession, custody, or control and which were requested in his deposition notice. (You must do this because he testified that he never saw the notice, despite the fact that we specifically asked you <u>in the notice</u> to provide a copy of it to Capt. Coley well in advance of his deposition.)

      A request to produce documents by way of notice of deposition, particularly when followed by a specific request during a deposition, is a proper method for requiring the production of the documents in discovery. *See First Sec. Sav. v. Kansas Bankers Sur. Co.,* 115 F.R.D. 181 (D. Neb. 1987); *Perkinson v. Houlihan's/D.C., Inc.,* 108 F.R.D. 667, 680 (D.D.C. 1985); *Kushawaha v. Howard University,* C.A. 95-002194 (D.C. Super. Ct. 1996); *Cunningham v. Hunter,* C.A. No. 92-12573 (D.C. Super. Ct., 8/20/93). Here, the above documents fall within the purview of our requests for documents and the Notice to Produce Documents.

**EXHIBIT 8**

Letter to Alex Karpinski, Esq.
Re:    <u>Billie Sorrell v. District of Columbia</u>
January 24, 2008
Page 2

Now that the Court has granted our motion for a protective order and particularly since discovery, while extended, will be over by February 27, we need the above-referenced documents as soon as you can provide them.  Please inform us if you can provide them next week.

By separate letter, we will follow up on our "deficiency" letter to you of December 28, 2007.

We will appreciate your cooperation in this matter.

Sincerely,

Alan Banov

AB/RW/se
cc:    Ms. Billie Sorrell

# ALAN BANOV AND ASSOCIATES

ALAN BANOV
Admitted in Maryland and the District of Columbia

February 1, 2008

<u>By Facsimile Transmission (to 202-727-3625) and by Mail</u>
Alex Karpinski, Esq.
Assistant Attorney General
District of Columbia
Civil Litigation Division
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001

      Re:    <u>Billie Sorrell v. District of Columbia</u>
             C.A. No. 07-854 (RWR) (D.D.C.)

Dear Mr. Karpinski:

This responds to your January 15, 2008, letter regarding Defendant's discovery responses.

As you know, on January 17, 2008, the Court granted our Motion for a Protective Order in this case. Accordingly, we again request that Defendant promptly supplement its responses to Plaintiff's First Set of Interrogatories, Requests for Admissions, and Requests for Documents. The following discovery responses are still deficient:

<u>Answers to Interrogatories</u>

1.    As noted in our first deficiency letter, Defendant referred only to its Initial Disclosures, which provided just meager relevant information and documents. In your January 15 letter, you pointed out that Defendant was cooperating with the discovery process and that Plaintiff would have a "complete opportunity to depose witnesses concerning their knowledge of his (sic) allegations." Although Plaintiff appreciates the cooperation of Defendant's present counsel in seeking an extension of time, the delay was caused by Defendant's prior counsel's failure to respond to Plaintiff's initial request to depose these witnesses and Defendant's refusal to enter into a reasonable protective agreement.

Further, it is insufficient to claim that witnesses may later be deposed in this case. A party may not rely on the availability of deposition testimony to avoid its responsibility to provide full answers. *Brandstetter v. Nat'l R.R. Passenger Corp.*, 1987 U.S. Dist. LEXIS 16078 *8-9 (D.D.C. 1987); *Equal Rights Ctr. v. Post Props, Inc.*, 246 F.R.D. 29, 34 (D.D.C. 2007). The law is settled that even if a party can provide relevant information in a deposition, it must still answer an interrogatory completely because (a) unless the deposition is pursuant to 30(b)(6), the deponent does not necessarily speak for the institution; (b) it promotes efficiency for the

WWW.BANOVLAW.COM

**EXHIBIT 9**

Letter to Alex Karpinski, Esq.
Re:    Billie Sorrell v. District of Columbia
February 1, 2008
Page 2

party propounding the interrogatory to have complete written discovery responses before engaging in depositions; and (c) propounding interrogatories is a relatively inexpensive means of discovery. *See Jayne H. Lee, Inc. v. Flagstaff Ind. Corp.*, 173 F.R.D. 651, 652 (D. Md. 1997); *In re Potash Antitrust Litigation*, 161 F.R.D. 405, 409 (D. Minn. 1995); *In re Shopping Carts Antitrust Litigation*, 95 F.R.D. 299, 307 (S.D.N.Y. 1982). Moreover, having complete written discovery responses before engaging in depositions promotes efficiency. *See Lee*, 173 F.R.D. at 652. Interrogatories "are an effective means of identifying individuals with personal knowledge of facts relevant to the litigation who may then be deposed. Interrogatories enable a party to flesh out the major facts supporting his or her opponent's case." *Id. See also Compagnie Francaise D'Assurance v. Phillips Petroleum Co.*, 105 F.R.D. 16, 43 (S.D.N.Y. 1984); *In re Shopping Carts Antitrust Litigation*, 95 F.R.D. at 307 ("Plaintiffs will know whom they have to depose; unnecessary depositions may be avoided; information which might not be obtained by deposing a few individuals may be obtained from the corporate defendants; important conversations, communications and documents will be highlighted; delay may be avoided; and the issues for trial may be narrowed."); *In re Folding Carton Antitrust Litigation*, 76 F.R.D. 417, 419 (N.D. Ill. 1977)("[T]he interrogatories are classic first-wave discovery. They seek information as to the identity of events and the individuals participating in them which is necessary as a prelude to second-wave depositions of the identified individuals.").

Full and complete interrogatory answers will assist Plaintiff in "narrowing the issues" to inquire into in depositions, making the depositions more efficient, less time consuming, and therefore less expensive. Defendant's interrogatory responses may either eliminate or clarify the need to take depositions of certain individuals, therefore avoiding unfruitful depositions. Please make this response more complete now.

2.    As explained in our first deficiency letter, Defendant's response is incomplete in describing the positions of the identified persons because it failed to provide their grade levels. Defendant has not supplemented its response to this request. Please make this response more complete now.

3.    As explained in our first deficiency letter, the information requested is relevant to Plaintiff's charges against Sgt. Haines. Now that the Court has granted our protective order, please provide information regarding Ms. Hart's professional and personal relationship with Sgt. Haines, her employment, and her forwarding address.

5.    Now that the Court has granted our protective order, please provide all responsive information and documents concerning Sgt. Haines's employment history, including her other post assignments, grade(s), promotions, leaves of absence, and the dates of such occurrences.

6.    As explained in our first deficiency letter, this scope of this interrogatory is not limited to written disciplinary records for Sgt. Haines. This interrogatory requests that Defendant describe any discipline which it has ever imposed upon her, and seeks any information, written or verbal, available to defendant and its agents, including information employees can recall to the best of their knowledge, information or belief. "[A] party cannot

Letter to Alex Karpinski, Esq.
Re:    <u>Billie Sorrell v. District of Columbia</u>
February 1, 2008
Page 3

take a purposefully restricted approach to discovery by furnishing only that information within his immediate knowledge or possession; a party has a duty to seek that information reasonably available to him from his employees, agents, or others subject to his control. . . ." *Weaver v. Gross*, 107 F.R.D. 715, 717 (D.D.C. 1985). *See also Morgan v. Federal Home Loan Mortg. Corp.*, 197 F.R.D. 12 (D.D.C. 2000) (ordering the defendant to provide declarations regarding discovery information sought by the plaintiff); *Tavoulareas v. Piro*, 93 F.R.D. 11, 20-21 (D.D.C. 1981) (court ordered plaintiff to produce not only documents which were under his possession or control, but also documents for which he had a legal right to control or obtain, and to show in detail that he had made a good-faith effort to do so and that that effort had been unavailing).

Defendant should ask Sgt. Haines's supervisors about any discipline they have given her and, in any event, can supplement this response to include Sgt. Haines's recent discipline, verbal or otherwise, for improper possession of a weapon.

7.    As explained in our first deficiency letter, Defendant's response fails to provide any information whatsoever about any allegations of sexual harassment by Sgt. Haines against any other DCDC employees and thus is not complete.  In its response, Defendant stated, "Complaints (formal or informal) filed against Sgt. Haines by other employees . . . will be produced once a suitable protective order is in place."  Now that the Court has granted our protective order, Defendant should promptly provide information and documents responsive to this interrogatory, since Plaintiff is needs such information to prepare for further depositions in this case.

8.    As explained in our first deficiency letter, Defendant's response fails to provide any information whatsoever about any allegations or complaints <u>by Sgt. Haines</u> of sexual harassment or inappropriate conduct <u>against her</u> and thus is not complete.  In its response, Defendant stated, "Complaints (formal and informal) filed by Sergeant Eugenia Haines against other DCDC employees . . . will be produced once a suitable protective order is in place."  Now that the Court has granted our protective order, please promptly provide information and documents responsive to this interrogatory, since such information is needed to prepare for depositions in this case.

11.    See the points made above regarding Interrogatory 8.

12.    As explained in our first deficiency letter, the documents which Defendant points to in Exhibit 5 do not provide a full answer.  This interrogatory specifically inquires about <u>formal or informal action(s)</u> taken by Lt. Cobb and Captain Coley.  While the affidavits Defendant provided are responsive, the response is not fully complete because it does not describe any action or inaction taken by them or any communications with the Agency.  This request, as Plaintiff framed it, would cover <u>any</u> communications with other Agency employee's regarding Plaintiff's allegations.  Further, as previously explained, Department Orders and memoranda, plaintiff's personnel records, and the *Neal v. Moore* case documents fail to provide any substantive answer to this interrogatory.  In addition, Exhibit 7, which Defendant references, is devoid of any information responsive to this request.

Letter to Alex Karpinski, Esq.
Re:   <u>Billie Sorrell v. District of Columbia</u>
February 1, 2008
Page 4

      14.    As previously explained, the document which defendant references, Bates No. 1896, is not responsive. It is a cease and desist order which the Agency issued <u>to plaintiff</u>, not one which it issued <u>to Sgt. Haines</u>. We again request that defendant promptly provide all relevant information concerning any and all cease and desist orders which the Agency has issued <u>to Sgt. Haines,</u> and provide copies of such orders.

      15.    As previously explained in our first deficiency letter, and unaddressed by your response, defendant's objections to this request lack merit. The information requested is narrowly tailored to orders or warnings issued to Plaintiff or Sgt. Haines, and is thus relevant to the issues presented in this case. Further, Defendant attempts to rely on Rule 33(d) to provide business records, but the records referenced (Exhibits 1-8) do not provide a responsive answer. See also the points made above regarding Interrogatory No. 8. Immediately please provide a narrative description of all "cease and desist" order or similar orders involving plaintiff <u>or</u> Sgt. Haines, including relevant dates, parties, circumstances, follow-up actions by the Agency, and identify those present when such orders were issued.

      16.    Now that the Court has granted our Protective Order, please provide information concerning any Internal Investigation resulting from the subject matter of this interrogatory, including any investigation into the proceedings which Sgt. Haines filed against Sylvia Cephas, the results of such investigation, and provide copies of any related documents.

      17.    As explained in our first deficiency letter, and unaddressed in your January 15 response, Defendant's objections on this point lack merit. This interrogatory asks about the <u>professional and personal</u> relationship which Ms. Hall had with Sgt. Haines, and is not limited to the argument involved in *Haines v. Cephas*. As framed, at a minimum Defendant can provide information concerning their professional relationship, such as whether Haines supervised Ms. Hall, and the extent of relations required in order to fulfill their work duties. Although Defendant states that "it has no personal knowledge of these incidents," at least one of the incidents occurred at roll call and witnessed by many Agency employees, and Defendant should be able to provide information related to such a public incident. Further, to the extent that Defendant previously refused to disclose the information on the ground that it is confidential, this information promptly should be produced. Lastly, since Sgt. Haines is presumably still within defendant's control, it can be compelled to ask her for this information. *See Weaver, supra.*

      19.    The information is requested by this interrogatory is relevant to Plaintiff's claims in this case. In its response, the Agency stated that it would produce responsive information "once a suitable protective order is in place." Now that the Court has granted our protective order, please provide information response to this request.

Letter to Alex Karpinski, Esq.
Re:    Billie Sorrell v. District of Columbia
February 1, 2008
Page 5

Verification

The instructions in the requests stated (No. 9): "At their end, please attach a verification of the answers to the interrogatories, signed by an officer or agent of defendant having first-hand knowledge of some to the answers, as well as the information as to the name(s), business address(es), and title(s) of the person or persons subscribing to the jurat." However, despite that instruction and customary practices, an official representative of the Agency who has first-hand knowledge or information did not verify the Agency's interrogatory answers; a paralegal in the Office of Attorney General signed them. That is improper. See Federal Rule 33(b) ("The answers are to be signed by the person making them, and the objections signed by the attorney making them."); *McDougald v. Dunn*, 468 F.2d 468, 472 (4th Cir. 1972), quoting Wright & Miller, 8 Federal Practice & Procedures §2172, p. 535 n. 29 (1970); *Exxon Corp. v. F.T.C.*, 384 F.Supp. 755 (D.D.C. 1974), remanded, 174 U.S. App. D.C. 79, 527 F.2d 1386 (1976). Unless the paralegal plans to be a witness for your client, defendant should have an agent of the Agency sign them.

Requests for Production of Documents

1.    As explained in our first deficiency letter, we noticed a gap between documents Bates numbered 16 to 1802. In your January 15 letter, you stated, "Production of the additional documents sought is all dependent upon the pending ruling on the protective order." Accordingly, if the Agency was withholding these documents due until the Court entered a protective order, it is now time to provide such documents promptly. However, if the Agency is withholding these documents based on a claim of privilege, please provide a privilege log, in accordance with Fed. R. Civ. P. 26(b)(5) and Instruction No. 12 of Plaintiff's discovery requests.

2.    In your January 15 letter, you indicated that "defense counsel will double check to be certain additional documents are not available." Please provide any other responsive documents.

3.    Now that the Court has granted our protective order, please provide documents responsive to this request.

4.    Now that the Court has granted our protective order, please provide documents responsive to this request.

5.    As explained in our first deficiency letter, it is incomprehensible that the only documents which Defendant referred to in preparing its Interrogatory Answers are Defendant's Exhibits 1-8. It must also have read documents which it is withholding under an alleged privileged, but has not identified these documents. Please provide documents response to this request, and/or provide a privilege log in accordance with Fed. R. Civ. P. 26(b)(5) and Instruction No. 12 of Plaintiff's discovery requests.

7.    Now that the Court has granted our protective order, please provide documents

Letter to Alex Karpinski, Esq.
Re:    Billie Sorrell v. District of Columbia
February 1, 2008
Page 6

responsive to this request.

8.    Now that the Court has granted our protective order, please provide documents responsive to this request and/or produce a privilege log in accordance with Instruction No. 12.

9.    Now that the Court has granted our protective order, please provide documents responsive to this request.

10.    Now that the Court has granted our protective order, please provide documents responsive to this request.

11.    Now that the Court has granted our protective order, please provide documents responsive to this request.

12.    Now that the Court has granted our protective order, please provide documents responsive to this request and/or produce a privilege log in accordance with Instruction No. 12.

13.    As explained in our first deficiency letter and unaddressed by your January 15 response, Defendant's objection lacks merit. The documents are relevant to the ability of one sergeant (viz, Sgt. Haines here) to supervise another sergeant (viz, plaintiff here) when serving as acting lieutenant and her contact with plaintiff at those times. Complaint ¶¶19, 72-74. It would not be a breach of any security protocols if defendant provided the documents under a protective order. Plaintiff's counsel has received hundreds of even more secure confidential documents from the Federal Bureau of Prisons under a similar protective order. Now that the Court has granted our protective order, please provide documents responsive to this request.

14.    The points made about Request No. 13 apply to this request.

15.    The points made about Request No. 13 apply to this request. Also, as noted in our first deficiency letter, it is incomprehensible how the job assignments could be confidential.

16.    The points made about Request No. 13 apply to this request.

18.    Now that the Court has granted our protective order, please provide documents responsive to this request and/or produce a privilege log in accordance with Instruction No. 12.

## Response to Our January 24, 2008 Letter

We have not received any response to our January 25 letter requesting that you provide copies of documents identified in the January 17 deposition. Please answer our letter.

As you know, the Court entered our protective order nearly two weeks ago and has extended the discovery period until February 27. We have been deprived of the above-described

Letter to Alex Karpinski, Esq.
Re:    Billie Sorrell v. District of Columbia
February 1, 2008
Page 7

information and documents throughout the discovery period since October 2007, when we
served defendant with our first discovery requests.  Accordingly, we need the above-described
responses to our discovery requests as soon as you can provide them, and request that you do so
no later than February 6, 2008.  (Alternatively, by February 6, please identify a date and time at
which we can discuss these requests, so we can comply with our obligations under the rules
before filing a motion to compel.)

       In addition, by February 4 please provide us with dates after February 6 on which the
remaining witnesses are available for depositions.  We received your January 31 e-mail
concerning Sgt. Haines's availability and will notice her deposition for 10 a.m. February 13, if
that is satisfactory to you.

       We will appreciate your cooperation in this matter.

                                        Sincerely,

                                        Alan Banov

AB/RW/se
cc:    Ms. Billie Sorrell

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**BILLIE SORRELL,**

     **Plaintiff,**

     v.

**DISTRICT OF COLUMBIA,**

     **Defendant.**

**Civil Action No. 07-00854 (RWR)**

## DEFENDANT'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, Defendant District of Columbia provides the following answers to plaintiff's interrogatories.    Defendant, in response to said interrogatories, by and through, George B. Becker Jr., Paralegal Specialist, Office of the Attorney General for the District of Columbia, 441 4th St., NW, Washington, DC 20001, having been first duly sworn under oath, upon information and belief, gives the following answers to interrogatories propounded to defendant by plaintiff:

(a) The information supplied in these answers is not based solely on the knowledge of the executing party, but includes knowledge of the District, its agents, representatives, and attorneys, unless privileged.

(b) The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers and thus, does not necessarily purport to be the precise language of the executing party.

(c) Defendant reserves the right to amend, revise, or supplement its answers to these interrogatories if and when new or different information becomes available.

**EXHIBIT 10**

(d) For any additional responsive information made available through deposition testimony, the defendant incorporates such information for the purposes of giving the plaintiff notice that such information exists, but does not adopt such testimony as accurate and complete.

## GENERAL OBJECTIONS

Defendant objects to the production of any documents or information, which are protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. Additionally, defendants objects to any part of the plaintiff's instructions which seeks to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the defendants' control or not currently known to its attorneys after reasonable inquiry.

## INTERROGATORIES

1. Describe in detail what all your witnesses know about the allegations and facts set forth in the Complaint and in your Answer, including without limitation the facts which each person knows.

**Answer: See the defendant's Rule 26a Disclosures. More specifically, the plaintiff, Billie Sorrell has knowledge concerning the allegations made in her complaint and concerning the events about which she testified at her deposition. Eugenia Haines, who allegedly harassed the plaintiff, has knowledge concerning these allegations and her work at the Department of Corrections with the plaintiff. Captain Coley and Lt. Cobb have knowledge concerning plaintiff's allegations, both about alleged**

2

harassment and plaintiff's allegation that she complained that she had been sexually harassed to them on April 5, 2005.  Finally, in addition to the above, Fred Staten, the Department's EEO officer, will have information concerning plaintiff's allegations given his investigation of the matter following plaintiff's filing of a Charge of Discrimination with the D.C. Office of Human Rights.

5.  Describe in detail Sgt. Eugenia Haines's employment history since 2002, including without limitation her rank(s), grade(s), position(s), promotion(s), shift assignments (by day and time), and leaves of absence.

**Answer: Defendant objects that this interrogatory seeks personnel information, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6. Without waiving said objection, see Sgt. Eugenia Haines's personnel file, attached hereto as Defendant's Exhibit 10, Bates Nos. 1987 through 2044.**

7.  Describe in detail all allegations or complaints of sexual harassment or inappropriate conduct by Sgt. Haines, formal or informal, which have been made by any other DCDC employees or inmates, including without limitation any allegations that Sgt. Haines made sexual or romantic advances, acted inappropriately, or otherwise harassed anyone and the Agency's investigation(s) thereof.

**Answer:  Defendant objects that this interrogatory seeks personnel information, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Without waiving any objections, see**

3

**Complaints (formal and informal) filed against Sergeant Eugenia Haines by other employees, known as Defendant's Exhibit 2, Bates Nos. 16 through 494.**

15. Describe in detail any "cease and desist" orders, other stay-away warnings, or restraining orders involving the plaintiff or Sergeant Haines, including without limitation the dates thereof, the names of the parties involved, the circumstances, the names of everyone present when issued (if in-person), and any subsequent follow-up or action which defendant took.

**Answer:   Defendant objects on the grounds that this interrogatory is overly broad and unduly burdensome because it requires DCDC to search through an inordinate amount of information that has no relevance to this case.   Further, this interrogatory is not reasonably calculated to lead to discovery of admissible evidence.   Without waiving objection, see Defendant's Exhibit 2 and Eugenia Haines's July 15, 2005 cease and desist order, attached hereto as Defendant's Exhibit 11, Bates Nos. 2045 through 2047.**

I have read the foregoing Defendant District of Columbia's Answers and Objections to Plaintiff's Interrogatories, and they are true to the best of my knowledge, information, and belief.

George B. Becker Jr.
Paralegal Specialist
Judiciary Square
441 4th Street, N.W.
Washington, D.C. 20001
Direct Line: (202) 724-6615

SWORN AND SUBSCRIBED before me, a Notary Public, this 15th day of February 2008.

Notary Public, D.C.

My Commission Expires: 2/28/09

Dated: February 15, 2008.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation

NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

ALEX KARPINSKI
(Michigan Bar No. P58770)
Assistant Attorney General
441 4th Street, N.W., 6th Floor South
Washington, D.C. 20001
alex.karpinski@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, 2008, I caused the foregoing

Defendant's Supplemental Responses and Objections to Plaintiff's First Set of

Interrogatories to be hand delivered to plaintiff.

Alan Banov
Alan Banov & Associates
8401 Colesville Road, Suit 325
Silver Spring, MD  20910


Alex Karpinski
Assistant Attorney General

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLIE SORRELL, | |
| Plaintiff, | |
| v. | Civil Action No. 07-00854 (RWR) |
| DISTRICT OF COLUMBIA, | |
| Defendant. | |

## DEFENDANT'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34, defendant District of Columbia provides Responses to Plaintiff's Request for Production of Documents as follows:

### GENERAL OBJECTIONS

Defendant objects to the production of any documents or information which are protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. Additionally, defendant objects to any part of the plaintiff's instructions which seeks to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the defendant's control or not currently known to its attorneys after reasonable inquiry.

### DOCUMENT REQUESTS

1. Plaintiff's personnel file, including all her evaluations.

**Response: See Billie Thompson Sorrell's File, attached hereto as Defendant's Exhibit 9a, Bates Nos. 1937 through 1986.**

**EXHIBIT 11**

3.  Sgt. Eugenia Haines's personnel file and any other documents relating to her employment with the Agency.

**Response:  Defendant objects that this request seeks personnel information, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and confidential information that constitutes an unwarranted invasion of personal privacy.  In addition, Defendant objects that this request seeks information that is not reasonably calculated to lead to discovery of admissible evidence.  Without waiving any objections, see Defendant's Exhibit 10.**

4.  Documents showing the last positions, home addresses, and telephone numbers for the following: Ms. Hall [as identified herein in Interrogatory No. 17], Vera Barnett, Isaiah Cobb, Dennis Harrison, Tyrone Harrison, Eugenia Haines, Penny Jackson, Jewel Kendall, Mark Queen, Kenneth Randolph, and Lawrence Smith.

**Response:  Defendant objects that this request seeks personnel information, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and confidential information that constitutes an unwarranted invasion of personal privacy.  In addition, Defendant objects that this request seeks information that is not reasonably calculated to lead to discovery of admissible evidence.  Without waiving any objections, see Defendant's Exhibit 10.**

7.  Any and all documents relating to any other allegations of sexual harassment, inappropriate conduct, or otherwise harassing behavior filed by other DCDC employees or inmates against or relating to Sgt. Haines.

2

**Response:** Defendant objects that this request seeks personnel information, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and confidential information that constitutes an unwarranted invasion of personal privacy. Moreover, Defendant objects that this request is overly broad, unduly burdensome, cumulative, confusing, calls for a legal conclusion, not limited in scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Finally, the request also invades the work product and attorney-client privileges. Without waiving any objections, see Defendant's Exhibit 2.

12. Any other informal or formal complaints of sexual harassment ever filed or presented against or about Sgt. Haines.

**Response:** See response to Requests No. 7.

Dated: February 8, 2008.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation

NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

ALEX KARPINSKI
(Michigan Bar No. P58770)
Assistant Attorney General
441 4th Street, N.W., 6th Floor South
Washington, D.C. 20001
alex.karpinski@dc.gov

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, 2008, I caused the foregoing

Defendant's Supplemental Responses and Objections to Plaintiff's First Set of Document

Request to be hand delivered to plaintiff.

Alan Banov
Alan Banov & Associates
8401 Colesville Road, Suit 325
Silver Spring, MD  20910


ALEX KARPINSKI
Assistant Attorney General

4

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**Office of the Attorney General**



**Civil Litigation Division**
General Litigation, Section II

February 15, 2008

**VIA HAND DELIVERY**

Mr. Alan Banov
8401 Colesville Road, Suite 325
Silver Spring, MD 20910

    RE:   *Billie Sorrell v. District of Columbia,* Civil Action No. 07-854

Dear Mr. Banov:

    Enclosed please find our supplemental discovery responses.

    Additionally, I have reviewed your correspondence of February 1, 2008 in which you address concerns regarding our discovery responses and have the following thoughts.

**Answers To Interrogatories**

1. The defendant has supplemented its response to plaintiff's interrogatory no. 1.

2. Grade levels of the persons identified in this interrogatory are irrelevant. This is a sexual harassment case containing no allegation concerning discriminatory practices with regard to salaries or the amount people are paid. Further, the defendant has produced the complete personnel files of the plaintiff and the accused harasser, Ms. Haines. Grade levels of other people are not relevant or reasonably calculated to lead to the discovery of admissible information.

3. This interrogatory seeks irrelevant information. Defendant's interrogatory answer, which does provide information concerning Ms. Hart, objects on that basis.

**EXHIBIT 12**

5.  Supplemental information responsive to this interrogatory has been enclosed. More specifically, Sgt. Haines' complete personnel file is enclosed under this correspondence.

6   Supplemental information responsive to this interrogatory has been enclosed. More specifically, Sgt. Haines' complete personnel file is enclosed under this correspondence.

7.  Supplemental information responsive to this interrogatory has been enclosed.

8.  This interrogatory seeks irrelevant information. Sgt. Haines' complaints of sexual harassment against other employees are not relevant in this case, nor reasonably calculated to lead to the discovery of admissible information.

11. Defendant responded completely to interrogatory No. 11.

12. Defendant responded appropriately to this interrogatory, referencing affidavits signed by the witnesses about which the interrogatory inquires. Further, pursuant to FRCP 33(d), the provision of records to respond to an interrogatory is appropriate.

14. Supplemental information responsive to this interrogatory has been enclosed.

15. Supplemental information responsive to this interrogatory has been enclosed.

16. The information sought is a matter of public record and perfectly available to plaintiff. Further, as stated earlier, Sgt. Haines' complaints against other employees are not relevant in this case, nor reasonably calculated to lead to the discovery of admissible information. Finally, the Court's ruling on the protective order made clear that it was in no way a determination as to the relevancy and/or discoverability of documents and information requested by the plaintiff.

17. This interrogatory seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible information. Further, the Defendant's response makes clear that it has no knowledge of incidents referenced in the request.

19  This interrogatory seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible information.

## Verification

The interrogatories have been appropriately verified. They were signed by both a paralegal and counsel of record, both of whom were involved in compiling the information provided and are agents of the defendant.

## Requests For Production

1.  Supplemental information responsive to this request for production has been enclosed. However, information concerning Sgt. Haines's complaints against others is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, again, the Court's ruling on the protective order made clear that it was in no way a determination as to the relevancy and/or discoverability of documents and information requested by the plaintiff.

2.  Plaintiff's complete personnel file has been produced.

3.  Sgt. Haines' complete personnel file has been enclosed.

4.  Defendant has provided last known addresses for those employees no longer with the District and produced or scheduled the depositions of witnesses the plaintiff wishes to depose.

6.  Defendant has produced documents referred to in preparation of discovery responses.

7.  Supplemental information responsive to this request for production has been enclosed.

8.  Information concerning Sgt. Haines's complaints against others is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Again, the Court's ruling on the protective order made clear that it was in no way a determination as to the relevancy and/or discoverability of documents and information requested by the plaintiff.

9.  Defendant has produced information concerning other complaints of sexual harassment made against Sgt. Haines.

10-11. These requests for production seek information neither relevant nor reasonably calculated to lead to the discovery of admissible information.

12. Defendant has produced information concerning other complaints of sexual harassment made against Sgt. Haines.

13-16. Without waiving any objection, Defendant is seeking scheduling and assignment information and will produce it upon receipt.

18. This request for production is overly broad, unduly burdensome and does not seek any information relevant to this case or any information reasonably calculated to lead to the discovery of admissible evidence.

### Response To January 24, 2008 Letter

Documents pertaining to Lt. Cobb's employment with the agency, or accusations of sexual harassment against him, are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

As stated earlier, without waiving any objection, defense counsel is seeking to obtain scheduling information and will produce same as it is available.

Finally, Capt. Coley does not have any documents which were requested in his deposition notice.

Sincerely,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

Alex Karpinski
Assistant Attorney General
441 4th Street, N.W., Suite 6S052
Washington, DC 20001
Phone: (202) 724-6642
Fax: (202) 727-3625
E-Mail: alex.karpinski@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**BILLIE SORRELL,**

     **Plaintiff,**

     **v.**

**DISTRICT OF COLUMBIA,**

     **Defendant.**

**Civil Action No. 07-00854 (RWR)**

## DEFENDANT'S SECOND SET OF SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34, defendant District of Columbia provides Responses to Plaintiff's Request for Production of Documents as follows:

### GENERAL OBJECTIONS

Defendant objects to the production of any documents or information which are protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. Additionally, defendant objects to any part of the plaintiff's instructions which seeks to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the defendant's control or not currently known to its attorneys after reasonable inquiry.

### DOCUMENT REQUESTS

7. Any and all documents relating to any other allegations of sexual harassment, inappropriate conduct, or otherwise harassing behavior filed by other DCDC employees or

**EXHIBIT 13**

inmates against or relating to Sgt. Haines.

   **Response:   Defendant objects that this request seeks personnel information, the release of which is prohibited by D.C. Code §1-631.01 and D.C. Personnel Regulations at 31A District Personnel Manual ("DPM") Sec. 3105, 3112, and 3113.6, and confidential information that constitutes an unwarranted invasion of personal privacy.   Moreover, Defendant objects that this request is overly broad, unduly burdensome, cumulative, confusing, calls for a legal conclusion, not limited in scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Finally, the request also invades the work product and attorney-client privileges.   Without waiving any objections, see Defendant's Exhibit 12, bates nos. 2048 though 2085, which are produced with the protective order in this case.**

Dated: February 19, 2008.                    Respectfully submitted,

                                             PETER J. NICKLES
                                             Interim Attorney General for the
                                             District of Columbia

                                             GEORGE C. VALENTINE
                                             Deputy Attorney General, Civil Litigation

                                             /s/ _N. Lynch_
                                             NICOLE L. LYNCH (471953)
                                             Chief, General Litigation Section II

                                             /s/ _Alex K_
                                             ALEX KARPINSKI
                                             (Michigan Bar No. P58770)
                                             Assistant Attorney General
                                             441 4th Street, N.W., 6th Floor South
                                             Washington, D.C.  20001
                                             alex.karpinski@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Defendant's Second Set Supplemental

Responses and Objections to Plaintiff's First Set of Document Request to be served by

email on February 19, 2008 and by hand delivery on February 20, 2008, upon counsel for

plaintiff.

        Alan Banov
        Alan Banov & Associates
        8401 Colesville Road, Suite 325
        Silver Spring, MD  20910

        ALEX KARPINSKI
        Assistant Attorney General

3

**Rachelle Ware**

| | |
|---|---|
| **From:** | Rachelle Ware [rware@banovlaw.com] |
| **Sent:** | Tuesday, February 26, 2008 6:09 PM |
| **To:** | 'alex.karpinski@dc.gov' |
| **Cc:** | 'Alan Banov'; 'Billie Sorrell' |
| **Subject:** | Follow-up to deficiency letter |

Dear Mr. Karpinski:

I am writing to follow up with you concerning remaining deficiencies in DC's discovery responses, as well as other discovery matters.

Firstly, we believe the following interrogatory answers are deficient:

- **Interrogatory No. 2:** Defendant has not yet provided their grade levels. Although in your last response, you believed this information was irrelevant, we believe that it is relevant to see if these individuals are peers or supervisors. We ask that you provide this information.

- **Interrogatory No. 6:** Although DC did provide a few written disciplinary records for Sgt. Haines, we believe that there are more records, or this request should be updated with a narrative description of her discipline. We have good reason to believe that, for example, Sgt. Haines was disciplined only a few months ago for improper possession of a service weapon, resulting in a search of her vehicle, and suspension from any post requiring her to carry such a weapon. In fact, during her deposition, she indicated that she was moved from the hospital at a time corresponding with such events. We ask that you provide this information, as well as any other information concerning her disciplinary records.

- **Interrogatory No. 7:** Although DC provided information relating to Armstead's allegations against Sgt. Haines, it failed to provide information or documents relating to other employee's charges against her. For example, we have good reason to believe that Marsha Rose complained of sexual harassment against her and she admitted to it during her deposition. Please provide this information.

- **Interrogatory No. 8:** As you know, Sgt. Haines has complained of sexual harassment by a number of individuals, including Lt. Lambkin, Lt. Curry, Lt. Holmes, Lt. Brinson, Capt. Wallford, Lt. Rinchin, and Sgt. Profit. We believe that such complaints are relevant to this action, particularly her complaint against another female employee (Sgt. Profit), since her sexual orientation is at issue. Please provide such information and documents.

- **Interrogatory No. 15:** See points made for No. 8. We do not believe the Agency provided all cease and desist orders involving Sgt. Haines, even those cease and desist orders issued in response to allegations of sexual harassment by Haines made by other employees (e.g., Marsha Rose). Please provide such information and documents.

2/26/2008

**EXHIBIT 14**

- **Interrogatory No. 16:** I know that we have addressed this issue before, and you responded that this information is public record. Although the case we identified may be a public record, the documents we have retrieved from that case indicate that there was an Internal Affairs investigation in this matter. We believe that such information is relevant to this action, since her sexual orientation is at issue and the subject matter of that action was related to it.

- **Interrogatory No. 19:** In DC's first response, it stated that this information would be provided once the protective order was in place; however, later you objected on relevance grounds. We believe this information is highly relevant to the handling of our client's complaint in this matter and, as you know, Sgt. Haines admitted that she did testify in such proceedings. Please provide such information and documents.

- **RFD No. 1:** After reviewing the documents DC has provided thus far, we do not believe that we have our client's entire personnel file. For example, during depositions, Mr. Staten and her former supervisors referred to her current employment status, but we have seen no documents to support this. Further, we know that Dr. Boulware's office sends monthly status reports to DCDC, but none of such reports were included in the documents we received from DC. Please provide such documents as soon as possible.

- **RFD Nos. 7 and 9:** To date, we still have not seen any documents related to Marsha Rose. See above reference to Interrogatory No. 7. If there are other complaints of sexual harassment by Haines, please provide such documents as well.

- **RFD No. 8:** See above reference to corresponding request for information -- Interrogatory No. 8.

- **RFD Nos. 10 and 11:** See above reference to corresponding request for information – Interrogatory No. 19.

- **RFD No. 12:** See above reference to RFD No. 9.

- **RFD Nos. 13 to 16:** In your February 15 letter, you stated that Defendant was seeking such information and it would be produced. What is the status? Please provide such documents as soon as you can.

- **RFD No. 18:** We understand your position that this request may be overly broad. This request seeks information about comparators and we believe such information is relevant to the general atmosphere/handling of sexual harassment allegations. We would propose to narrow this request to documents relating to any other complaints or cases of sexual harassment brought by any other Agency female employees (past or present) submitted to the actors in this case.

2/26/2008

- **Documents identified in the previous depositions, but not yet turned over yet.**

Next, I await your response regarding the depositions of Dr. Boulware and Sgt. Haines.

Finally, last week we discussed preparing a joint motion to extend the discovery cut-off. As you know, it ends tomorrow, so we would like to file such a motion before it closes. Are you still agreeable to such a motion, and if so, would you like to draft it?

Thanks,
Rachelle

Rachelle S. Ware, Esq.
Alan Banov and Associates
8401 Colesville Road, Suite 325
Silver Spring, MD 20910
Phone: 301-588-9699
Fax: 301-588-9698
rware@banovlaw.com
www.banovlaw.com

Disclaimer: The information contained in this e-mail may be attorney privileged and confidential information intended only for the use of the individual or entity designated above in the email address heading(s). If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender. After having done so, please permanently delete this message from your computer and/or WAN information store. Thank you for you kind cooperation.

IRS Circular 230 Disclosure: IRS rules restrict written federal tax advice from lawyers under Circular 230, including in e-mails. The sender of this message does not practice in the area of federal or state tax law. Nothing in this message is intended to be used as tax advice. Nor may it be used to avoid any penalty under federal tax laws. This message was not intended to support the promotion or marketing of any transaction.

ALAN BANOV AND ASSOCIATES

**ALAN BANOV**
Admitted in Maryland and the District of Columbia

February 29, 2008

By Facsimile Transmission (to 202-727-3625) and by Mail
Alex Karpinski, Esq.
Assistant Attorney General
District of Columbia
Civil Litigation Division
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001

     Re:    Billie Sorrell v. District of Columbia
                C.A. No. 07-854 (RWR) (D.D.C.)

Dear Mr. Karpinski:

     During the depositions held on February 13 and 18, 2008, Sgt. Eugenia Haines and Fred Staten referred to documents which are relevant to this case, which they or the Department of Corrections may have, and which Defendant has not yet produced. They are as follows:

### Sgt. Eugenia Haines

     1.  Marsha Rose's complaint of sexual harassment by Sgt. Haines, including a letter DCDC sent Sgt. Haines about it.

     2.  The cease and desist order to Sgt. Haines to stay away from Marsha Rose.

     3.  The statement Sgt. Haines gave to Lt. Rose Jones with respect to Sgt. Haines's argument with Sylvia Cephas.

     4.  Sgt. Haines's EEO complaint against Pat Britton (and other documents associated with that complaint).

     5.  The complaints which Sgt. Haines filed against Ms. Britton with the D.C. Office of Human Rights (OHR), which Sgt. Haines said is still "pending," including correspondence the Agency and Sgt. Haines had with OHR about that complaint.

     6.  Documents associated with any court cases involving Sgt. Haines.

     7.  Sgt. Haines's sexual harassment complaint against Lt. Lampkins, Lt. Curry, Lt. Holmes, Lt. Binson, Capt. Wofford, Lt. Renchin, and Sgt. Profit and all documents associated with those complaints.

     8.  Sgt. Haines's complaint against Cpl. Randolph and all documents associated with those complaints.

     9.  Other documents regarding Sgt. Haines's worker's compensation claims.

WWW.BANOVLAW.COM

**EXHIBIT 15**

Letter to Alex Karpinski, Esq.
Re:    Billie Sorrell v. District of Columbia
February 29, 2008
Page 2

<u>Fred Staten</u>

1.     Documents concerning the sexual harassment complaint which Harcourt Massi filed against Pat Britton in about April 2005.

2.     Mr. Staten's calendars for 2005-2006.

3.     Logbooks referring to sexual harassment and retaliation complaints in the D.C. Jail.

4.     Documents showing discipline imposed on DCDC employees at the D.C. jail for sexual harassment and similar infractions.

5.     The other complaint against Sgt. Haines for sexual harassment besides Annette Armstead's.

6.     Any documents regarding any AWOL status for plaintiff.

7.     Documents concerning any communication about any AWOL status for plaintiff.

As we have informed you previously, a request to produce documents by way of notice of deposition, particularly when followed by a specific request during a deposition, is a proper method for requiring the production of the documents in discovery. *See First Sec. Sav. v. Kansas Bankers Sur. Co.,* 115 F.R.D. 181 (D. Neb. 1987); *Perkinson v. Houlihan's/D.C., Inc.,* 108 F.R.D. 667, 680 (D.D.C. 1985); *Kushawaha v. Howard University,* C.A. 95-002194 (D.C. Super. Ct. 1996); *Cunningham v. Hunter,* C.A. No. 92-12573 (D.C. Super. Ct., 8/20/93). Here, the above documents fall within the purview of our requests for documents and the Notice to Produce Documents.

We need these documents before we resume the deposition of Sgt. Haines on March 12, preferably well in advance of that deposition.

We also look forward to a prompt response to Rachelle's e-mail of February 26, 2008, regarding our discovery disputes. If by <u>March 7, 2008</u>, we do not receive all of the information and documents we have requested in our deficiency correspondence, we will resume our motion to compel and will file it the next week. If you have any case law which would support your refusal to supply documents regarding Sgt. Haines's complaints, please provide it immediately. As we have explained, we regard such documents regarding Sgt. Haines's complaint as quite relevant to the issues at hand in this case, and they could certainly lead to the discovery of admissible evidence about Sgt. Haines's sexuality, her own sexual harassment of others, and her credibility.

Letter to Alex Karpinski, Esq.
Re:    Billie Sorrell v. District of Columbia
February 29, 2008
Page 3

We will appreciate your cooperation in this matter.

Sincerely,

Alan Banov

AB/se
cc:    Ms. Billie Sorrell

**Rachelle Ware**

**From:**  Karpinski, Alex (OAG) [Alex.Karpinski@dc.gov]
**Sent:**  Tuesday, March 04, 2008 3:48 PM
**To:**  Rachelle Ware
**Subject:** RE: Follow-up to deficiency letter

**From:** Rachelle Ware [mailto:rware@banovlaw.com]
**Sent:** Monday, March 03, 2008 11:26 AM
**To:** Karpinski, Alex (OAG)
**Cc:** 'Alan Banov'; 'Billie Sorrell'
**Subject:** Re: Follow-up to deficiency letter

Mr. Karpinski:

I am contacting you to ask whether you still intend to submit a formal written response to my e-mail of last Tuesday (see below).  So far we've delayed our work on a motion to compel hoping that we could resolve these matters informally, although you did indicate that DC is not willing to supplement our requests for info/docs pertaining to sexual harassment complaints filed by Sgt. Haines.  (You mentioned that there was recent case law to support the District's position on this issue—can you provide it to us?)

Please clarify whether you will submit a written response.  If not, we will have to resume working on the motion.

Thanks,
Rachelle

-----Original Message-----
**From:** Rachelle Ware [mailto:rware@banovlaw.com]
**Sent:** Tuesday, February 26, 2008 6:09 PM
**To:** 'alex.karpinski@dc.gov'
**Cc:** 'Alan Banov'; 'Billie Sorrell'
**Subject:** Follow-up to deficiency letter

Dear Mr. Karpinski:

I am writing to follow up with you concerning remaining deficiencies in DC's discovery responses, as well as other discovery matters.

Firstly, we believe the following interrogatory answers are deficient:

- **Interrogatory No. 2:**  Defendant has not yet provided their grade levels.  Although in your last response, you believed this information was irrelevant, we believe that it is relevant to see if these individuals are peers or supervisors.  We ask that you provide this information.

- **Interrogatory No. 6:** Although DC did provide a few written disciplinary records for Sgt. Haines, we believe that there are more records, or this request should be updated with a narrative description of her discipline.  We have good reason to believe that, for example, Sgt. Haines was

3/10/2008

**EXHIBIT 16**

disciplined only a few months ago for improper possession of a service weapon, resulting in a search of her vehicle, and suspension from any post requiring her to carry such a weapon. In fact, during her deposition, she indicated that she was moved from the hospital at a time corresponding with such events. We ask that you provide this information, as well as any other information concerning her disciplinary records.

- **Interrogatory No. 7:** Although DC provided information relating to Armstead's allegations against Sgt. Haines, it failed to provide information or documents relating to other employee's charges against her. For example, we have good reason to believe that Marsha Rose complained of sexual harassment against her and she admitted to it during her deposition. Please provide this information.

- **Interrogatory No. 8:** As you know, Sgt. Haines has complained of sexual harassment by a number of individuals, including Lt. Lambkin, Lt. Curry, Lt. Holmes, Lt. Brinson, Capt. Wallford, Lt. Rinchin, and Sgt. Profit. We believe that such complaints are relevant to this action, particularly her complaint against another female employee (Sgt. Profit), since her sexual orientation is at issue. Please provide such information and documents.

- **Interrogatory No. 15:** See points made for No. 8. We do not believe the Agency provided all cease and desist orders involving Sgt. Haines, even those cease and desist orders issued in response to allegations of sexual harassment by Haines made by other employees (e.g., Marsha Rose). Please provide such information and documents.

- **Interrogatory No. 16:** I know that we have addressed this issue before, and you responded that this information is public record. Although the case we identified may be a public record, the documents we have retrieved from that case indicate that there was an Internal Affairs investigation in this matter. We believe that such information is relevant to this action, since her sexual orientation is at issue and the subject matter of that action was related to it.

- **Interrogatory No. 19:** In DC's first response, it stated that this information would be provided once the protective order was in place; however, later you objected on relevance grounds. We believe this information is highly relevant to the handling of our client's complaint in this matter and, as you know, Sgt. Haines admitted that she did testify in such proceedings. Please provide such information and documents.

- **RFD No. 1:** After reviewing the documents DC has provided thus far, we do not believe that we have our client's entire personnel file. For example, during depositions, Mr. Staten and her former supervisors referred to her current employment status, but we have seen no documents to support this. Further, we know that Dr. Boulware's office sends monthly status reports to DCDC, but none of such reports were included in the documents we received from DC. Please provide such documents as soon as possible.

- **RFD Nos. 7 and 9:** To date, we still have not seen any documents related to Marsha Rose. See above reference to Interrogatory No. 7. If there are other complaints of sexual harassment by Haines, please provide such documents as well.

- **RFD No. 8:** See above reference to corresponding request for information -- Interrogatory No. 8.

- **RFD Nos. 10 and 11:** See above reference to corresponding request for information – Interrogatory No. 19.

3/10/2008

- **RFD No. 12:** See above reference to RFD No. 9.

- **RFD Nos. 13 to 16:** In your February 15 letter, you stated that Defendant was seeking such information and it would be produced. What is the status? Please provide such documents as soon as you can.

- **RFD No. 18:** We understand your position that this request may be overly broad. This request seeks information about comparators and we believe such information is relevant to the general atmosphere/handling of sexual harassment allegations. We would propose to narrow this request to documents relating to any other complaints or cases of sexual harassment brought by any other Agency female employees (past or present) submitted to the actors in this case.

- **Documents identified in the previous depositions, but not yet turned over yet.**

Next, I await your response regarding the depositions of Dr. Boulware and Sgt. Haines.

Finally, last week we discussed preparing a joint motion to extend the discovery cut-off. As you know, it ends tomorrow, so we would like to file such a motion before it closes. Are you still agreeable to such a motion, and if so, would you like to draft it?

Thanks,
Rachelle

Rachelle S. Ware, Esq.
Alan Banov and Associates
8401 Colesville Road, Suite 325
Silver Spring, MD 20910
Phone: 301-588-9699
Fax: 301-588-9698
rware@banovlaw.com
www.banovlaw.com

Disclaimer: The information contained in this e-mail may be attorney privileged and confidential information intended only for the use of the individual or entity designated above in the email address heading(s). If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender. After having done so, please permanently delete this message from your computer and/or WAN information store. Thank you for you kind cooperation.

IRS Circular 230 Disclosure: IRS rules restrict written federal tax advice from lawyers under Circular 230, including in e-mails. The sender of this message does not practice in the area of federal or state tax law. Nothing in this message is intended to be used as tax advice. Nor may it be used to avoid any penalty under federal tax laws. This message was not intended to support the promotion or marketing of any transaction.

3/10/2008

## Rachelle Ware

| | |
|---|---|
| **From:** | Karpinski, Alex (OAG) [Alex.Karpinski@dc.gov] |
| **Sent:** | Monday, March 10, 2008 3:23 PM |
| **To:** | Rachelle Ware |
| **Cc:** | abanov@banovlaw.com |
| **Subject:** | RE: Follow-up to deficiency letter |

Rachelle-

I've typed responses to the points in your e-mail below…

---

**From:** Rachelle Ware [mailto:rware@banovlaw.com]
**Sent:** Tuesday, February 26, 2008 6:09 PM
**To:** Karpinski, Alex (OAG)
**Cc:** 'Alan Banov'; 'Billie Sorrell'
**Subject:** Follow-up to deficiency letter

Dear Mr. Karpinski:

I am writing to follow up with you concerning remaining deficiencies in DC's discovery responses, as well as other discovery matters.

Firstly, we believe the following interrogatory answers are deficient:

- **Interrogatory No. 2:** Defendant has not yet provided their grade levels. Although in your last response, you believed this information was irrelevant, we believe that it is relevant to see if these individuals are peers or supervisors. We ask that you provide this information.

   **This information is not relevant. Grade levels do not establish supervisory status. Also, plaintiff should already be aware of her grade status and Sgt. Haines' employment info has already been provided.**

- **Interrogatory No. 6:** Although DC did provide a few written disciplinary records for Sgt. Haines, we believe that there are more records, or this request should be updated with a narrative description of her discipline. We have good reason to believe that, for example, Sgt. Haines was disciplined only a few months ago for improper possession of a service weapon, resulting in a search of her vehicle, and suspension from any post requiring her to carry such a weapon. In fact, during her deposition, she indicated that she was moved from the hospital at a time corresponding with such events. We ask that you provide this information, as well as any other information concerning her disciplinary records.

   Documents concerning Sgt. Haines' disciplinary history have previously been provided.

- **Interrogatory No. 7:** Although DC provided information relating to Armstead's allegations against Sgt. Haines, it failed to provide information or documents relating to other employee's charges against her. For example, we have good reason to believe that Marsha Rose complained of sexual harassment against her and she admitted to it during her deposition. Please provide this information.

   Without waiving any objection as to relevancy, we are checking on documents and/or files concerning this

**EXHIBIT 17**

complaint and will produce any documents uncovered.

- **Interrogatory No. 8:**  As you know, Sgt. Haines has complained of sexual harassment by a number of individuals, including Lt. Lambkin, Lt. Curry, Lt. Holmes, Lt. Brinson, Capt. Wallford, Lt. Rinchin, and Sgt. Profit.  We believe that such complaints are relevant to this action, particularly her complaint against another female employee (Sgt. Profit), since her sexual orientation is at issue.  Please provide such information and documents.

  As we've previously indicated, we do not believe such documents to be relevant.  Additionally, Sgt. Haines was questioned in great detail concerning these complaints.  As such, plaintiff has had an opportunity to probe these complaints in order to uncover any information that plaintiff believes somehow relevant to the instant action.

- **Interrogatory No. 15:**  See points made for No. 8.  We do not believe the Agency provided all cease and desist orders involving Sgt. Haines, even those cease and desist orders issued in response to allegations of sexual harassment by Haines made by other employees (e.g., Marsha Rose).  Please provide such information and documents.

  As we've previously indicated, we do not believe documents concerning Sgt. Haines' complaints of sexual harassment against others to be relevant.  However, without waiving any objection, we will look for additional documents with respect to other complaints against Sgt. Haines.

- **Interrogatory No. 16:**  I know that we have addressed this issue before, and you responded that this information is public record.  Although the case we identified may be a public record, the documents we have retrieved from that case indicate that there was an Internal Affairs investigation in this matter.  We believe that such information is relevant to this action, since her sexual orientation is at issue and the subject matter of that action was related to it.

  As we've previously indicated, we do not believe documents concerning Sgt. Haines' complaints against others to be relevant.

- **Interrogatory No. 19:**  In DC's first response, it stated that this information would be provided once the protective order was in place; however, later you objected on relevance grounds.  We believe this information is highly relevant to the handling of our client's complaint in this matter and, as you know, Sgt. Haines admitted that she did testify in such proceedings.  Please provide such information and documents.

  Documents and proceedings concerning sexual harassment allegations not involving Sgt. Haines are not relevant to this case.

- **RFD No. 1:**  After reviewing the documents DC has provided thus far, we do not believe that we have our client's entire personnel file.  For example, during depositions, Mr. Staten and her former supervisors referred to her current employment status, but we have seen no documents to support this.  Further, we know that Dr. Boulware's office sends monthly status reports to DCDC, but none of such reports were included in the documents we received from DC.  Please provide such documents as soon as possible.

  I have additional documents concerning Ms. Sorrell's employment status that will be produced.

- **RFD Nos. 7 and 9:**  To date, we still have not seen any documents related to Marsha Rose.  See above reference to Interrogatory No. 7.  If there are other complaints of sexual harassment by Haines, please provide such documents as well.

  As stated above, I am checking into the existence of other documents concerning complaints made

against Sgt. Haines.

- **RFD No. 8:**  See above reference to corresponding request for information -- Interrogatory No. 8.

  See above response concerning Interrogatory No. 8.

- **RFD Nos. 10 and 11:**  See above reference to corresponding request for information – Interrogatory No. 19.

  See above response concerning Interrogatory No. 19.

- **RFD No. 12:**  See above reference to RFD No. 9.

  See above.

- **RFD Nos. 13 to 16:**  In your February 15 letter, you stated that Defendant was seeking such information and it would be produced.  What is the status?  Please provide such documents as soon as you can.

- **RFD No. 18:**  We understand your position that this request may be overly broad.  This request seeks information about comparators and we believe such information is relevant to the general atmosphere/handling of sexual harassment allegations.  We would propose to narrow this request to documents relating to any other complaints or cases of sexual harassment brought by any other Agency female employees (past or present) submitted to the actors in this case.

  Again, complaints made by others against others not involved in the instant case would not be relevant.

- **Documents identified in the previous depositions, but not yet turned over yet.**

  As stated above, I've received additional documents concerning Ms. Sorrell's work status that will be produced.

Next, I await your response regarding the depositions of Dr. Boulware and Sgt. Haines.

Finally, last week we discussed preparing a joint motion to extend the discovery cut-off.  As you know, it ends tomorrow, so we would like to file such a motion before it closes.  Are you still agreeable to such a motion, and if so, would you like to draft it?

Thanks,
Rachelle

Rachelle S. Ware, Esq.
Alan Banov and Associates
8401 Colesville Road, Suite 325
Silver Spring, MD 20910
Phone: 301-588-9699
Fax: 301-588-9698
rware@banovlaw.com
www.banovlaw.com

Disclaimer:  The information contained in this e-mail may be attorney privileged and confidential information intended only for the use of the individual or entity designated above in the email address heading(s).  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the

3/10/2008

intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify the sender.  After having done so, please permanently delete this message from your computer and/or WAN information store. Thank you for you kind cooperation.

IRS Circular 230 Disclosure:  IRS rules restrict written federal tax advice from lawyers under Circular 230, including in e-mails. The sender of this message does not practice in the area of federal or state tax law. Nothing in this message is intended to be used as tax advice. Nor may it be used to avoid any penalty under federal tax laws. This message was not intended to support the promotion or marketing of any transaction.

3/10/2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BILLIE SORRELL,

    **Plaintiff,**

    v.

DISTRICT OF COLUMBIA,

    **Defendant.**

Civil Action No. 07-00854 (RWR)

## DEFENDANT'S THIRD SET OF SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34, defendant District of Columbia provides Responses to Plaintiff's Request for Production of Documents as follows:

### GENERAL OBJECTIONS

Defendant objects to the production of any documents or information which are protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. Additionally, defendant objects to any part of the plaintiff's instructions which seeks to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the defendant's control or not currently known to its attorneys after reasonable inquiry.

### DOCUMENT REQUESTS

20. Any documents to which any of defendant's witnesses may refer in preparation for depositions or trial.

**EXHIBIT 18**

**Response: See attached documents.**

Dated: March 11, 2008.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation

/s/
NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

ALEX KARPINSKI
(Michigan Bar No. P58770)
Assistant Attorney General
441 4th Street, N.W., 6th Floor South
Washington, D.C. 20001
alex.karpinski@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2008, I caused the foregoing Defendant's Third

Set Supplemental Responses and Objections to Plaintiff's First Set of Document Request

to be hand delivered, upon counsel for plaintiff:.

Alan Banov
Alan Banov & Associates
8401 Colesville Road, Suite 325
Silver Spring, MD 20910

ALEX KARPINSKI
Assistant Attorney General

2

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

```
------------------------X
                        :
EUGENIA HAINES,         :   Docket No.:  CA-9529-03
                        :
        PLAINTIFF       :
                        :
        vs.             :
                        :
SYLVIA CEPHAS,          :
                        :
        DEFENDANT.      :
                        :   December 9, 2003
------------------------X   Washington, D.C.
```

The above-entitled action came on for a hearing before the Honorable Jeanette Clark, Associate Judge, in Courtroom Number JIC.

APPEARANCES:

On behalf of the Plaintiff:

EUGENIA HAINES, Pro SE
Washington, D.C.

On behalf of the Defendant:

SYLVIA CEPHAS, Pro Se
Washington, D.C.

VALARIE E. WILLIAMS
OFFICIAL COURT TRANSCRIBER          Telephone: 879-1757

**EXHIBIT 19**

1                    P R O C E E D I N G S

2           THE DEPUTY CLERK: Good morning, Your Honor.  For

3    the record this morning we have case number CA-9529-03.

4    Eugenia Haines versus Sylvia Cephas.

5           Good morning, parties.  Please identify yourselves

6    for the record.

7           THE PLAINTIFF:  My name is Eugenia Haines.

8           THE COURT:  Good morning.

9           THE DEFENDANT:  Sylvia C. Cephas.

10          THE COURT:  Good morning.  I'm Judge Clark.

11          THE DEPUTY CLERK:  Ms. Haines and Ms. Cephas, would

12   you raise your right hands, please.

13          Do you solemnly swear or affirm the testimony you

14   shall give to this Court in this proceeding shall be the

15   truth, the whole truth and nothing but the truth?

16          THE PLAINTIFF:  I do.

17          THE DEFENDNAT:  I do.

18          THE COURT:  This is a temporary restraining order

19   matter that's before the Court and it was filed by Eugenia

20   Haines, is that correct.

21          THE PLAINTIFF:  Yes, ma'am.

22          THE COURT:  And you filed it on December 1st.

23          THE PLAINTIFF:  Yes, ma'am.

24          THE COURT:  And you filed an affidavit of service

25   -- well, actually not you, but an affidavit of services was

2

1    filed -- it appears to be on December 55th; the Deputy Clerk

2    signed it.  And Ms. Ciphas (phonetic) is here today.

3            THE DEFENDANT:  Cephas.

4            THE COURT:  Cephas.  Thank you for the correction.

5            Now could you explain to the Court why you filed

6    this complaint?

7            THE PLAINTIFF:  The reason why I filed the

8    complaint is because I was in roll call one day ready to go

9    to work and Ms. Cephas and me -- we don't have any dealings

10   with each other.  What I'm saying is we're not friends or

11   anything like that.  But she had approached me in roll call

12   while I was talking to some other officers and she had

13   threaten my life over another woman that she's infatuated

14   over, which I don't even -- I know the other woman, but I'm

15   not friends with her and it's not like we hangout.  I say hi

16   and bye and that's it.

17           My job's there to do a job professionally; I don't

18   bring personal -- into my job.  I don't deal with that type

19   of sexual activity, you know, dealing -- whatever is going

20   on.  And I don't take lightly to somebody telling me they

21   gonna kill me because they -- the person is theirs and

22   they're in love with that person; has nothing to do with me.

23   You see what I'm saying?

24           I'm here requesting a restraining order due to the

25   fact for the protection of me going and coming from work.  An

3

1    order has been already issued at my job, a cease and desist

2    order.   Internal Affairs are investigating.

3        The thing has gotten more out-of-hand since then

4    because of the fact I have people approaching me on my job

5    due to Cephas.   And what bothers me is that I don't know if I

6    have the right, but I believe I have the right to say, when

7    an individual comes to work and if I smell something on their

8    breath, I can't prove it, but I know alcohol when I smell

9    alcohol, I don't have time for if she has -- I don't know

10   what's going on with Cephas; I'm not trying to find out

11   what's going on with Cephas.

12       But I reported to my supervisors that I had smelled

13   what appears to be alcohol and I asked them for a

14   breathalyzer test, which was not conducted in a properly

15   manner -- in a timely manner.   And by her approaching me, I

16   don't know if it's just because a person had, they say -- I

17   don't really want to say, too much to drink or whatever, then

18   you come to me and tell me you're gonna kill me, I can't take

19   that lightly.

20       So I'm requesting for a stay away order for myself

21   and to avoid -- if we stay away from each other it's better

22   that way so we won't never have any future problems.

23       THE COURT:   Okay.   Let me just ask you this. Where

24   do you work?

25       THE PLAINTIFF:   I work at D.C. Department of

4