**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | : | |
|---|---|---|
| BILLIE SORRELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 07-00854 (RWR/JMF) |
| | : | |
| DISTRICT OF COLUMBIA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

_____

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFF'S MOTION TO COMPEL MORE COMPLETE RESPONSES TO**
**PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR DOCUMENTS**

**I. INTRODUCTION**

Plaintiff alleges that she was sexually harassed by a female co-worker at the District's Department of Corrections ("DOC") named Eugenia Haines. The majority of the discovery sought by plaintiff in her motion to compel concerns claims of sexual harassment made by Ms. Haines against other DOC employees and sexual harassment claims at the DOC not involving either the plaintiff or Ms. Haines. (Interrogatories 8, 15, 16 and 19 and Requests for Production 8, 10, 11 and 18). Defendant contests the discoverability of these documents as they are totally irrelevant to plaintiff's claims concerning Ms. Haines. With the exception of DOC "log books," which the defendant also objects to producing, the remainder of plaintiff's motion concerns information and documents that defendant has either already produced or has already agreed to produce shortly.

## II. ARGUMENT

**A. Documents & Information Concerning Sexual Harassment Complaints Made Against Individuals Not Involved In This Case Are Not Discoverable.**

**Interrogatories 8, 15, 16 and 19 and Requests for Production 8, 10, 11 and 18.**

Pursuant to Fed. R. Civ. P. 26(b), parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…". Fed. R. Civ. P. 26(b).

Although courts have allowed discovery in discrimination suits to be especially broad, they have remained "concerned about 'fishing expeditions, discovery abuse, and inordinate expenses involved in overbroad and far-raging discovery requests' and have therefore limited discovery to the issues involved in the particular case." *Pleasants v. Allbaugh,* 208 F.R.D. 7, 9 (D.D.C. 2002) (citing *Hardrick v. Legal Services Corp.*, 96 F.R.D 617, 618 (D.D.C. 1983)). Thus, the discovery "should be reasonably related to the circumstances involved in the alleged discrimination and to a time frame involving the circumstances involved in the alleged discriminatory conduct and the individuals who are allegedly involved in that conduct." *Id*. (citing *Hardrick*, 96 F.R.D. 618-19).

With the instant motion, plaintiff seeks to compel the production of documents and information concerning sexual harassment complaints made by the alleged harasser in this case, Eugenia Haines, against other employees at the DOC, as well as documents and information concerning a claim made by a Vera Barnett-Byrd against Lt. Isaiah Cobb and other complaints of sexual harassment at the DOC generally. Such documents and information are not relevant to plaintiff's claim or the defendant's defense and, as such, do not fall within the scope of discovery. These requests are included in interrogatories 8, 15, 16[1] and 19 and requests for production 8, 10, 11 and 18.

---

[1] With Interrogatory No. 16, the plaintiff requests information concerning civil or criminal actions in which Ms.

2

### (1) Ms. Haines' Sexual Harassment Complaints

Plaintiff argues that Ms. Haines' complaints against other employees is relevant to prove Ms. Haines' sexual orientation, that they may be probative as to whether or not plaintiff's supervisors acted on plaintiff's alleged complaint concerning Ms. Haines and may shed light on Ms. Haines' credibility.

The defendant contests the discoverability of claims of sexual harassment made by Ms. Haines. First, as plaintiff concedes on page 12 of her motion, proof of same-sex sexual harassment does not rest upon Ms. Haines' sexual orientation. *Onacle v. Sundowner Offshore Services*, 523 U.S. 75 (1998). Further, these claims did not involve the supervisors at issue in this case, Capt. Walter Coley and Lt. Isaiah Cobb, and, hence, are not probative concerning any alleged unwillingness of these supervisors to follow-up on any of plaintiff's alleged complaints. Further, it is the credibility of the plaintiff's charge of sexual harassment that is at issue in this case, not the credibility of Ms. Haines' past complaints of sexual harassment. As such, the outcome of any DOC investigation into Ms. Haines' complaints is not probative as to whether or not the plaintiff's claims against her are credible. Finally, Ms. Haines' complaints are all against other DOC employees and the privacy of those employees, who are not involved in this litigation, should be respected. This is especially true when those sexual harassment claims do not relate to this plaintiff's claim and this is not a class action.

### (2) Sexual Harassment Complaints Not Involving Plaintiff or Ms. Haines

As for the complaints of sexual harassment sought by the plaintiff that do not involve either the plaintiff or Ms. Haines, the defendant contests their discoverability as well. Plaintiff

---

Haines has been a party. The defendant contests the discoverability of this information on the same grounds as internal sexual harassment complaints made by Ms. Haines at the DOC, but would also add that, as provided in

3

argues that documents concerning a Vera Barnett-Byrd's sexual harassment charge against Lt. Isaiah Cobb are relevant because Ms. Haines testified in the proceeding against Lt. Cobb, characterizing Ms. Haines as "a witness in his defense." Over defense counsel's objections, both Ms. Haines and Lt. Cobb testified concerning Ms. Barnett-Byrd's sexual harassment charge against Lt. Cobb and her testimony. While plaintiff argues that Ms. Haines' testimony in this other sexual harassment charge against Lt. Cobb is "probative of Lt. Cobb's bias and motivation" in this case, plaintiff fails to make any showing of how it would be probative. The fact that Ms. Haines testified in this other matter is known and both Ms. Haines and Lt. Cobb already testified about it during their depositions. Plaintiff concedes, at page 18 of her motion, that the "thrust" of this discovery request is not directed at Ms. Barnett's complaints against Lt. Cobb, but at Ms. Haines' involvement. Ms. Haines involvement has already been discovered and there is nothing more about her involvement that is probative as to Lt. Cobb's actions in this case.

Finally, as to all other sexual harassment complaints filed at the DOC, these are similarly irrelevant. Plaintiff has not alleged that the DOC had a policy or custom of ignoring sexual harassment complaints and her claim is limited to her supervisors' alleged failure to address her complaints concerning Ms. Haines. Further, this is not a class action lawsuit. The defendant's defense that it addressed plaintiff's concerns once she did complain about Ms. Haines is also limited to the situation between these two women. There is no relevancy to sexual harassment complaints or charges not involving either the plaintiff or Ms. Haines and plaintiff's argument that such information is probative as to the "general atmosphere" of permissiveness in the prison fails to demonstrate how such complaints would be probative as to the plaintiff's allegations in this case. Any documents concerning investigations into others' sexual harassment complaints

---

discovery responses, the District has no information concerning civil or criminal complaints filed by Ms. Haines.

4

would demonstrate the DOC prosecuting alleged sexual harassment, not ignoring it. Finally, this request is objectionable as overly broad in that it is not limited to any particular time period.

**B.     Documents & Information Defendant Already Produced or Agreed To Produce. Interrogatories 6,7 and Requests for Production 1, 7, 9, 12, 13 & 15.**

With regard to a discipline history for Ms. Haines (Interrogatory No. 6) and the plaintiff's personnel file (Request for Production No. 1), the defendant has already produced everything it has on these topics.

With respect to Ms. Haines' disciplinary history, she has never been disciplined. Prior to Ms. Haines' deposition, the defendant produced Ms. Haines' entire disciplinary file, which contained documents concerning an investigation concerning a sexual harassment complaint against Ms. Haines from 1998 and a record of proposed discipline that was never instituted. As the defendant has already produced Ms. Haines' entire disciplinary file, there is nothing else to produce on this topic. Although the plaintiff references Ms. Haines' testimony concerning her being questioned about alleged improper possession of a weapon, this does not constitute discipline and, if it did, it would be included within the documents already produced.

Similarly, the defendant has produced its personnel files with respect to the plaintiff from both the DOC and the District of Columbia, Office of Human Resources. It has no other personnel files with regard to the plaintiff and has already produced what it has.

As for documents concerning other complaints of sexual harassment against Ms. Haines (Interrogatory no. 7 and Requests for Production 7, 9 and 12), the defendant has already agreed to produce these documents and is working to verify what it has and produce it. It is believed there is only one other sexual harassment complaint against Ms. Haines that the

DOC will produce as soon as possible. The same is true with respect to scheduling and assignment information for the plaintiff and Ms. Haines (Requests for Production 13 & 15). Defense counsel hopes to have these documents from its client in the very near future and will produce them to the plaintiff.

### C. Log Books (Requests for Production 14 & 16)

Unlike assignment schedules and roll call attendance records, DOC log books are not the source for information concerning what parts of the jail in which the plaintiff and Ms. Haines were assigned and what their roles were at different times. The log books are a document in which correctional officers document events during their shift and, as such, are not specific to work assignments and would contain employee and inmate information totally irrelevant to this case. To the extent plaintiff argues he is seeking the log books to obtain scheduling and assignment information, the defendant's agreement to produce such information separate from these log books is sufficient to address the information the plaintiff is seeking.

### D. Documents Referenced In Depositions

At the conclusion of her memorandum supporting her motion to compel, the plaintiff argues that the defendant has failed to produce documents referenced by witnesses at deposition and that were aspects of the deposition notices. Following the deposition of former DOC EEO officer Fred Staten, he forwarded documents referenced at his deposition and counsel promptly served supplemental discovery responses with these documents. None of the other witnesses produced documents following their depositions or testified that they had documents responsive to plaintiff's deposition notices. To the extent witnesses deposed referenced documents requested by plaintiff in his requests for production, the defendant has either produced them, agreed to produce them or objected as referenced in this opposition.

6

### E. Verification

Finally, contrary to plaintiff's argument, the defendant's discovery responses are appropriately verified by paralegal George Becker, Jr. Pursuant to Fed. R. Civ. P. 33(b), cited by the plaintiff in her motion, discovery responses are to be signed by the person making them. Here, Mr. Becker compiled the information and documents provided in discovery, speaking and working with individuals at the Department of Corrections. (See Exhibit A – Affidavit of George Becker, Jr.) Following this work and investigation, he made the answers to plaintiff's discovery and is able to verify the information contained as a representative of the District of Columbia.

### III. CONCLUSION

WHEREFORE, the District respectfully requests that plaintiff's motion to compel discovery be denied in its entirety.

Dated: April 11, 2008.

                    Respectfully submitted,

                    PETER J. NICKLES
                    Interim Attorney General
                    District of Columbia

                    GEORGE C. VALENTINE
                    Deputy Attorney General
                    Civil Litigation Division

                      /s/ Nicole Lynch
                    NICOLE LYNCH [471953]
                    Section Chief
                    General Litigation Section II

      ___/s/Alex Karpinski_____
ALEX KARPINSKI [2]
(Michigan Bar No. P58770)
Assistant Attorney General
441 4th St., NW, 6th Floor South
Washington, DC 20001
(202) 724-6642
Fax No. (202) 727-3625
alex.karpinski@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April, 2008, I caused the foregoing DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL MORE COMPLETE RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR DOCUMENTS to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

      Alan Banov
Alan Banov & Associates
8401 Colesville Road, Suit 325
Silver Spring, MD  20910

      ___/s/Alex Karpinski_____
ALEX KARPINSKI [3]
(Michigan Bar No. P58770)
Assistant Attorney General
441 4th St., NW, 6th Floor South
Washington, DC 20001
(202) 724-6642
Fax No. (202) 727-3625
alex.karpinski@dc.gov

---

[2] Pursuant to the Local Rules of the United States District Court for the District of Columbia, Mr. Karpinski has registered with the Clerk's office as a Government Attorney and is appearing pursuant to LCvR 83.2.

[3] Pursuant to the Local Rules of the United States District Court for the District of Columbia, Mr. Karpinski has registered with the Clerk's office as a Government Attorney and is appearing pursuant to LCvR 83.2.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLIE SORRELL, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 07-00854 |
| DISTRICT OF COLUMBIA, | : |
| Defendant. | : |

## AFFIDAVIT OF GEORGE BECKER, JR.

I, George Becker, Jr., declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

1. I am an adult of over the age of 18 years old, and I am competent to provide the information herein.

2. I am a paralegal with the office of the Attorney General for the District of Columbia.

3. As a paralegal with the Attorney General's office, I compiled the information and documents responsive to plaintiff's discovery requests in the above-entitled matter.

4. I compiled the information in conjunction with interviews and discussions with Department of Corrections personnel and also reviewed documents provided by the Department of Corrections in answering and responding to plaintiff's discovery requests.

5.      Given my investigation and compilation of information in responding to plaintiff's discovery, I have personal knowledge of the information provided and signed the defendant's discovery responses attesting to the accuracy of the answers and documents provided.

DATED __4/11/08__                    __George B. Becker Jr.__ (signature)
                                     George B. Becker Jr.
                                     Paralegal Specialist
                                     Judiciary Square
                                     441 4th Street, N.W.
                                     Washington, D.C.  20001
                                     Direct Line: (202) 724-6615

SWORN AND SUBSCRIBED before me, a Notary Public, this 11th day of April, 2008.

__Darlene Fields__ (signature)
Notary Public, D.C.

My Commission Expires: __2/28/09__

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

BILLIE SORRELL,                                :
                                               :
    Plaintiff,                                 :
                                               :
v.                                             :    Civil Action No. 07-00854 (RWR/JMF)
                                               :
                                               :
DISTRICT OF COLUMBIA,                          :
                                               :
    Defendant.                                 :
                                               :
_____

## **ORDER**

Upon consideration of Plaintiff's Motion to Compel More Complete Responses To Plaintiff's Interrogatories and Requests For Documents, Defendant's Memorandum in Opposition thereto, and the record herein, it is, this _____ day of _____, 2008, hereby,

ORDERED, that Plaintiff's motion is DENIED.

 

_____
JOHN M. FACCIOLA
United States District Court Magistrate Judge