## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**BILLIE SORRELL,**

       **Plaintiff,**

       **v.**                        **Civil Action No. 07-854 (RWR/JMF)**

**DISTRICT OF COLUMBIA,**

       **Defendant.**


## MEMORANDUM OPINION

This case was referred to me for discovery. Currently pending and ready for resolution is <u>Plaintiff's Motion to Compel More Complete Responses to Plaintiff's Interrogatories and Requests for Documents</u> ("Plains. Mot."). For the reasons stated herein, the motion will be granted in part and denied in part.

## BACKGROUND

Plaintiff, an employee of the District of Columbia Department of Corrections ("DCDC") since 1983, claims that she was sexually harassed by Sgt. Eugenia Haines ("Haines") while assigned to the District of Columbia Jail. Complaint ("Compl.") ¶¶ 3, 6, 11, 28. Plaintiff claims the harassment occurred sporadically between June of 2003 and May of 2006. Compl. ¶ 28.

## DISCUSSION

I.    <u>Legal Standard</u>

Under Rule 26 of the Federal Rules of Civil Procedure, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the

action.  Relevant information need not be admissible at the trial if the discovery appears

reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P.

26(b)(1).  Furthermore, "the scope of discovery is within the sound discretion of the trial

court," and a "ruling by the trial court limiting or denying discovery will not be cause for

reversal unless an abuse of discretion is shown." Chrysler Corp. v. Fedders. Corp., 643

F.2d 1229, 1240 (6th Cir. 1981).  Although defendant does not contest the discoverability

of the majority of plaintiff's requests, each will be considered below.

II.      Hostile Environment Sexual Harassment Claims Generally

         In Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75 (1998), the Supreme

Court made it clear that Title VII covers claims of hostile environment sexual

harassment. Id. at 79.  Quoting one of its earlier decisions, the Court reiterated "'the

critical issue'" with regard to such claims, namely, "'whether members of one sex are

exposed to disadvantageous terms or conditions of employment to which members of the

other sex are not exposed.'" Id. at 80 (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17,

25 (1993)).  Describing the objective nature of the statute, the Court noted that

"'[c]onduct that is not severe or pervasive enough to create an objectively hostile or

abusive work environment—an environment that a reasonable person would find hostile

or abusive—is beyond Title VII's purview.'" Id. at 81 (quoting Harris, 510 U.S. at 21).

         In proving a claim of same-sex harassment, there are three theories upon which a

plaintiff may proceed. Jones v. Potter, 301 F. Supp. 2d 1, 7 (D.D.C. 2004).  First, a

plaintiff may show "that the sexual behavior is motivated by actual homosexual desire."

Id.  Second, a plaintiff may show "'that the harassment is framed in such sex-specific and

derogatory terms . . . as to make it clear that the harasser is motivated by general

2

hostility' towards members of the same gender in the workplace." Id. (quoting Oncale,

523 U.S. at 80).  Finally, a "plaintiff may demonstrate 'that there is direct comparative

evidence about how the alleged harasser treated members of both sexes in a mixed-sex

workplace.'" Id. (quoting Oncale, 523 U.S. at 80-81).

III.    Plaintiff's Discovery Requests

      A.    Interrogatories

            1.    Interrogatory No. 6
                 Describe in detail any discipline which defendant
                 has ever imposed on Eugenia Haines for any reason,
                 including without limitation any sexual harassment,
                 violation of cease and desist orders, or other
                 misconduct.

Plains. Mot. at 7.

      Defendant initially objected to this interrogatory on the grounds that 1) the DC

Code and DC Personnel Regulations prohibited the release of such information, 2) the

information sought was not relevant nor reasonably calculated to lead to admissible

evidence, 3) records of disciplinary actions may not be considered for a period exceeding

three years, and 4) there were no disciplinary records for Haines. Id.

      Plaintiff argues that, based on communications with other DCDC personnel as

well as answers given by Haines herself, defendant had not provided a complete response

to this interrogatory. Id.  Specifically, plaintiff points to the fact that since defendant filed

its initial response, it had turned over documents relating to disciplinary actions taken

against Haines, and to the fact that although plaintiff learned that Haines had been

disciplined in relation to a charge that she was in possession of an authorized missing

service weapon while working at the hospital, plaintiff had not received any information

about the incident from defendant. Id. at 8.  Plaintiff also objects to defendant's limiting

their response to its interrogatory to written communications. Id. at 8-9.

Defendant now claims that it has produced Haines' entire disciplinary file and that

the event referenced above by plaintiff, the one involving a service weapon, did not

constitute discipline or if it did, would have been included in the documents previously

produced. Defendant's Opposition to Plaintiff's Motion to Compel More Complete

Responses to Plaintiff's Interrogatories and Requests for Documents ("Defs. Opp.") at 5.

Although defendant indicates that it has produced Haines' entire disciplinary file,

as plaintiff correctly notes, the interrogatory is not limited to written communications.

Therefore, defendant will, within ten days of the date of this opinion, submit a declaration

attesting either to the fact that it has additional information about disciplinary actions that

were taken against Haines (and if so, provide plaintiff with a description of such actions)

or to the fact that it does not possess any additional information responsive to this

interrogatory.

> 2.    Interrogatory No. 7
>        Describe in detail all allegations or complaints of
>        sexual harassment or inappropriate conduct by Sgt.
>        Haines, formal or informal, which have been made
>        by any other DCDC employees or inmates,
>        including without limitation any allegations that
>        Sgt. Haines made sexual or romantic advances,
>        acted inappropriately, or otherwise harassed anyone
>        and the Agency's investigation(s) thereof.

Plains. Mot. at 10.

Defendant initially objected to this interrogatory on the grounds that 1) the DC

Code and DC Personnel Regulations prohibited the release of such information, 2) the

information sought was neither relevant nor reasonably calculated to lead to admissible

4

evidence, and 3) certain complaints would be produced once a protective order was in place. Id.

Plaintiff argues that information regarding other incidents of harassment by Haines is relevant to 1) whether defendant tolerated a hostile work environment, 2) whether defendant was on notice of Haines' prior harassment, and 3) whether defendant acted reasonably to prevent or correct sexual harassment in the workplace. Id. Plaintiff also argues that such evidence is admissible to show motive or intent, under Rule 404 of the Federal Rules of Evidence. Id. at 11. Plaintiff also notes that although certain documents have been produced, she is still waiting for others. Id.

Although defendant has agreed to produce the requested documents and contends that it is still working to do so,[1] it is worth noting why such information is discoverable, at a minimum, under Rule 404. In this interrogatory, plaintiff seeks evidence of other similar "bad acts." As I stated in a previous opinion, the court must consider certain factors prior to allowing such discovery:

> Evidence of other "bad acts" is never admissible simply to establish a propensity to engage in similar acts. Fed. R. Evid. 404(b). Provided its relevance outweighs it tendency to prejudice the opponent of the evidence unfairly, evidence of other acts of discrimination or retaliation similar to the discrimination or retaliation charged have been admitted to show, for example, motive or intent. Miller v. Poretsky, 595 F.2d 780 (D.C.Cir. 1978); Spulak v. K Mart Corp., 894 F.2d 1150, 1155 (10th Cir.1990); Herman v. National Broadcasting Co., 744 F.2d 604, 609 (7th Cir.1984); Jay Edwards Inc. v. New England Toyota Distributor, 708 F.2d 814, 824 (1st Cir.1983), cert. denied, 464 U.S. 894, 104 S.Ct. 241, 78 L.Ed.2d 231 (1983); Hairston v. WMATA, 1997 WL 411946 (D.D.C. April 10, 1997); Cardona v. Skinner, 729 F.Supp. 193, 199 (D.P.R.1990). See also Dougherty v. Barry, 604 F.Supp. 1424, 1439 (D.D.C. 1985) (other acts of retaliation

---

[1] Defs. Opp. at 5.

> probative that a custom or policy of retaliation existed). By
> the same token, only discrimination or retaliation of the
> same character and type as that is alleged is probative. To
> establish that a prior discriminatory act is probative of the
> intention or motive of the defendant, there must be some
> reason to believe that his motivation or intention in the acts
> in question was similar to his motivation or intention on the
> prior occasion. But, there is nothing in human experience
> which suggests that a person who is bigoted as to race is
> equally likely to refuse to accommodate a disabled person
> unless one wants to say that certain folks are "like that" and
> always act a certain way as to people who are different
> from them. But to say that is to draw the very inference the
> law never permits a finder of fact to draw. Fed. R. Evid.
> 404(a).

White v. U.S. Catholic Conference, 1998 WL 429842, at *5 (D.D.C. May 22, 1998).

In this instance, plaintiff has met her burden of establishing that there is a reason
to believe that Haines' motivation in harassing her was similar to Haines' motivation in
harassing the other DCDC employees. As articulated by the court in Heyne v. Caruso, 69
F.3d 1475 (9th Cir. 1995), "[t]he sexual harassment of others, if shown to have occurred,
is relevant and probative of [the alleged harasser's] general attitude of disrespect toward
his female employees, and his sexual objectification of them." In other words, evidence
that Haines harassed other female officers is probative of Haines' general attitude toward
her female subordinates.

> 3.    Interrogatory No. 8
> Describe in detail all allegations of sexual
> harassment, formal or informal, that Sgt. Haines
> made against other DCDC employees (including
> without limitation Pat Britton and Lts. Curry and
> Lambkin), including without limitation any
> investigation by the Agency, its deposition, any
> instances where merit was found to her allegations,
> and any such related documents (in accordance with
> Instruction No. 8).

Plains. Mot. at 12.

Defendant initially objected to this interrogatory on the grounds that the DC Code and DC Personnel Regulations prohibited the release of such information but simultaneously agreed to produce certain documents once a protective order was in place. Id.

Plaintiff argues that Haines' sexual orientation is at issue in the case in that it is probative of whether or not she sexually harassed plaintiff. Id. at 12-13. Plaintiff also argues that information relating to complaints of sexual harassment filed by Haines against her supervisors may be probative of why they responded to plaintiff's claims as they did. Id. at 13. Finally, plaintiff argues that this information may be probative of Haines' credibility. Id.

Defendant counters that complaints of sexual harassment by Haines are not relevant. Defs. Opp. at 2. Specifically, defendant claims that 1) plaintiff's proof of same-sex sexual harassment does not rest on Haines' sexual orientation, 2) Haines' claims do not involve the same supervisors, 3) Haines' credibility is not at issue, and 4) the request implicates the privacy interests of other employees of the DCDC. Id. at 3.

Plaintiff's claims of sexual harassment are made under Title VII and the District of Columbia Human Rights Act ("DCHRA").[2] Under either of these statutes, plaintiff may only recover against the District of Columbia, and not Haines personally, the theory being that an employer is generally liable for hostile work environment sexual harassment by a supervisor. See Faragher v. City of Boca Raton, 524 U.S. 775 (1998).

As to the discoverability of Haines' sexual orientation, the Supreme Court has held that an inference of sexual harassment may be drawn in a same-sex harassment case

---

[2] In analyzing claims brought under the DCHRA, courts follow the jurisprudence of Title VII claims. Goos v. Nat'l Ass'n of Realtors, 715 F. Supp. 2, 3 (D.D.C. 1989).

if it is known that the harasser was a homosexual. <u>Oncale</u>, 523 U.S. at 80.  Specifically, the Court stated that an inference of discrimination "would be available to a plaintiff alleging same-sex harassment, if there was credible evidence that the harasser was homosexual." <u>Id.</u>  Significantly, the Court noted that the "harassing conduct need not be motivated by sexual desire to support an inference of discrimination on the basis of sex" in that "[a] trier of fact might reasonably find such discrimination, for example, if a female victim is harassed in such sex-specific and derogatory terms by another woman as to make it clear that the harasser is motivated by general hostility to the presence of women in the workplace." <u>Id.</u>  Alternatively, plaintiff may "offer direct comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace." <u>Id.</u> at 80-81.  Information relating to Haines' sexual orientation is therefore relevant to plaintiff's claim of same-sex harassment.

In addition, information relating to claims of sexual harassment by Haines is relevant in two ways.  First, it may lead specifically to information about DCDC's motive to dismiss claims made against Haines by others, including plaintiff.  In other words, the existence of claims by Haines might provide DCDC with a motive to dismiss claims made against Haines.  Second, it may lead generally to information about defendant's response to such claims.  In <u>Burlington Indus., Inc. v. Ellerth</u>, 524 U.S. 742 (1998), the Supreme Court held that while employers may be held liable for the creation of a hostile work environment by one of their supervisors, employers could defend themselves against such claims if they could show that they "exercised reasonable care to prevent and correct promptly any harassing behavior, and if the plaintiff/employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the

employer or to avoid harm."[3] <u>Spina v. Our Lady of Mercy Med. Ctr.</u>, No. 97-CV-4661, 2001 WL 630481, at *2 (S.D.N.Y. June 7, 2001) (citing <u>Burlington</u>, 524 U.S. at 765)).

Finally, information concerning the resolution of Haines' claims against DCDC is, as plaintiff argues, relevant because it is probative of Haines' credibility. If, following an investigation of Haines' claims against defendant, defendant concluded that the claims were unfounded, the information could be used by plaintiff to impeach Haines' truthfulness. See <u>Roundtree v. United States</u>, 581 A.2d 315, 337-41 (D.C. 1990) (holding "that the defendant must be allowed to cross-examine the complaining witness about prior claims of sexual assault as long as he has a bona fide reasonable basis for believing that any such claims may be untrue"). Thus, while evidence that Haines filed other claims of sexual harassment against DCDC in and of itself is not probative of her credibility, the DCDC's resolution of those claims may be.

If existing protective orders do not address defendant's concern, the parties shall jointly submit, within ten days of the date of this opinion, a protective order that addresses the issue. Within the same time frame, defendant will provide plaintiff with the remaining responsive documents.

    4.    <u>Interrogatory No. 15</u>
Describe in detail any "cease and desist" orders, other stay-away warnings, or restraining orders involving the plaintiff or Sergeant Haines, including without limitation the dates thereof, the names of the parties involved, the circumstances, the names of everyone present when issued (if in-person), and any subsequent follow-up or action which defendant took.

Plains. Mot. at 13.

---

[3] Commonly referred to as the "Faragher/Ellerth affirmative defense." See generally Pa. State Police v. Suders, 542 U.S. 129 (2004); Lutkewitte v. Gonzales, 436 F.3d 248 (D.C. Cir. 2006); Williams v. Chertoff, 495 F. Supp. 2d 17 (D.D.C. 2007).

Defendant initially objected to this interrogatory on the grounds that it was overly broad and unduly burdensome, and that it was not reasonably calculated to lead to admissible evidence. Plains. Mot. at 13-14. Defendant did however provide plaintiff with the "cease and desist" orders relating to incidents involving plaintiff and Haines and promised to produce the "cease and desist" orders relating to complaints of sexual harassment made against Haines by other DCDC employees. Id. at 15. The only remaining issue is defendant's objection to producing documents relating to Haines' allegation of sexual harassment against others. Id.

Plaintiff argues that this information 1) may be probative of Haines' sexual orientation and 2) may lead to information relating to other charges of sexual harassment against Haines or to disciplinary actions that were taken against her. Id. at 16.

Defendant now claims, as it did in response to Interrogatory No. 8, that information relating to claims made by Haines is not relevant. Defs. Opp. at 3.

As noted above, however, information about other claims of sexual harassment, even those made by the alleged harasser in this case, are relevant insofar as it might lead to information about how DCDC responded to such claims. Clearly, information about a potential defense to plaintiff's claims—that DCDC exercised reasonable care but that plaintiff failed to take advantage of such preventative or corrective opportunities or failed to avoid the harm generally—is relevant and therefore discoverable. If it has not already done so, defendant will, within ten days of the date of this opinion, provide plaintiff with the remaining responsive documents.

     5.    Interrogatory No. 16
             Describe in detail any criminal or civil action to
             which Sgt. Haines has been a party, including

> without limitation proceedings which Sgt. Haines
> filed against Sylvia Cephas in the Superior Court of
> the District of Columbia in <u>Haines v. Cephas</u>, Civil
> Action CA-9529-03, and any Internal Affairs
> investigation(s) thereof, identifying any related
> documents in accordance with Instruction No. 8.

Plains. Mot. at 16.

Defendant initially objected to this interrogatory on the grounds that 1) it sought

information already publicly available and that 2) defendant had no personal knowledge

of the incident between Haines and Cephas. <u>Id.</u> at 16.

Plaintiff argues that the interrogatory was not limited to the action between

Haines and Cephas but asked about defendant's knowledge of any action to which Haines

had been a party. <u>Id.</u>  Plaintiff also contends, pointing to Haines' testimony, that

defendant's answer was incomplete because defendant failed to provide any information

relating to the Internal Affairs investigation of the incident between Haines and Cephas.

<u>Id.</u> at 17.

Defendant now claims, as it did in response to Interrogatory Nos. 8 and 15, that

information relating to claims made by Haines is not relevant. Defs. Opp. at 3.

 As noted above, information about how DCDC may have responded to claims

made against Haines by other DCDC employees is relevant.  If the Office of Internal

Affairs conducted any investigations of such allegations, documentation relating to the

investigations would be discoverable.  Similarly, to the extent that DCDC was aware of

Haines' involvement in either civil or criminal actions relating to charges of sexual

harassment at the Jail, DCDC shall so inform plaintiff and shall produce any related

documentation, if it has not already done so, within ten days of the date of this opinion.

To the extent, however, that Haines was a party to a criminal or civil action that DCDC is

unaware of, defendant is not obliged to discover and retrieve that information for
plaintiff.  It is already publicly available to plaintiff.

> 6.    Interrogatory No. 19
> Describe in detail Sgt. Haine's involvement in Vera
> Barnett's allegations of sexual harassment by Lt.
> Isaiah Cobb or any investigation of those
> allegations.

Plains. Mot. at 17.

Defendant initially objected to this interrogatory on several grounds but ultimately
indicated that the information would be provided once a suitable protective order was in
place. Id. at 18.

Plaintiff argues that despite the court's entry of a protective order, defendant still
refuses to provide the requested information on the ground that allegations of sexual
harassment that did not involve Haines are not relevant. Id.  Plaintiff contends that the
focus of the interrogatory is Haines' involvement in these proceedings. Id.  According to
plaintiff, "[t]he fact that Sgt. Haines may have played a valuable role in helping Lt. Cobb
refute Verna Barnett Byrd's allegations and retain his job could certainly be probative of
why he refused to act on plaintiff's subsequent complaints of sexual harassment by Sgt.
Haines." Id.  Thus, plaintiff argues, the information goes to Lt. Cobb's bias and
motivation. Id.

Defendant now claims that information relating to Haines' involvement in claims
made by Barnett is not relevant. Defs. Opp. at 3.  Defendant adds that Haines'
involvement in the Barnett matter has already been explored in Haines' and Cobb's
depositions and defendant has nothing further to add. Id. at 4.  In more general terms,
defendant argues that information as to other complaints of sexual harassment that do not

directly involve Haines are irrelevant in that plaintiff has not claimed that defendant had a policy or custom of ignoring sexual harassment claims nor is the current suit a class action. Id.

Plaintiff need not claim that defendant had a custom or policy of ignoring sexual harassment claims in order to establish the relevance of this information. As noted above, information about how DCDC responded generally to claims of sexual harassment is relevant. If existing protective orders do not address defendant's concern, the parties shall jointly submit, within ten days of the date of this opinion, a protective order that addresses the issue. Within the same time frame, and if defendant has not already done so, defendant will provide plaintiff with responsive information, if any, in addition to that provided by Haines and Cobb in their depositions.

       7.   <u>Verification</u>

Plaintiff argues that defendant failed to properly sign the answers to its interrogatories. Plains. Mot. at 19. Specifically, plaintiff objects to the fact that the defendant's interrogatory answers were signed by George Becker, Jr., a paralegal in the Office of Attorney General. Id. Defendant counters that Becker's signature is appropriate because he was the one who actually prepared the responses. Defs. Opp. at 7.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, "[t]he person who makes the answer [to the interrogatories] must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(5). On the signature page of <u>Defendant's Responses and Objections to Plaintiffs' First Set of Interrogatories</u>, Becker swears to the following: "I have read the foregoing Defendant District of Columbia's Answers and Objections to Plaintiff's Interrogatories, and they are true to the best of my

knowledge, information, and belief." Plains. Mot., Exhibit 2 at page 12.  Becker appears,

therefore, to have attempted to both attest to the veracity of the answers as a

representative of the District of Columbia and also lodge objections to the interrogatories.

This he cannot do.  See Fonville v. District of Columbia, 230 F.R.D. 38, 45 (D.D.C.

2005) ("Interrogatories are served on parties, and defendant's answers must be signed by

the party upon whom they were served- *i.e.,* a representative of the District of Columbia

who attests to their truth on behalf of the District of Columbia.  Defendant's objections,

on the other hand, must be signed by counsel for the District.").

      Accordingly, within ten days of the date of this opinion, the District will provide

plaintiff with the following: (1) a set of answers to plaintiff's first set of interrogatories

that are signed by a representative of the District of Columbia who can attest to the

truthfulness of the answers, and (2) a set of objections that are signed by defense counsel.

      **B.**    **Requests for Production of Documents**

        1.    Request No. 1
                Plaintiff's personnel file, including all her
                evaluations.

Plains. Mot. at 20.

      Although defendant has provided plaintiff with documents, plaintiff contends that

she does not have the entire file. Id.

      Defendant claims that it has already turned over all responsive documents relating

to Haines' personnel file. Defs. Opp. at 5.  Defendant cannot be compelled to produce

that which it does not have.

        2.    Request No. 7
                Any and all documents relating to any other
                allegations of sexual harassment, inappropriate
                conduct, or otherwise harassing behavior filed by

> other DCDC employees or inmates against or
> relating to Sgt. Haines.

Plains. Mot. at 20.

Defendant objected to this request on the grounds that 1) the DC Code and DC

Personnel Regulations prohibited the release of such information, 2) the request was

overly broad, unduly burdensome, cumulative, confusing, called for a legal conclusion,

was not limited in scope, and sought information that was not relevant nor reasonably

calculated to lead to admissible evidence, and 3) the request invaded the work product

and attorney-client privileges. Id.  Defendant did, however, agree to comply with the

request once a protective order was in place. Id. at 21.  In supplemental responses,

defendant maintained its objections but produced certain materials, subject to the

protective order that was entered by the court. Id.

Plaintiff argues that although certain documents were produced, defendant agreed

to produce documents relating to complaints filed by Marsha Rose but has not yet done

so. Id. at 21-22.

If existing protective orders do not address defendant's concern, the parties shall

jointly submit, within ten days of the date of this opinion, a protective order that

addresses the issue.  Within the same time frame, and if defendant has not already done

so, defendant will provide plaintiff with the remaining responsive documents.

     3.     Request Nos. 8-12

> Request No. 8
> Any and all documents relating to Sgt. Haines's
> allegations of sexual harassment.

> Request No. 9
> Any and all documents relating to Marsha Rose's
> allegations of sexual harassment or inappropriate

behavior by Sgt. Haines and the Agency's
investigation thereof.

Request No. 10
Any and all documents relating to Cpl. Vera
Barnett's allegations of sexual harassment by Lt.
Cobb, including without limitation reports of
investigation and depositions.

Request No. 11
Any and all documents relating to Sgt. Haines's
involvement in Cpl. Vera Barnett's complaint of
sexual harassment against Lt. Cobb.

Request No. 12
Any other informal or formal complaints of sexual
harassment ever filed or presented against or about
Sgt. Haines.

Plains. Mot. at 22-24.

As to Request Nos. 8-12, defendant initially objected for various reasons,

including that 1) the DC Code and DC Personnel Regulations prohibited the release of

such information, 2) the information sought was not relevant nor reasonably calculated to

lead to admissible evidence, 3) the request was overly broad, unduly burdensome,

cumulative, confusing, called for a legal conclusion, and was not limited in scope, and 4)

the request invaded the work product and attorney-client privileges. Id. at 22-24.

Defendant did however agree to produce certain information once a protective order was

in place. Id.

Plaintiff counters that 1) information relating to Haines' allegations of sexual

harassment by others is probative of Haines' motive, sexual orientation, and credibility,

2) defendant already promised to turn over responsive documents relating to Rose's

allegations against Haines, and 3) information relating to the role Haines played in the

investigation of Barnett-Byrd's allegations is probative of Cobb's bias and motivation. Id.

As to plaintiff's request for documents relating to complaints made by individuals other than plaintiff (including Haines and other DCDC employees), defendant again argues generally that they are not relevant to plaintiff's claim or defendant's defenses. Defs. Opp. at 2-5. Defendant does, however, indicate that it already has produced certain responsive documents and is still working to produce others. Id. at 5-6.

As noted above, the information sought in this request is relevant. Defendant will, within ten days of the date of this opinion, provide plaintiff with the remaining documents that are responsive to these requests. If existing protective orders still do not address defendant's concern, the parties shall jointly submit, within ten days of the date of this opinion, a protective order that addresses the issue. Within the same time frame, and if defendant has not already done so, defendant will provide plaintiff with the remaining responsive documents.

    4.    <u>Request No. 13</u>

        Any and all documents relating to the person(s) scheduled to be zone supervisor (including "acting" zone supervisor) and acting lieutenant during the midnight shift in 2006.

Plains. Mot. at 24-25.

Defendant first objected on the grounds that the information requested was 1) not relevant, 2) unduly burdensome, 3) not likely to lead to admissible evidence, and 4) likely to affect a breach of the Jail's security protocols. Id. at 25.

Plaintiff argues that the information is highly relevant in that it would show when, as an Acting Lieutenant, Haines supervised plaintiff. Id. Plaintiff also contends that defendant indicated that it would turn over the requested information but has yet to do so. Id.

Plaintiff is attempting to hold DCDC vicariously liable for the actions of one of its employees, an employee who supervised plaintiff at the Jail. Information about when and where such supervision took place is clearly relevant to plaintiff's claim. If existing protective orders do not address defendant's concern that the Jail's security protocols may be breached by the release of such information, the parties shall jointly submit, within ten days of the date of this opinion, a protective order that addresses the issue. Within the same time frame, and if defendant has not already done so, defendant will provide plaintiff with the responsive documents.

     5.    <u>Request No. 14</u>
            Any and all checkpoint log books which the Agency
            kept at the D.C. Jail between January 1, 2006,
            through June 1, 2006.

Plains. Mot. at 25.

Defendant initially objected to this request on the grounds that the information sought is not relevant, unduly burdensome, not likely to lead to admissible evidence, and a breach of the Jail's security protocols. <u>Id.</u>

Plaintiff argues that the information is relevant in that it will show when Haines supervised plaintiff. <u>Id.</u> Furthermore, plaintiff contends that defendant previously agreed to produce the information but has not yet done so. <u>Id.</u>

Defendant now contends that, to the extent plaintiff seeks information about scheduling in terms of where and when plaintiff and Haines were assigned and what their roles were, the log books do not contain such information. Defs. Opp. at 6. Defendant does however promise to provide such scheduling and assignment information to plaintiff, albeit in a separate format. <u>Id.</u>

Even if the log books only provide information about where and when plaintiff and Haines may have had contact with each other, they are relevant.  Defendant will, therefore, within ten days of the date of this opinion, provide plaintiff with the remaining responsive documents.

6.    Request No. 15
Any and all documents relating to scheduling of correctional staff during the midnight shift since January 1, 2005, including without limitation assignments to acting positions, daily shift rosters, and master rosters.

Plains. Mot. at 26.

Defendant initially objected to this request on the same grounds as it objected to Request No. 14. Id.  Plaintiff counters that such scheduling information is relevant and that defendant previously promised to produce responsive documents. Id.  Defendant will, within ten days of the date of this opinion, provide plaintiff with the remaining responsive documents, if it has not already done so.

7.    Request No. 16
Any and all log books from Unit North Two between January 1, 2005 through June 1, 2006.

Plains. Mot. at 26-27.

Defendant initially objected to this request on the same grounds as it objected to Request Nos. 14 and 15. Id.  Plaintiff again counters that such scheduling information is relevant and that defendant previously promised to produce responsive documents. Id.  Defendant will, within ten days of the date of this opinion, provide plaintiff with the remaining responsive documents.

8.    Request No. 18
All documents relating to any other complaints or cases of sexual harassment brought by any other

19

> Agency female employees (past or present) against
> or relating to any other Agency female employees
> (past or present), including without limitation any
> decisions, reports, or findings relating to such cases.

Plains. Mot. at 27.

Defendant objected to this request on the grounds that 1) the DC Code and DC Personnel Regulations prohibited the release of such information, 2) the request was overly broad, unduly burdensome, cumulative, confusing, called for a legal conclusion, was not limited in scope, and sought information that was not relevant nor reasonably calculated to lead to admissible evidence, and 3) the request invaded the work product and attorney-client privileges. Id. Defendant did, however, agree that once a protective order was in place, it would produce the requested information for the five year period spanning from 2002-2007. Id.

In an effort to facilitate defendant's compliance with this request, plaintiff narrowed her request to include only those documents relating to other complaints or cases of sexual harassment brought by other female employees of the DCDC against the specific supervisors or managers named in the Complaint. Id. at 28.

This information goes to the very heart of plaintiff's complaint that the DCDC allowed for the creation of a hostile work environment by failing to adequately protect her against same-sex harassment. Defendant will, therefore, within ten days of the date of this opinion, provide plaintiff with the remaining responsive documents if it has not already done so.

C.    Documents Referenced in Depositions

Plaintiff claims that defendant has to date failed to produce documents requested by plaintiff during various depositions that occurred. Plains. Mot. at 28. Defendant

counters that 1) it has produced documents referenced during the deposition of Fred Staten, 2) no other witnesses produced any documents following their depositions, and 3) to the extent witnesses referenced documents requested by plaintiff in her requests for production, defendant has already produced them, will produce them, or objects to their production for the reasons identified previously in its opposition. Defs. Opp. at 6.

It appearing that, as to documents referenced by witnesses during the various depositions, defendant has either produced the requested documents or the documents were subsequently formally requested, plaintiff's motion will therefore be denied.

**CONCLUSION**

An Order accompanies this Memorandum Opinion.


_____/S/_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: September 2, 2008