**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**
_____

**BILLIE SORRELL,**

                                        **Plaintiff,**

                **v.**                                          **1:07-CV-854**
                                                            **(FJS/JMF)**

**DISTRICT OF COLUMBIA,**

                                        **Defendant.**
_____

**APPEARANCES**                          **OF COUNSEL**

**ALAN BANOV & ASSOCIATES**              **ALAN BANOV, ESQ.**
1100 Wayne Avenue, Suite 900
Silver Spring, Maryland 20910-5645
Attorneys for Plaintiff

**OFFICE OF THE ATTORNEY**               **ALEX KARPINSKI, ESQ.**
**GENERAL FOR THE DISTRICT**
**OF COLUMBIA**
441 4th Street, N.W., 6th Floor South
Washington, D.C. 20001
Attorneys for Defendant

**SCULLIN, Senior Judge**

### ORDER

    Currently before the Court are Defendant's motion for summary judgment, *see* Dkt. No.

49, and Plaintiff's motion for partial summary judgment, *see* Dkt. No. 52.

    Plaintiff has worked for the District of Columbia Department of Corrections ("the

Agency") since 1983.  In 1989 or 1990, the Agency promoted her to the rank of Sergeant.

Between 1999 and 2006, Plaintiff generally worked the midnight shift, which is from 11:30 p.m.

to 8 a.m., at the D.C. Jail.

One of Plaintiff's co-workers was Sergeant Eugenia Haines.  From around the early 2000s until January 2005, Plaintiff and Sergeant Haines sporadically worked at the D.C. Jail together. In January 2005, the Agency assigned both of them to work the same shift with the same days off.  Between June 2003 and June 2006, Sergeants on the midnight shift were rotated through the Acting Lieutenant position.  Plaintiff alleges that, when she served as Acting Lieutenant, she had supervisory authority over Sergeant Haines when they worked in the same zone and that, likewise, when Sergeant Haines served as Acting Lieutenant, she had supervisory authority over Plaintiff when they worked in the same zone

Plaintiff alleges that Sergeant Haines sexually harassed her from June 2003 through May 2005.  From approximately May 10, 2005, to April 8, 2006, Sergeant Haines was absent from work due to a work-related injury.  Plaintiff asserts that, when Sergeant Haines returned to work in April 2006, she once again began to harass Plaintiff and continued to do so until May 22, 2006, when Plaintiff took medical leave at the recommendation of her psychiatrist.  Since June 1, 2006, Plaintiff has been on approved leave without pay from her employment at the D.C. Jail.

Summary judgment is appropriate when there is "no genuine disputes as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine issue of material fact exists if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."  *Id.* at 255.  When faced with a summary judgment motion, the court must remember that "summary judgment is a drastic remedy, [and therefore] courts should grant it with caution so that no person will be deprived of his or her day in court to prove a

-2-

disputed material factual issue." *Greenberg v. Food & Drug Admin.*, 803 F.2d 1213, 1216 (D.C. Cir. 1986).  Thus, summary judgment is not appropriate where "the evidence presented on a dispositive issue is subject to conflicting interpretations, or reasonable persons might differ as to its significance . . . ." *Id.* (citations omitted).  Furthermore, when reviewing the evidence, the court must draw "all inferences . . . in favor of the nonmoving party[.]" *Coward v. ADT Sec. Sys., Inc.*, 194 F.3d 155, 158 (D.C. Cir. 1999) (citation omitted).

Having reviewed the parties' submissions in light of these well-established principles, the Court concludes that genuine issues of material fact exist with respect to a number of dispositive issues, including the following: (1) whether Sergeant Haines' sexual harassment of Plaintiff was sufficiently severe or pervasive to rise to the level of a hostile work environment; (2) whether the actions that Defendant took in response to Plaintiff's complaints of sexual harassment were appropriate under the circumstances; (3) whether Sergeant Haines, when serving as Acting Lieutenant, had supervisory authority over Plaintiff when they worked in the same zone; and (4) whether Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities that Defendant made available to her or to avoid harm otherwise.

Accordingly, the Court hereby

**ORDERS** that Defendant's motion for summary judgment is **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion for partial summary judgment is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 24, 2013
        Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge